**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Annick M. Persinger (State Bar No. 272996)
Yeremey O. Krivoshey (State Bar No. 295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail:  ltfisher@bursor.com
         apersinger@bursor.com
         ykrivoshey@bursor.com

*Attorneys for Plaintiffs*

SCOTT M. VOELZ (S.B. #181415)
svoelz@omm.com
DANIEL J. FARIA (S.B. #285158)
dfaria@omm.com
**O'MELVENY & MYERS LLP**
400 South Hope Street
Los Angeles, California  90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

*Attorneys for Defendant*
*Millennium Products, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN RETTA, KIRSTEN SCHOFIELD, and JESSICA MANIRE on Behalf of Themselves and all Others Similarly Situated,<br><br>Plaintiffs,<br>v.<br><br>MILLENNIUM PRODUCTS, INC.<br><br>Defendant. | Case No.  2:15-cv-01801<br><br>**JOINT FRCP 26(f) AND L.R. 26-1 REPORT**<br><br>Judge:  Honorable Philip S. Gutierrez |

The parties, by and through their respective counsel, respectfully submit their Joint Federal Rules of Civil Procedure Rule 26(f) and Local Rule 26-1 Report.

## A.      Nature of the Action

Plaintiffs' Statement.  Plaintiffs allege that Millennium labels its GT's Kombucha Beverages with unauthorized nutrient content claims regarding antioxidant claims.  Plaintiffs allege that Millennium's advertising and labeling fails to meet the minimum regulatory requirements for antioxidant claims because GT's Kombucha Beverages do not contain any nutrients with an established Reference Daily Intake ("RDI") and do not identify any nutrients approved for their antioxidant claims.  Plaintiffs allege Millennium's antioxidant labeling misleads consumers and misbrands the products.

Accordingly, Plaintiffs Retta, Schofield, and Manire assert claims on behalf of themselves and the proposed Class of GT's Kombucha Beverages purchasers for violation of the Consumer Legal Remedies Act (CLRA), for violation of California Unfair Competition Law ("UCL") and for violation of the California False Advertising Law ("FAL").  Plaintiffs Retta and Manire assert claims individually and on behalf of the members of the proposed New York subclass of GT's Kombucha Beverages purchasers for violation of the New York General Business Law § 349 ("NYGBL").  Plaintiff Manire asserts claims individually and on behalf of the members of the proposed California subclass of GT's Kombucha Beverages purchasers for violation of the CLRA, UCL and FAL.

Defendant's Statement.  Defendant Millennium Products, Inc. ("Millennium") is the maker of the popular "GT's" line of fermented tea beverages, including the Enlightened Kombucha and Enlightened Synergy products at issue in this action. Millennium stands by its labeling practices, which are truthful and not misleading for the simple reason that the accused products contain antioxidants as advertised. Regardless, Millennium does not expect that Plaintiffs' claims will proceed to the

merits as Plaintiffs will not be able to certify a class.  At minimum, a host of individualized issues will predominate in any trial of Plaintiffs' claims, Plaintiffs will not be able to pursue claims as to Millennium products they have not purchased, and Plaintiffs will not be able to assert California law claims on behalf of a nationwide class under *Mazza v. American Honda Motor Co.*, 666 F.3d 581 (9th Cir. 2012).

### B. Service

Plaintiffs Jonathan Retta, Kristen Schofield and Jessica Manire served their initial complaint on March 11, 2015.

### C. Possible Joinder of Additional Parties

At this time, the parties do not anticipate joinder of any additional parties. Should the need for joinder arise in the future, the parties will promptly notify the Court.

### D. Amendment of Pleadings

Plaintiffs filed their complaint on March 11, 2015.  Defendant filed its initial motion to dismiss on April 28, 2015.  Plaintiffs filed their First Amended Complaint ("FAC") on May 19, 2015.  Defendant filed a motion to dismiss or strike the FAC on June 19, 2015.  The Court is scheduled to hear Defendant's second motion to dismiss on August 31, 2015.  In the event the Court dismisses any section of the FAC with leave to amend, Plaintiffs may amend their complaint.  Moreover, because none of the parties have yet responded to any discovery requests, the parties, claims, or defenses may be altered as needed in the future.

### E. Jurisdiction and Venue

Plaintiffs assert that the Court has subject matter jurisdiction in this action pursuant to 28 U.S.C. § 1332(d).  The parties agree that there are no existing issues regarding personal jurisdiction or venue.

### F. Pending and Anticipated Motions

Currently, Defendant's motion to dismiss the FAC is pending. Plaintiffs' opposition to Defendant's motion to dismiss the FAC is due on or before July 24, 2015. Defendant's reply in support of the motion to dismiss is due on or before August 7, 2015. The hearing on Defendant's motion to dismiss the FAC is scheduled for August 31, 2015.

<u>Plaintiffs' Statement</u>. Plaintiffs seek to move for class certification at a reasonable time after the final resolution of the pleadings. Plaintiffs propose that their motion for class certification be filed 150 days after the pleadings are settled, that Defendant's response and related papers be filed 30 days thereafter and that Plaintiffs' reply in support of class certification be filed 30 days thereafter. Plaintiffs further propose that the hearing for class certification take place 14 days after the filing of Plaintiffs' reply in support of class certification, or at a date and time convenient for the Court.

