UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 15-1801 PSG (AJWx) | Date | August 31, 2015 |
|---|---|---|---|
| Title | Jonathan Retta, *et al.* v Millennium Products, Inc. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):** Order DENYING IN PART and GRANTING IN PART Motion to Dismiss and DENYING Motion to Strike

Before the Court is Defendant Millennium Products, Inc.'s ("Millennium") motion to dismiss the First Amended Complaint ("FAC") or, in the alternative, to strike nationwide class allegations. *See* Dkt. # 17. The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); L.R. 7-15. After considering the arguments in the supporting and opposing papers, the Court DENIES IN PART and GRANTS IN PART the motion to dismiss and DENIES the motion to strike nationwide class allegations.

I.   Background

This case concerns alleged mislabeling regarding antioxidants on kombucha beverage containers. Millennium is a California corporation that manufactures, advertises, sells, distributes, and markets "GT's Kombucha Beverages" nationwide, including in California and New York. *FAC* ¶ 7. Plaintiffs Jonathan Retta ("Retta"), Kristen Schofield ("Schofield"), and Jessica Manire ("Manire") (collectively, "Plaintiffs") are consumers who purchased Millennium's GT's Kombucha Beverages when the products bore the labels at issue in this litigation. *Id.* ¶¶ 2, 4-6.

Kombucha is a type of tea. *Id.* ¶ 13. The beverage is made of tea that ferments for up to a month while a blob of bacteria known as "scoby" (stands for symbiotic colony of bacteria and yeast) floats on top. *Id.* ¶ 14. The scoby purportedly eats the sugar, tannic acids, and caffeine in the tea, and creates a cocktail of live microorganisms. *Id.*

Two lines of Millennium's kombucha beverages are at issue in this lawsuit: (1) "GT's Enlightened Kombucha" brand; and (2) the "Enlightened Synergy" brand. *Id.* ¶ 15. GT's Enlightened Kombucha products are advertised as 100 percent kombucha and Enlightened

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-1801 PSG (AJWx) | Date | August 31, 2015 |
|---|---|---|---|
| Title | Jonathan Retta, *et al.* v Millennium Products, Inc. | | |

Synergy products are advertised as 95 percent kombucha, with the other five percent consisting of juice. *Id.* ¶¶ 14-15.

  A.  Labeling

  The labeling for GT's Enlightened Kombucha products and for the Enlightened Synergy products differs depending on whether the drink contains chia seeds. *Id.* ¶¶ 16, 17. If the products do not contain chia seeds, the labels on the bottles bear the following:

> It has a lighter and smoother personality than our original formula with the same high nutritional value that you expect from us. With a unique blend of proprietary probiotics and powerful antioxidants, each bottle is designed to nourish your body from the inside out.

*Id.* ¶ 16. Because the parties refer to claims arising out of this label as the "Generic Claims," *see Mot.* 3:3-7; *Opp.* 1:8-21, the Court refers to the label as the "Generic Label." Plaintiffs attach two examples of these non-chia seed labels to their FAC. *See id.* Ex. A-B.

  Five flavors of Millennium's Enlightened Synergy drinks contain chia seeds: Black Chia, Cherry Chia, Grape Chia, Green Chia, and Raspberry Chia. *Id.* ¶ 16. These Enlightened Synergy chia drinks bear labels stating the following:

> RAW CHIA = RAW ENERGY. Often called 'runner's food', chia is a nutrient-rich superfood that provides sustained energy for your body. Packed with more than 8 times the omega-3s found in salmon, this small seed has big nutritional value. With more antioxidants than blueberries and more fiber than oatmeal, see for yourself how chia brings new life to GT's Kombucha.

*Id.* ¶ 17. Because the parties refer to claims arising out of this label as the "Blueberries Claims," *see Mot.* 3:3-7; *Opp.* 1:8-21, the Court refers to the label as the "Blueberries Label." Plaintiffs also attach an example of the chia seed label to their FAC. *See id.*, Ex. C.

  Both the chia and non-chia beverages bear a "Nutrition Facts" panel with an "ANTIOXIDANTS & ORGANIC ACIDS" segment that lists "EGCC 100mg" as the type of "antioxidant" in the bottles. *Id.* ¶ 18.

  Plaintiffs allege that the representations on the labels about antioxidant content are unauthorized and misleading. *Id.* ¶ 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-1801 PSG (AJWx) | Date | August 31, 2015 |
|---|---|---|---|
| Title | Jonathan Retta, *et al.* v Millennium Products, Inc. | | |

B.  Plaintiffs' Purchases

Plaintiff Retta is an individual residing in Virginia who has purchased two types of Millennium products from Whole Foods stores in both Washington, D.C. and New York within the past three years – (1) GT's Enlightened Kombucha: Multi-Green and (2) Enlightened Synergy: Mystic Mango. *Id.* ¶ 4. Those products bear the Generic Label. *Id.* The FAC alleges that Retta purchased the products relying on the Generic Label. *Id.* If Retta had known that the statements on the labels were unauthorized and mischaracterized the level, amount, and nature of antioxidants in the bottles, Retta would not have purchased the products or would have paid less for them. *Id.* Thus, Rettta lost money as a result of Millennium's labeling conduct. *Id.* However, should Millennium change the formulation of the products in the future and engage in corrective advertising, Retta intends to purchase GT's Kombucha Beverages again. *Id.*

Plaintiff Schofield is an individual residing in Kentucky who has purchased three types of Millennium products from Kroger, Whole Foods, and Earth Fare stores in Kentucky, South Carolina, and Virginia within the past three years: (1) GT's Enlightened Kombucha: Original; (2) GT's Enlightened Kombucha: Gingerade; and (3) Enlightened Synergy: Raspberry Chia. *Id.* ¶ 5. The GT's Enlightened Kombucha products bear the Generic Label and the Enlightened Synergy: Raspberry Chia product bears the Blueberries Label. *Id.* The FAC alleges that, like Retta, Schofield purchased the products relying on the statements on their labels, including the Generic and Blueberries Labels. *Id.* Schofield would not have purchased the products or would have paid less for them if she had known that the statements were unauthorized and mischaracterized the level, amount, and nature of antioxidants in the bottles. *Id.* Thus, Schofield also lost money as a result of Millennium's labeling conduct. *Id.* However, should Millennium change the formulation of the products in the future and engage in corrective advertising, Schofield intends to purchase GT's Kombucha Beverages again. *Id.*