At this time, Plaintiffs do not anticipate filing a dispositive motion. However, Plaintiffs propose that dispositive motions be heard on or before September 26, 2016.

<u>Defendant's Statement</u>. Millennium has filed a motion to dismiss or strike the FAC. That motion is currently scheduled to be heard on August 31, 2015. If the Court denies the motion (either on the current complaint or any future amended complaints), Plaintiffs will move for class certification. If the Court grants the motion with leave to amend, Millennium may move to dismiss or strike any subsequent complaints. Because the pleadings in this action are not settled, Millennium believes that it is premature to set specific dates for briefing on Plaintiff's motion for class certification or specific pretrial dates. Thus, Millennium proposes a schedule for class certification briefing and related expert discovery running from the date when Defendant files its answer, if any. This schedule

contemplates deadlines for expert discovery related to class certification and a staged briefing schedule, with 60 days between briefs, so that the parties may conduct discovery in response to each party's briefing.

### Millennium's Proposed Schedule

| Event | Date |
|---|---|
| Initial Disclosures | 14 Days After Defendant Files Answer |
| Opening Class Certification Brief | 180 Days After Defendant Files Answer |
| Opposition Brief | 60 Days from Filing of Opening Brief |
| Reply Brief | 60 Days from Opposition Brief |
| Class Certification Hearing | 30 Days from Reply Brief |
| Parties to Submit Status Report | 14 Days from Class Certification Order |

Millennium proposes that the parties should be required to disclose any experts on whom they plan to rely for class certification before the opening class certification brief. Defendant further proposes that Plaintiffs be required to disclose their experts 15days before their Opening Brief is due and serve export reports on the day of filing of their Opening Brief and that Millennium be required to disclose its experts 15 days before their Opposition Brief is due and serve expert reports on the day of filing of their Opposition Brief. Once the Court rules on the motion for class certification, Millennium proposes that the parties file a status report in which the parties will propose specific dates for the remainder of the litigation, including a fact and expert discovery cut-off, a deadline for filing dispositive motions, a date for the final pretrial conference, and a trial date.

### G. Anticipated Discovery

#### 1. Timing, Form, or Requirement for Disclosures under Rule 26(a)

On June 22, 2015, Plaintiffs served Defendant with their first sets of interrogatories and requests for production of documents.  Plaintiffs propose that the parties make their initial disclosures two weeks after the Court issues its order on Defendant's motion to dismiss the FAC.  Defendant proposes that the parties make their initial disclosures after the pleadings are resolved—specifically, two weeks after Defendant files an answer, if any.

#### 2. Subjects on Which Discovery Will be Sought

<u>Plaintiffs' Statement</u>. Plaintiffs intend to seek discovery regarding, among other things: (i) the content of Defendant's advertisements, product labels, marketing materials, and other public statements; (ii) studies, testing, investigation, analysis or any purported basis for Defendant's statements regarding the antioxidant and nutrient content of GT's Kombucha Beverages; (iii) Defendant's formulation and development of GT's Kombucha Beverages; (iv) GT's Kombucha Beverages' ingredient, nutrient, mineral, vitamin, and antioxidant make-up; (v) individuals consulted regarding the development, testing, and review of GT's Kombucha Beverages; (vi) studies, testing, and analysis of consumer response to Defendant's advertisements, product labels, marketing materials, and other public statements; (vii) consumer surveys, studies, analysis, consumer focus group research, and other research concerning consumer desire and preference for products containing antioxidant nutrients (viii) customer complaints regarding GT's Kombucha Beverages; (ix) the identities and number of people who have purchased GT's Kombucha Beverages; (x) the amount of revenue, nationally, and by state, derived by Defendant from the sale of GT's Kombucha Beverages; and (xi) Defendant's refund policies and practices.

Defendant's Statement. The scope of anticipated discovery by Millennium shall include, among other subjects: (i) Plaintiffs' purchase and consumption of the products at issue; (ii) correspondence between Plaintiffs and any other persons regarding the products at issue; (iii) Plaintiffs' purported damages, (iv) Plaintiffs' understanding of the labeling statements at issue; (v) the basis for Plaintiffs' contention that the statements at issue are false and misleading; (vi) Plaintiffs' reasons for purchasing the products at issue; (vii) Plaintiffs' exposure to the statements at issue; and (viii) Plaintiffs' purported actual and reasonable reliance on the statements at issue.

### 3. Deadline for the Completion of Discovery

Plaintiffs' Statement. Plaintiffs propose the following schedule for discovery:

- Initial disclosures: two weeks after the Court issues its order on the motion to dismiss.
- Expert disclosures: July 22, 2016
- Rebuttal expert disclosures: August 19, 2016
- Fact discovery and expert discovery cutoff: September 16, 2016

Defendant's Statement. As set forth above, Millennium believes that it is premature to set case management deadlines until the pleadings are resolved, as Millennium's motion to dismiss or strike the FAC has not been resolved and future motions to dismiss or strike may be necessary. Millennium proposes that class certification deadlines be triggered off of Millennium's filing of an answer, if any. Millennium further proposes that, 14 days after the Court's ruling on Plaintiffs' anticipated motion for class certification, the parties submit a status report proposing case management deadlines, including a fact and expert discovery cut-off, a deadline for filing dispositive motions, a date for the final pretrial conference, and a trial date.