Lastly, Plaintiff Manire is an individual residing in Colorado who has purchased six types of Millennium products from Whole Foods and Vitamin Cottage stores in Colorado, California, Texas, and New York within the past three years: (1) GT's Enlightened Kombucha: Botanic No. 3; (2) GT's Enlightened Kombucha: Botanic No. 9; (3) Enlightened Synergy: Trilogy; (4) Enlightened Synergy: Gingerberry; (5) Enlightened Synergy: Mystic Mango; and (6) Enlightened Synergy: Guava Goddess. *Id.* ¶ 6. Those products bear the Generic Label. *Id.* The FAC alleges that, like Retta and Schofield, Manire purchased the products relying on the statements on their labels, including the Generic Label, and would not have purchased or would have paid less for the products if she had known that the statements on the Generic Label were unauthorized and mischaracterized the level, amount, and nature of antioxidants in the bottles. Thus, Manire lost money as a result of Millennium's labeling conduct. *Id.* Manire intends to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-1801 PSG (AJWx) | Date | August 31, 2015 |
|---|---|---|---|
| Title | Jonathan Retta, *et al.* v Millennium Products, Inc. | | |

purchase GT's Kombucha Beverages again if Millennium changes the formulation of the products in the future and engages in corrective advertising. *Id.*

    C.    <u>Procedural Background</u>

On March 11, 2015, Plaintiffs filed this lawsuit against Millennium asserting the following causes of action: (1) violation of California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq.*; (2) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*; (3) violation of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500, *et seq.*; and (4) violation of New York's Deceptive and Unfair Trade Practices Act, New York Gen. Bus. Law §§ 349, et seq. ("GBL § 349"). *See* Dkt. # 1.

After Millennium moved to dismiss the complaint, Plaintiffs filed an FAC revising their allegations and reasserting the same four causes of action. Dkts. # 13, 14. Millennium now moves to dismiss the FAC in its entirety. *See* Dkt. # 17.

II.    <u>Legal Standard</u>

    A.    <u>Rule 12(b)(6)</u>

A motion to dismiss under Rule 12(b)(6) tests whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When deciding a Rule 12(b)(6) motion, the court must accept the facts pleaded in the complaint as true, and construe them in the light most favorable to the plaintiff. *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1019 (9th Cir. 2013); *Cousins v. Lockyer*, 568 F.3d 1063, 1067-68 (9th Cir. 2009). The court, however, is not required to accept "legal conclusions . . . cast in the form of factual allegations." *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981); *see Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

After accepting all non-conclusory allegations as true and drawing all reasonable inferences in favor of the plaintiff, the court must determine whether the complaint alleges a plausible claim to relief. *See Iqbal*, 556 U.S. at 679-80. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-1801 PSG (AJWx) | Date | August 31, 2015 |
|---|---|---|---|
| Title | Jonathan Retta, *et al.* v Millennium Products, Inc. | | |

    B.    <u>Rule 9(b)</u>

Plaintiffs must plead allegations of fraud and those that "sound in fraud" with particularity. Fed. R. Civ. P. 9(b); *Vess v. Ciba-Geigy Corp. U.S.A.*, 317 F.3d 1097, 1103-05 (9th Cir. 2003). Conclusory allegations of fraud are insufficient. *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989).

A pleading satisfies Rule 9(b) when it is "specific enough to give defendants notice of the particular misconduct…so that they can defend against the charge and not just deny that they have done anything wrong." *Vess*, 317 F.3d at 1106 (internal quotations marks and citation omitted); *accord Moore*, 885 F.2d at 540 ("A pleading is sufficient under rule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations."). As a result, the plaintiff must plead the "who, what, when, where, and how" of the alleged fraud. *Vess*, 317 F.3d at 1106 (internal quotation marks and citation omitted). Further, if the plaintiff claims that a statement is false or misleading, "[t]he plaintiff must set forth *what* is false or misleading about a statement, and why it is false." *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994) (emphasis added).

    C.    <u>Rule 12(f)</u>

Federal Rule of Civil Procedure 12(f) provides that a court "may order stricken from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a [Rule] 12(f) motion is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (citation omitted). Accordingly, the grounds for a motion to strike must appear on the face of the pleading under attack, or from matters of which the court may take judicial notice. *See In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prods. Liab. Litig.*, 790 F. Supp. 2d 1152, 1170 (C.D. Cal. 2011).

Whether to grant a motion to strike is within the sound discretion of the district court. *See Greenwich Ins. Co. v. Rodgers*, 729 F. Supp. 2d 1158, 1162 (C.D. Cal. 2010). In determining whether to grant a motion to strike, a district court views the pleadings in the light most favorable to the non-moving party and resolves any doubt as to the sufficiency of an allegation in the non-moving party's favor. *See Mag Instrument, Inc. v. JS Prods., Inc.*, 595 F. Supp. 2d 1102, 1106 (C.D. Cal. 2008). Federal courts generally disfavor motions to strike unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation. *See Shabaz v. Polo Ralph Lauren Corp.*, 586 F. Supp. 2d 1205, 1209 (C.D. Cal. 2008).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-1801 PSG (AJWx) | Date | August 31, 2015 |
|---|---|---|---|
| Title | Jonathan Retta, *et al.* v Millennium Products, Inc. | | |

III.    Discussion

As outlined in the Background section, Plaintiffs assert violations of California's CLRA, UCL, and FAL, and New York's GBL § 349, based on Plaintiffs' purchases of beverages bearing two distinct labels: the Generic Label touting "powerful antioxidants" and the Blueberries Label claiming "more antioxidants than blueberries." *FAC* ¶¶ 16-17. Millennium argues that the allegations pertaining to both labels fail to state a claim for violations of any of the causes of action, under various theories.

First, Millennium argues for dismissal of all four causes of action, regardless of whether they are premised on the Generic Label or the Blueberries Label allegations, for failure to make sufficient allegations under Rule 9(b) and for failure to allege facts to support that the labels were "likely to deceive a reasonable consumer."