### 4. Phasing of Discovery

The parties agree that, at this time, phasing of discovery is not warranted or necessary.

### 5. Issues about Disclosure or Discovery of Electronically Stored Information

The parties propose that the parties meet and confer in an effort to reach an agreement on an ESI protocol within the next 30 days. If they are unable to reach an agreement on an ESI protocol, they will submit any disputed issues to Magistrate Judge Wistrich for resolution.

### 6. Claims Regarding Privilege and Confidentiality

Plaintiffs' Statement. Plaintiffs do not anticipate any significant privilege issues arising with regard to the documents and information in Plaintiffs' possession. Plaintiffs propose that any party withholding any documents or information based on the assertion of a privilege shall serve a privilege log that complies with the requirements of the Federal Rules of Civil Procedure within 14 days after completing the production of documents responsive to the document request to which the privilege was asserted. *See* Fed. R. Civ. P. 26(b)(5); *see also Ramirez v. County of Los Angeles*, 231 F.R.D. 407, 410 (C.D. Cal. 2005) ("The party who withholds discovery materials must provide sufficient information (*i.e.* a privilege log) to enable the other party to evaluate the applicability of the privilege or protection.").

Defendant's Statement. Millennium anticipates that a protective order will be needed to protect certain confidential and privileged information in the possession of Millennium. To that end, Millennium contemplates proposing a protective order to Plaintiffs and that, to the extent they are able to reach an agreement on a protective order, that the parties will submit a suitable protective order for the Court's consideration. If the parties cannot reach such an agreement, Millennium intends to file a motion for a protective order.

### 7. Changes to the Limitations of Discovery Imposed by the Federal Rules of Civil Procedure

At this time, the parties do not believe that it is necessary to modify the limitations on discovery imposed by the Federal Rules of Civil Procedure. Nevertheless, if the parties determine that additional discovery is necessary, they will seek the Court's permission to adjust the limits or extend any deadlines.

### H.   The Scheduling of Trial and Trial Estimate

<u>Plaintiffs' Statement</u>.  Plaintiffs propose a final pre-trial conference on October 18, 2016 at 2:30 p.m.  Plaintiffs propose November 1, 2016, as the first day of trial and estimate the trial will last two to three weeks.

<u>Defendant's Statement</u>.  As set forth above, given that the pleadings are not settled and that it is uncertain whether additional motion practice to resolve the pleadings will be necessary, Millennium believes that it is too early to provide a reasonable trial estimate or to propose pretrial conference and trial dates.  Once the contours of the litigation are determined, following the Court's ruling on Plaintiff's motion for class certification, Millennium proposes that the parties confer and propose a trial estimate to the Court.

### I.   Modification of Pretrial Procedure

The parties do not anticipate any need for modification of the Court's standard pretrial procedures.

### J.   Manual for Complex Litigation

<u>Plaintiffs' Statement</u>.  Even though this is a nationwide class action, given the straightforward factual allegations and that the case involves only a single defendant, Plaintiffs do not believe that this is a particularly complex case.  However, as a class action, the class certification guidelines set forth in the *Manual for Complex Litigation* may be instructive to this Court in the management of this case.

<u>Defendant's Statement</u>.  Millennium does not believe that Plaintiffs will be able to certify a class or that any of Plaintiffs' claims are suitable for classwide

treatment on any basis. Accordingly, at this early state in the litigation, Millennium does not propose the adoption of any particular procedure from the *Manual for Complex Litigation*.

### K. Related Cases

The parties are not aware of any related cases pending in this District, or otherwise.

### L. Settlement Conference

As required by L.R. 26-1, the parties have discussed the three ADR procedures specified in L.R. 16-15.4. The parties propose ADR Procedure No. 2. The parties propose an early date to conduct a settlement conference or mediation to determine if this case is suitable for early resolution.

### M. Other Issues

The parties are not aware of any other issues affecting the status or management of the case at this time.

Dated: July 6, 2015          **BURSOR & FISHER, P.A.**

By:        */s/ Yeremey Krivoshey*
                Yeremey Krivoshey

L. Timothy Fisher (State Bar No. 191626)
Annick M. Persinger (State Bar No. 272996)
Yeremey O. Krivoshey (State Bar No. 295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
Email: ltfisher@bursor.com
          apersinger@bursor.com
          ykrivoshey@bursor.com

*Attorneys for Plaintiffs*

| | |
|---|---|
| 1   Dated: July 6, 2015 | **O'MELVENY & MYERS LLP** |

By:     */s/ Scott M. Voelz*
           Scott M. Voelz

SCOTT M. VOELZ (S.B. #181415)
svoelz@omm.com
DANIEL J. FARIA (S.B. #285158)
dfaria@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California  90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

*Attorneys for Defendant
Millennium Products, Inc.*