As to the Generic Claims only, Millennium argues for dismissal of all four causes of action on the theory that the Generic Label does not violate FDA labeling regulations, the Generic Claims are preempted, and the Generic Label is mere puffery.

Focusing on the GBL § 349 claim, Millennium argues that the FAC fails to state a claim premised on either the Generic or the Blueberries Labels because the claims are predicated on violations of FDA regulations, and New York law precludes the use of GBL § 349 as a vehicle to privately enforce the Food, Drug, and Cosmetics Act ("FDCA"). Millennium also asserts that Plaintiffs lack standing to assert the GBL § 349 claim because they have not sufficiently alleged that they purchased Millennium's products in New York.

Millennium also argues generally that Plaintiffs lack standing to seek injunctive relief in connection with any of their causes of action because Plaintiffs have not alleged that they intend to purchase GT's Kombucha Beverages again in the future.

Lastly, Millennium moves to strike the nationwide class allegations in the FAC.

A.    Sufficiency of Allegations Under Rule 9(b)

Millennium argues that the FAC fails to state a claim under any of its four asserted causes of action because the allegations do not satisfy the particularity requirements of Rule 9(b). *See Mot.* 4:12-7:12. Plaintiffs concede that "Rule 9(b) applies to [their] claims brought under California consumer statutes," *see Opp.* 16:15-16, but argues that its GBL § 349 claim need not meet the heightened standard, *id.* 16:16-27. The Court agrees with Plaintiffs. *See Koenig v. Boulder Brands, Inc.*, 995 F. Supp. 2d 274, 287 (S.D.N.Y. 2014) ("Claims brought under GBL §

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-1801 PSG (AJWx) | Date | August 31, 2015 |
|---|---|---|---|
| Title | Jonathan Retta, *et al.* v Millennium Products, Inc. | | |

349 are not subject to the heightened pleading requirements set forth in Rule 9(b).") (citations omitted); *see also Pelman ex rel. Pelman v. McDonald's Corp.*, 396 F.3d 508, 511 (2d Cir. 2005).

For the California claims, Millennium contends that the factual allegations are insufficient because the FAC does not plead with particularity (1) "where or when [Plaintiffs] purchased Millennium products, *Mot.* 4:23-5:18; or (2) "how plaintiffs were deceived," *id.* 5:19-7:10 (emphasis removed).

      *i.*    *When or Where*

This Court previously observed that "[m]any courts in California have applied a relatively straightforward test for the application of Rule 9(b) to label-based fraud claims." *See In re 5-hour ENERGY Marketing and Sales Practices Litig.*, No. MDL 13-2438 PSG, 2014 WL 5311272, at *17 (C.D. Cal. Sept. 4, 2014). "The 'who' are the defendants; the 'what' are their allegedly misleading claims; the 'when' is the proposed class period, during which those claims were made; the 'where' is the offending label; and the 'how' is the plaintiff's explanation why the defendants claims are misleading." *Id.* (citing *Ang v. Bimbo Bakeries USA, Inc.*, No 13-cv00196-WHO, 2013 WL 5407039, at *2-3 (N.D. Cal. Sept. 25, 2013); *Clancy v. The Bromley Tea Co.*, No. 12-cv-03003-JST, 2013 WL 4081632, at *10-11 (N.D. Cal. Aug. 9, 2013); *Chacanaca v. Quaker Oats Co.*, 752 F. Supp. 2d 1111, 1126 (N.D. Cal. 2010); *In re ConAgra Foods Inc.*, 908 F. Supp. 2d 1090, 1099-1100 (C.D. Cal. 2012)).

Under this test, Plaintiffs have sufficiently alleged the "when" by specifying that Plaintiffs purchased products bearing the offending labels "within the past three years." *FAC* ¶¶ 4-6; *accord Khasin v. Hershey Co.*, No. 5:12-CV-01862, 2012 WL 5471153, at *8 (N.D. Cal. Nov. 9, 2012) ("the 'when' is since 2008 and throughout the Class Period"). Plaintiffs plead the "where" with sufficient particularity by identifying the two offending labels at issue – the Generic Label and the Blueberries Label – and specifying which products bore these labels. *FAC* ¶¶ 16-18. All GT's Enlightened Kombucha and Enlightened Synergy beverages that did not contain chia seeds bore the Generic Label and those beverages that did contain chia seeds (identified as Enlightened Synergy's Black Chia, Cherry Chia, Grape Chia, Green Chia, and Raspberry Chia flavors) bore the Blueberries Label. *Id.* These allegations are easily sufficient. *See Khasin*, 2012 WL 5471153, at *8 ("the 'where' is on the package labels of the products in question and on Defendant's website"); *Clancy*, 2013 WL 4081632, at *10 ("the 'where' is [Defendant's] package labels and website").

The Court is not swayed by Millennium's contention that specific dates and locations of purchase are necessary to put Millennium on notice of the claims against it on the theory that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-1801 PSG (AJWx) | Date | August 31, 2015 |
|---|---|---|---|
| Title | Jonathan Retta, *et al.* v Millennium Products, Inc. | | |

Millennium's product labels "vary significantly by line, flavor, and time over the proposed class period." *See Mot.* 4:26-5:11. Plaintiffs have particularly alleged the two labels and antioxidant claims that are at issue in this lawsuit, thus, Millennium is aware of the precise representations that form the basis of Plaintiffs' consumer fraud claims. *See Jones v. ConAgra Foods, Inc.*, 912 F. Supp. 2d 889, 902 (N.D. Cal. 2012) (Plaintiffs' labeling allegations adequate "to satisfy Rule 9(b) as to the 'when and where'" because informing Defendant "that they bought the products in California since April 2008 [was] sufficient to put Defendant on notice of the claims against it"); *see also Burge v. Freelife Intern., Inc.*, No. CV-09-1159-PHX-JAT, 2009 WL 3872343, at *3 (D. Az. Nov. 18, 2009) ("Although Plaintiffs have not alleged the exact place or location where the misrepresentations took place, the Court does not believe the place is in any way integral to Plaintiff's claims. The most significant allegations with respect to Rule 9(b) are the specific content of the alleged misrepresentations so that [Defendant] may adequately defend Plaintiffs' allegations."). If some of Millennium's products did not bear the identified Generic or Blueberries Labels during the subject time period, those products and their labels are not at issue in this lawsuit. Accordingly, the Court concludes that the allegations in the FAC satisfy Rule 9(b)'s "when" and "where" standards for label-based fraud claims.

    *ii.*    How

Millennium also argues that Plaintiffs fail to allege with particularity *how* they were deceived by the statements on the Generic and Blueberries Labels. *See Mot.* 5:19-7:12. As noted above, in a labeling fraud case, "the 'how' is the plaintiff's explanation why the defendants claims [on the labels] are misleading." *See In re 5-hour*, 2014 WL 5311272, at *17. Millennium contends that "plaintiffs simply recite their view of the FDA regulations and do not allege facts explaining how they themselves were deceived by Millennium's product labels." *Mot.* 7:8-10. However, many courts find the "how" pleading element satisfied by very basic allegations. *See Khasin*, 2012 WL 5471153, at *8 ("the 'how the statements were misleading' is Plaintiff's allegation that but for Defendant's misrepresentations he would not have purchased the products, and thus was deceived"); *Clancy*, 2013 WL 4081632, at *10 ("The FAC alleges that Defendant's product labels and website were in violation of the Sherman Law, and that Plaintiff reasonably relied on those statements to purchase products he would not have purchased absent these allegedly deceptive statements, satisfying the requirement to demonstrate 'how' the statements were misleading."); *see also Jones*, 912 F. Supp. 2d at 902. Some courts recognize what appears to be a slightly higher standard, holding that "Plaintiffs must offer more than their legal conclusion that they were 'unaware' that the products were 'misbranded'" under the FDA and explain how they "were actually misled." *See Samet v. Procter & Gamble Co.*, No. 5:12-CV-01891 PSG, 2013 WL 3124647, at *8 (N.D. Cal. Jun. 18, 2013).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-1801 PSG (AJWx) | Date | August 31, 2015 |
|---|---|---|---|
| Title | Jonathan Retta, *et al.* v Millennium Products, Inc. | | |

Under either articulation of the standard, the FAC sufficiently pleads "how" the Generic and Blueberries Labels were misleading to Plaintiffs. The theory of the FAC is not that the labels claimed that the products contained antioxidants when, in fact, they did not. *See Opp.* 19:19-20 ("Nowhere . . . do Plaintiffs claim that GT's Kombucha Beverages do not contain antioxidants."); *see also Mot.* 13:7-8 ("plaintiffs appear to concede that Millennium's products have antioxidants"). Instead, the allegation is that the Generic and Blueberries Labels' "mischaracterized the *level, amount, and nature* of the antioxidants in the bottles." *See FAC* ¶¶ 4-6 (emphasis added). The crux of Plaintiffs' case is that Millennium touted the *amount* of antioxidants in their products by calling them "powerful" (Generic Label) and claiming they were better source of antioxidants than blueberries (Blueberries Label), and these representations misled Plaintiffs because Millennium's products did "not contain any antioxidant nutrients identified by the FDA as a source of real nutrition," like Vitamins A, C, D, or E, thus "deceiving consumers into believing that all antioxidants are created equal and that GT's Kombucha Beverages are a source of nutritional antioxidants." *See id.* ¶ 11. The identified antioxidant in the products – EGCG – is not an FDA-recognized antioxidant nutrient. *Id.* ¶¶ 11, 18. Thus, the purported deception is that Millennium labeled its products in such a way that Plaintiffs believed that the beverages would provide them with FDA-recognized antioxidant nutrients in a non-negligible amount, when that was not the case. The Court finds this explanation of how the labels were misleading sufficient under Rule 9(b).

  B. <u>"Likely to Deceive a Reasonable Consumer"</u>

In an argument related to the "how" prong of the Rule 9(b) analysis, Millennium also argues that each of the causes of action fails because the FAC does not allege facts to support that the Generic Label and Blueberries Label were "likely to deceive a reasonable consumer," as required to allege violations of each of the statues. *Mot.* 11:25-13:11; *see Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008) (explaining that California's UCL, FAL, and CLRA "are governed by the 'reasonable consumer' test, meaning that plaintiffs "must 'show that members of the public are likely to be deceived'") (citations omitted); *Marcus v. AT&T Corp.*, 138 F.3d 46, 64 (2d Cir. 1998) ("An act is deceptive within the meaning of the New York statute only if it is likely to mislead a reasonable consumer.") (citing *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 26 (1995) (interpreting GBL § 349)).

"Generally, the question of whether a business practice is deceptive presents a question of fact not suited for resolution on a motion to dismiss." *Jones*, 912 F. Supp. 2d at 899 (citing *Williams*, 552 F.3d at 983). "However, a court may in certain circumstances consider the viability of the alleged consumer law claims based on its review of the product packaging." *Id.* (citation omitted). "[W]here a court can conclude as a matter of law that members of the public

Case 2:15-cv-01801-PSG-AJW   Document 25   Filed 08/31/15   Page 10 of 18   Page ID #:404

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-1801 PSG (AJWx) | Date | August 31, 2015 |
|---|---|---|---|
| Title | Jonathan Retta, *et al.* v Millennium Products, Inc. | | |

are not likely to be deceived by the product packaging, dismissal is appropriate." *Werbel ex rel. v. Pepsico, Inc.*, No C 09-04456 SBA, 2010 WL 2673860, at *3 (N.D. Cal. Jul. 2, 2010); *see Vidette v. Kellogg USA*, No. 2:08-cv-01324-MCE-DAD, 2009 WL 1439086, at *2 (E.D. Cal. May 21, 2009) (dismissing UCL, FAL, and CLRA claims based on allegations that consumers were misled into believing that "Froot Loops" cereal contained "real, nutritious fruit").

The Court agrees with Millennium's contention that the issue of whether a representation is "likely to deceive a reasonable consumer" is distinct from whether the representation violates an FDA regulation. *See Samet*, 2013 WL 3124647, at *9 (In pleading "why a reasonable consumer would be likely to be deceived[,] [i]t is not enough to allege that the product are 'misbranded' under the FDCA . . . Plaintiffs must also allege with particularity the facts supporting their claims under California consumer protection statutes."). However, the FAC's factual allegations are sufficient to support the theory that the Generic and Blueberries Labels misled Plaintiffs as to the "level, amount, and nature of the antioxidants in the bottles" bearing those labels. *See FAC* ¶¶ 4-6.

Courts addressing similar consumer protection claims related to FDA labeling violations have determined that these theories of liability are not suitable to dismissal on the grounds that, as a matter of law, a reasonable consumer would not have been deceived by the labeling. For example, in *Jones*, Defendant's products stated "Natural Antioxidants are Found in Cocoa" and "The Antioxidants Vitamin C and Lycopene are found naturally in tomatoes," and Plaintiffs claimed they "were misled because they erroneously believed the implicit representation that the tomato and cocoa products that they were purchasing met the minimum nutritional threshold to make such antioxidant claims." *See Jones*, 912 F. Supp. 2d at 901. Defendant argued that a reasonable consumer was unlikely to have detailed knowledge of the FDA regulations setting out the minimum nutritional threshold necessary to make antioxidant claims, so a reasonable consumer could not have interpreted the statements as guaranteeing a certain nutritional threshold. *Id.* The Court rejected the argument at the motion to dismiss stage: "It would be improper to dismiss the antioxidant claims at this point in the proceedings because, contrary to Defendant's assertions, this is not a situation where the Court can conclude as a matter of law that a reasonable consumer would not be deceived by the antioxidant claims[.]" *Id.*

Likewise, in *Khasin*, Defendant contended "that in order to actually be misled by th[e] allegedly non-compliant labeling" on Hershey chocolate products stating that the chocolates were sources of antioxidants, "Plaintiff would have to (i) have been familiar with the FDA regulations regarding the use of phrases like 'excellent source' and 'good source'; (ii) have believed that Hershey's use of the word 'source' without a modifying adjective was the legal equivalent of the claim that the products were a 'good source' or 'excellent source' of antioxidants; and (iii) have concluded based on the 'source of antioxidants' labeling alone that

Case 2:15-cv-01801-PSG-AJW   Document 25   Filed 08/31/15   Page 11 of 18   Page ID #:405

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-1801 PSG (AJWx) | Date | August 31, 2015 |
|---|---|---|---|
| Title | Jonathan Retta, *et al.* v Millennium Products, Inc. | | |

the products contained more antioxidants than they actually do contain." *Khasin*, 2012 WL 5471153, at *7. "Defendant argue[d] that the notion that a 'reasonable consumer' . . . had this knowledge and reached these conclusions is legally implausible[.]" *Id.* But the Court rejected the argument, reasoning that "because the issues Defendant raise[d] ultimately involve[d] questions of fact as to whether Plaintiff was or was not deceived by the labeling; this argument [wa]s therefore beyond the scope of th[e] Rule 12(b)(6) motion." *Id.* (citing *Williams*, 552 F.3d at 938-39).

The Court agrees with the reasoning in these cases and concludes that it would be improper to dismiss Plaintiffs' antioxidant labeling claims on the grounds that a reasonable consumer is not likely to be deceived by the facts as alleged in the FAC.

C. Generic Claim Arguments

Millennium asserts three arguments pertaining to the Generic Claims only, arguing that the causes of action premised on the Generic Label should be dismissed because: (1) the Generic Label does not violate the applicable FDA regulation; (2) the Generic Claims are preempted by the FDCA; and (3) the Generic Label is mere puffery.

i. *Regulatory Violation*

Millennium argues that the causes of action premised on the Generic Label are "implausible" because the label does not violate the applicable FDA regulation, 21 C.F.R. § 101.54(g). *See Mot.* 7:20-11:1. Section 101.54(g) only applies to a "nutrient content claim that characterizes the *level* of antioxidant nutrients present in a food." *See* 21 C.F.R. § 101.54(g). It provides that labels can only contain such nutrient content claims characterizing antioxidant levels if: (1) an "RDI [Reference Daily Intake] has been established for each of the nutrients"; (2) the "nutrients that are the subject of the claim have recognized antioxidant activity"; (3) the level of each nutrient is sufficient to qualify for the content claim used; and (4) the label also includes the names of the nutrients that are the subject of the claim. *Id.* Millennium does not argue that its antioxidant (ECGC) and labeling satisfies the four requirements of § 101.54(g)(1)-(4); rather, Millennium argues that the requirements do not apply to the Generic Label because the claim that each bottle contains "powerful antioxidants" does not characterize the *level* of antioxidants in the product. *See Mot.* 8:6-8 (The Generic Claims "merely state that an ingredient in Millennium products *is* an antioxidant and that the antioxidant is powerful; they do not characterize the ***level*** of antioxidants in Millennium's products.") (emphasis in original). In determining the applicability of § 101.54(g), the "touchstone inquiry is whether the statement either expressly or implicitly characterizes the level of nutrient in the product." *See Vassigh v. Bai Brands LLC*, No. 14-cv-05127-HSG, 2015 WL 4238886, at *7 (N.D. Cal. Jul. 13, 2015).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-1801 PSG (AJWx) | Date | August 31, 2015 |
|---|---|---|---|
| Title | Jonathan Retta, *et al.* v Millennium Products, Inc. | | |

Millennium's argument fails because both the FDA and district courts that have considered similar (and even weaker) claim language have determined that this type of language characterizes the level of antioxidants. Courts often rely on FDA "warning letters" sent to companies violating FDA regulations as sources of regulatory interpretation. *See Victor v. R.C. Bigelow, Inc.*, No. 13-cv-02976-WHO, 2014 WL 1028881, at *15 (N.D. Cal. Mar. 14, 2014); *Salazar v. Honest Tea, Inc.*, No. 2:13-cv-02318-KJM-EFB, 2015 WL 75223, at *5 (E.D. Cal. Jan. 6, 2015). In an FDA warning letter sent to CAW Industries in January 2012, the FDA advised that the use of the "nutrient content claim 'very powerful antioxidant'" in labeling its product was unauthorized because "[t]he term 'very powerful' characterizes the level of antioxidant nutrients in [the] product," and thus "must meet the requirements of 21 CFR 101.54(g)." *See FAC* ¶ 27; *Pl. RJN*, Ex. 1.[1] Likewise, a California district court has explicitly held that stating that a product has "powerful" antioxidants "characterizes the level of antioxidants found within the promoted product." *See Vassigh*, 2015 WL 4238886, at *7.

In fact, California district courts have routinely ruled that simply describing a product as a "source" of antioxidants characterizes the level of antioxidants in the product so as to trigger § 101.54(g). The reasoning appears to be that "a manufacturer's decision to highlight the fact that its product is a 'source' . . . of a given nutrient arguably does suggest that the nutrient is present in meaningful quantities." *Gustavson v. Mars, Inc.*, No. 13-CV-04537, 2014 WL 2604774, at *7 (N.D. Cal. Jun. 10, 2014); *see Lanovaz v. Twinings North Am., Inc.*, No. C-12-02646-RMW, 2013 WL 675929, at *4-5 (N.D. Cal. Feb. 25, 2013) (holding that the label "natural source of antioxidants" was a nutrient content claim subject to § 101.54(g)); *Clancy*, 2013 WL 4081632, at *9-10 (finding that the claim that a product "contains" or is a "source of" antioxidants characterizes the level of nutrient under § 101.54(g)); *Salazar*, 2015 WL 75223, at *4-5 (determining that § 101.54(g) violations were plausible when labels referred to an ingredient as "one of many tea antioxidants" and a "key green tea antioxidant").

Millennium's contrary authority is unpersuasive. First. Millennium cites to *Trazo v. Nestle USA, Inc.*, No. 5:12-CV-2272 PSG, 2013 WL 4083218, at *9 (N.D. Cal. Aug. 9, 2013), which concluded that the phrase "natural source of antioxidants" did not characterize the level of antioxidants in the subject product. Although this case is on-point, its terse interpretation of 21 C.F.R. § 101.54(g) has been criticized by subsequent district court opinions. *See, e.g., Vassigh*, 2015 WL 4238886, at *6-7 (discussing the analysis in *Trazo*, but following the opinions of *Lanovaz*, *Clancy*, and *Salazar*); *Gustavson*, 2014 WL 2604774, at *7 ("While *Trazo* does present a situation factually analogous to the present case, this Court is not persuaded by its reasoning."). This Court is likewise unpersuaded by the conclusory reasoning in *Trazo*. Millennium also offers a ruling from the Western District of Arkansas to support its argument, but given the array

---

[1] The Court takes judicial notice of the FDA warning letter under the incorporation by reference doctrine. *See Pl. RJN* 1:13-24; *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-1801 PSG (AJWx) | Date | August 31, 2015 |
|---|---|---|---|
| Title | Jonathan Retta, *et al.* v Millennium Products, Inc. | | |

district court authority in the Ninth Circuit addressing the relevant issues, the Court declines to adopt the reasoning of the out-of-circuit case. *See Mot.* 8:20-22 (citing *Craig v. Twinings North Am., Inc.*, No. 5:14-CV-05214, 2015 WL 505867, at *8 (W.D. Ark. Feb. 15, 2015)). Millennium's final two cases do not support its regulatory interpretation because the statements at issue in the cited summary judgment and class certification orders survived earlier motions to dismiss in those cases. *Compare Khasin v. Hershey Co.*, No. 12-cv-01862, Dkt. # 185, at *9 (N.D. Cal. Mar. 31, 2015), *with Khasin*, 2012 WL 5471153, at *6-8; *compare Jones v. ConAgra Foods*, No. C 12-01633 CRB, 2014 WL 2702726, at *18 n.34, with *Jones*, 912 F. Supp. at 896-903.

Accordingly, the Court concludes that the Generic Label's statement that the product contains "powerful antioxidants" characterizes the level of antioxidants in the products such that Plaintiffs have plausibly alleged a violation of 21 C.F.R. § 110.54(g).

   ii.  FDCA Preemption

The FDCA establishes a "comprehensive regulatory scheme of branding and labeling of food products." *Fraker v. KFC Corp.*, 2007 WL 1296571, at *4 (S.D. Cal. Apr. 30, 2007). However, plaintiffs can bring actions based on parallel state laws that mirror relevant sections of the FDCA because the FDCA does not "'prevent a State from providing a damages remedy for claims premised on a violation of FDA regulations; the state duties in such a case "parallel, rather than add to, federal requirements.'" *Khasin*, 2012 WL 5471153, at *4 (quoting *Riegel v. Medtronic, Inc.*, 552 U.S. 3122, 330 (2008)). Millennium contends that Plaintiffs' causes of action based on the Generic Claims are preempted by the FDCA because "as to the Generic Claims, which do not characterize the level of antioxidants in Millennium products, plaintiffs seek to impose requirements 'in addition to or different from' federal law by alleging a violation of Section 101.54(g)." *Mot.* 13:12-21 (citing *Craig*, 2015 WL 505867, at *8). Because the Court has concluded that the Generic Claims do characterize the level of antioxidants in Millennium's products, the allegations based on these claims parallel the federal regulations at issue and do not pose preemption problems. *See Opp.* 10:21 n.4.

   iii.  Puffery

Millennium also argues that the Generic Claims cannot form the basis of a violation of any of the causes of action because the term "powerful" is non-actionable puffery. *Mot.* 11:2-24. "[G]eneralized, vague and unspecific assertions" constitute "mere 'puffery' upon which a reasonable consumer could not rely." *Glen Holly Entertainment, Inc. v. Tektronix Inc.*, 343 F.3d 1000, 1015 (9th Cir. 2003). Highly subjective statements such as "higher performance" and "richer experience" are puffery because they do not describe "'specific or absolute

Case 2:15-cv-01801-PSG-AJW   Document 25   Filed 08/31/15   Page 14 of 18   Page ID #:408

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 15-1801 PSG (AJWx) | Date | August 31, 2015 |
|---|---|---|---|
| Title | Jonathan Retta, *et al.* v Millennium Products, Inc. | | |

characteristics of a product[.]'" *See Oestreicher v. Alienware Corp.*, 544 F. Supp. 2d 964, 974 (N.D. Cal. 2008) (citing *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1145 (9th Cir. 1997)).  Thus, Millennium contends that the phrase "powerful antioxidants" constitutes non-actionable puffery because "the term 'powerful' does not connote that the antioxidants in Millennium products have any specific attribute that is capable of verification or has any discernible meaning." *Mot.* 11:20-24.

While describing something as "powerful" on a label would typically lack specific, discernible meaning, use of the phrase "powerful antioxidants" on the beverage labels at issue in this litigation does impart a specific and verifiable meaning due to the FDA regulations governing characterization of antioxidant levels.  For example, such a content claim can only lawfully appear on a food or beverage label when the subject antioxidant has an established RDI and "recognized antioxidant activity" as defined by the FDA.  *See* 21 C.F.R. § 101.54(g); *see also Opp.* 10:21 n.4 ("such claims imply that the products meet certain nutritional benchmarks and that the products contain nutrients with an established RDI").  Accordingly, the phrase "powerful antioxidants" is not puffery when it appears on the GT's Kombucha Beverages at issue in this lawsuit because the phrase imparts specific meaning under the FDA regulations.

D.   GBL § 349

Millennium argues that the FAC fails to state a violation of GBL § 349 because the state law violation is predicated on a violation of federal statute without a private right of action (the FDCA), and GBL § 349 cannot be used as a private enforcement vehicle in that circumstance. *See Mot.* 14:22-16:2.

The Second Circuit has ruled that "a plaintiff cannot circumvent the lack of a private right of action for violation of a New York state law by pleading his claim under GBL § 349." *Conboy v. AT&T Corp.*, 241 F.3d 242, 258 (2d Cir. 2001).  That Circuit has also addressed whether the concept extends to certain federal statutes and, "[w]ithout determining whether *Conboy's* bar on circumvention applies to all federal statutes lacking a private right of action, . . . h[e]ld that it does apply to 47 U.S.C. § 543(d)," a provision requiring uniform rates in the provision of cable services.  *See Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 199 (2d Cir. 2005).  Millennium highlights that at least one New York district court has extended this bar to claims predicated on the FDCA: "The FDCA lacks a private right of action and therefore [Plaintiff] cannot rely on it for purposes of asserting a state-law consumer claim under G.B.L. § 349." *See Verzani v. Costco Wholesale Corp.*, No. 09 Civ. 2117(CM), 2010 WL 3911499, at *3 (S.D.N.Y. Sept. 28, 2010); *see also* 21 U.S.C. § 337(a).  Plaintiffs do not contest this extension of the doctrine to cover claims in which a claimant's "true purpose is to privately enforce alleged violations of the FDCA, rather than to bring a claim for unfair and deceptive business practices

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-1801 PSG (AJWx) | Date | August 31, 2015 |
|---|---|---|---|
| Title | Jonathan Retta, *et al.* v Millennium Products, Inc. | | |

under G.B.L. § 349," *id.*; rather, Plaintiffs argue that "G.B.L. § 349 claims can be predicated on purported FDCA violation[s] where the advertising is also deceptive to consumers," *see Opp.* 22:3-24.

Subsequent district court case law supports Plaintiffs' theory, explaining that New York law incorporates the FDCA's labeling provisions and "provides remedies, including private rights of action, for misbranding food under consumer protection laws, such as GBL § 349, which broadly prohibits use of 'deceptive acts or practices' in business dealings in New York." *Koenig v. Boulder Brands, Inc.*, 995 F. Supp. 2d 274, 280-81 (S.D.N.Y. 2014) (citing *Ackerman v. Coca-Cola Co.*, No. CV-09-0395 (JG)(RML), 2010 WL 2925955, at *4 (E.D.N.Y. Jul. 21, 2010); GBL § 349). Even *Verzani* is consistent with permitting GBL § 349 claims premised on FDA mislabeling so long as the labels are independently "likely to deceive a reasonable consumer." The *Verzani* Court first ruled that Plaintiff's GBL § 349 claim could not survive a motion to dismiss because no reasonable consumer would be misled by the label at issue then concluded that Plaintiff could not "salvage his G.B.L. § 349 claim by alleging violations of federal law[.]" *Verzani*, 2010 WL 3911499, at *2-3. Because this Court has decided that it cannot, as a matter of law, conclude that the antioxidant labeling at issue is not likely to deceive a reasonable consumer, Plaintiffs' GBL § 349 claim based on Millennium's allegedly deceptive antioxidant labeling likewise survives.

Millennium additionally argues that Plaintiffs lack standing to assert the GBL § 349 claim because they have not sufficiently alleged that the subject purchases of GT's Kombucha Beverages occurred in New York. *See Mot.* 16:3-24; *In re Frito Lay North Am. All Natural Litig.*, No. 12-MD-2413 (RRM)(RLM), 2013 WL 4647512, at *17-19 (E.D.N.Y. Aug. 29, 2013) (GBL § 349 only applies to transactions in the state of New York). Only Plaintiffs Retta and Marine assert violations of GBL § 349. *See FAC* ¶ 85. The FAC states that Retta has purchased GT's Enlightened Kombucha: Multi-Green and Enlightened Synergy: Mystic Mango from Whole Foods stores in Washington, D.C. and New York within the past three years. *Id.* ¶ 4. Manire has purchased six types of Millennium products – GT's Enlightened Kombucha: Botanic No. 3 and Botanic No. 9, and Enlightened Synergy: Trilogy, Gingerberry, Mystic Mango, and Guava Goddess – from Whole Foods and Vitamin Cottage stores in Colorado, California, Texas, and New York within the past three years. *Id.* ¶ 6. Millennium argues that Plaintiffs have not pled "with particularity which products were purchased in New York as opposed to other states," *Mot.* 16:7-10, but the Court disagrees and finds the allegations sufficient. Construing the FAC in the light most favorable to Plaintiffs, *see Faulkner*, 706 F.3d at 1019, the FAC alleges that Retta purchased each of her products in New York and Washington, D.C., and Manire purchased each of her products in New York, Colorado, California, and Texas. The Court also notes that the FAC alleges that each of these products bore the same Generic Label. *Id.* ¶¶ 4, 6. Thus, Millennium is on notice that these seven products, bearing the purportedly deceptive Generic

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-1801 PSG (AJWx) | Date | August 31, 2015 |
|---|---|---|---|
| Title | Jonathan Retta, *et al.* v Millennium Products, Inc. | | |

Label, were purchased in New York by Retta and Manire. The Court concludes that the FAC sufficiently alleges the states, including New York, in which the products at issue were purchased.

### E. Standing to Seek Injunctive Relief

Millennium argues that, even if the causes of action survive, the Court should dismiss Plaintiffs' claims so far as they seek injunctive relief because Plaintiffs lack Article III standing to seek such relief. *See Mot.* 16:25-19:10. For injunctive relief, "to establish standing, plaintiff must allege that he intends to purchase the products at issue in the future." *Rahman v. Mott's LLP*, No. CV 13-3482 SI, 2014 WL 325241, at *10 (N.D. Cal. Jan. 29, 2014); see also *In re 5-hour*, 2014 WL 5311272 at *10-11 (dismissing Plaintiffs' requests for injunctive relief for failing to allege interest in purchasing Defendant's products in the future). Millennium asserts that Plaintiffs lack standing because the FAC does not allege that they intend to purchase GT's Kombucha Beverages in the future.

In the FAC, Plaintiffs assert the following about future purchases: "Should Millennium change the formulation of GT's Kombucha Beverages in the future and engage in corrective advertising, [Plaintiffs] intend[] to purchase GT's Kombucha Beverages again." *See FAC* ¶¶ 4-6. Millennium argues that this allegation is insufficient because it makes future purchases dependent on Millennium "chang[ing] the formulation" of its products. *See Mot.* 18:11-13 ("Plaintiffs' allegation that they would purchase a hypothetical, reformulated version of Millennium products (FAC §§ 4-6) is not an allegation that plaintiffs intend to purchase the products at issue in this action again."). The Court agrees that stating that Plaintiffs would purchase beverages with a different formulation in the future (i.e., beverages with FDA-recognized antioxidant nutrients) does not allege that Plaintiffs would purchase the beverages at issue in this litigation because the reformulated beverages would be different products. *See Davidson v. Kimberly-Clark Corp.*, 76 F. Supp. 3d 964, 969-70 (N.D. Cal. 2014) (Where Plaintiff brought suit complaining that wipes were not "flushable," as labeled, "[w]ere [Defendant] to redesign the product to satisfy plaintiff's definition of 'flushable,' it would not be the same product (unlike a food product where the 'all natural' label is removed . . . ).").

In their opposition briefing, Plaintiffs contend that they "allege that they would *still* be willing to purchase the *current* formulation of GT's Kombucha Beverages, absent the price premium, so long as Defendant engages in corrective advertising." *Opp.* 24:7-9 (emphasis in original) (citing *FAC* ¶¶ 4-6). But contrary to Plaintiffs' contention, this allegation does not appear in the FAC. Instead, Plaintiffs allege that "[s]hould Millennium change the formulation of GT's Kombucha Beverages in the future *and* engage in corrective advertising, [Plaintiffs] intend[] to purchase GT's Kombucha Beverages again." *FAC* ¶¶ 4-6 (emphasis added).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-1801 PSG (AJWx) | Date | August 31, 2015 |
|---|---|---|---|
| Title | Jonathan Retta, *et al.* v Millennium Products, Inc. | | |

Accordingly, because Plaintiffs do not allege that they would purchase GT's Kombucha Beverages again in the future, so long as Millennium changed the purportedly deceptive labeling, the requests for injunctive relief associated with Plaintiffs' causes of action are dismissed. The Court will allow Plaintiffs to amend the FAC to remedy this pleading deficiency, but advises Plaintiffs that the allegations of intent to purchase the products in the future must be plausible.

F. Motion to Strike Nationwide Class Allegations

Millennium brings an alternative motion to strike the nationwide class allegations on the grounds that Plaintiffs impermissibly seek to apply California consumer protection laws to false advertising injuries occurring in other states. *See Mot.* 19:14-20:23 (citing *Mazza v. Am. Honda Motor Co.*, 666 F.3d 851 (9th Cir. 2012)). Additionally, Millennium moves to strike the nationwide class allegations because different state consumer protection laws would apply depending on where transactions took place, and the significant variances among those laws would overwhelm common class issues. *See id.* 21:3-24:25 (citing *Mazza*, 666 F.3d 851).

The Court declines to exercise its discretion to strike the nationwide class allegations because it would be premature to do so at this point in litigation. *See Thorpe v. Abbott Laboratories, Inc.*, 534 F. Supp. 2d 1120, 1125 (N.D. Cal. 2008) ("Motions to strike class allegations are disfavored because a motion for class certification is a more appropriate vehicle" for Rule 23 arguments.); *In re Wal-Mart Stores, Inc. Wage and Hour Litig.*, 505 F. Supp. 2d 609, 615-16 (N.D. Cal. 2007) ("In the absence of any discovery or specific arguments related to class certification, the Court is not prepared to rule on the propriety or the class allegations and explicitly reserves such a ruling. While Plaintiff's class definitions are suspicious and may in fact be improper, plaintiffs should at least be given the opportunity to make the case for certification based on appropriate discovery."). Although Millennium argues that the Court can find that Plaintiffs' nationwide class allegations are inappropriate based on the FAC, the Court concludes that it will be better equipped to make this decision after the parties have engaged in discovery and full certification briefing.

Accordingly, the Court DENIES Millennium's motion to strike the nationwide class allegations.

IV. Conclusion

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-1801 PSG (AJWx) | Date | August 31, 2015 |
|---|---|---|---|
| Title | Jonathan Retta, *et al.* v Millennium Products, Inc. | | |

For the foregoing reasons, the Court DENIES IN PART and GRANTS IN PART the motion to dismiss. The Court DENIES the motion to dismiss the CLRA, UCL, FAL and GBL § 349 claims, but GRANTS the motion to dismiss Plaintiffs' request for injunctive relief, without prejudice.

The Court DENIES the motion to strike the nationwide class allegations.

Plaintiffs may file a Second Amended Complaint ("SAC") consistent with this order no later than **September 21, 2015**. If Plaintiffs fail to do so, the request for injunctive relief that has been dismissed with leave to amend will be dismissed **without leave to amend**.

**IT IS SO ORDERED.**