SCOTT M. VOELZ (S.B. #181415)
svoelz@omm.com
DANIEL J. FARIA (S.B. #285158)
dfaria@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California  90071-2899
Telephone:  (213) 430-6000
Facsimile:   (213) 430-6407

Attorneys for Defendant
Millennium Products, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN RETTA, KIRSTEN SCHOFIELD, and JESSICA MANIRE, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>MILLENNIUM PRODUCTS, Inc.,<br><br>Defendants. | Case No. 2:15-CV-01801-PSG-AJW<br><br>**STIPULATED PROTECTIVE ORDER REGARDING THE DISCLOSURE AND USE OF DISCOVERY MATERIALS**<br><br>Judge:  Hon. Andrew J. Wistrich<br><br>TAC Filed:  October 8, 2015<br>Trial Date:  Not Set<br><br>**DISCOVERY MATTER** |

Plaintiffs Jonathan Retta, Kirsten Schofield, and Jessica Manire ("Plaintiffs") and Defendant Millennium Products, Inc. ("Defendant") anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced during the course of discovery, initial disclosures, and supplemental disclosures in this case and request that the Court enter this Order setting forth the conditions for treating, obtaining, and using such information.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for the following Stipulation and [Proposed] Protective Order Regarding the Disclosure and Use of Discovery Materials ("Order").

**1.     PURPOSES AND LIMITATIONS**

(a)     Protected Material designated under the terms of this Protective Order shall be used by a Receiving Party solely for this case, and shall not be used directly or indirectly for any other purpose whatsoever.

(b)     The Parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery, or in the course of making initial or supplemental disclosures under Rule 26(a).  Designations under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below.  If it comes to a Producing Party's attention that designated material does not qualify for protection under this Order, the Producing Party must promptly notify all other Parties that it is withdrawing or changing the designation.

**2.     DEFINITIONS**

(a)     "Discovery Material" means all items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery or Rule 26(a) disclosures in this case.

(b) "Outside Counsel" means (i) outside counsel who appear on the pleadings as counsel for a Party and (ii) partners, associates, and staff of such counsel to whom it is reasonably necessary to disclose the information for this litigation.

(c) "Party" means any party to this case, including all of its officers, directors, employees, consultants, retained experts, and outside counsel and their support staffs. "Party," however, does not include any members of the putative class other than the named plaintiffs in this action (Jonathan Retta, Kirsten Schofield, and Jessica Manire). Should additional pleadings naming additional individuals as named plaintiffs be filed, such individually named plaintiffs will also be included within the definition of "Party" for the purposes of this Order.

(d) "Producing Party" means any Party or non-party that discloses or produces any Discovery Material in this case.

(e) "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL," as provided for in this Order. Protected Material shall not include: (i) advertising materials that have been actually published or publicly disseminated; and (ii) materials that show on their face they have been disseminated to the public.

(f) "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

**3.   COMPUTATION OF TIME**

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rule of Civil Procedure 6.

**4.   SCOPE**

(a) The protections conferred by this Order cover not only Discovery Material governed by this Order as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts,

summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their counsel in court or in other settings that might reveal Protected Material.

(b) Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose, and nothing in this Order shall preclude any Party from showing Protected Material to an individual who prepared the Protected Material.

(c) Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing with the consent of the Producing Party or by order of the Court.

(d) Nothing in this Order shall be construed to alter the legal burden of proof or persuasion under applicable law in a motion brought by any Party related to discovery, confidentiality of Protected Material, or the interpretation of this Order, consistent with the section of this order titled "Challenging Designations of Protected Material," below.

(e) This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

**5.   DURATION**

Even after the termination of this case, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

**6.   ACCESS TO AND USE OF PROTECTED MATERIAL**

(a) <u>Basic Principles</u>.  All Protected Material shall be used solely for this case or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation or any business or competitive purpose or function.  Protected Material shall not be distributed,

1  disclosed or made available to anyone except as expressly provided in this Order.

2        (b)   <u>Secure Storage</u>.  Protected Material must be stored and
3  maintained by a Receiving Party at a location in the United States and in a secure
4  manner that ensures that access is limited to the persons authorized under this
5  Order.

6        (c)   <u>Legal Advice Based on Protected Material</u>.  Nothing in this
7  Protective Order shall be construed to prevent counsel from advising their clients
8  with respect to this case based in whole or in part upon Protected Materials,
9  provided counsel does not disclose the Protected Material itself except as provided
10 in this Order.

11       (d)   <u>Limitations</u>.  Nothing in this Order shall restrict in any way a
12 Producing Party's use or disclosure of its own Protected Material.  Nothing in this
13 Order shall restrict in any way the use or disclosure of Discovery Material by a
14 Receiving Party: (i) that is or has become publicly known through no fault of the
15 Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party
16 independent of the Producing Party; (iii) previously produced, disclosed and/or
17 provided by the Producing Party to the Receiving Party or a non-party without an
18 obligation of confidentiality and not by inadvertence or mistake; (iv) with the
19 consent of the Producing Party; or (v) pursuant to order of the Court.

20 **7.  DESIGNATING PROTECTED MATERIAL**

21       (a)   <u>Available Designations</u>.  Any Producing Party may designate
22 Discovery Material as "CONFIDENTIAL," provided that it meets the requirements
23 for such designation as provided for herein.  To the extent that any Producing Party
24 contends that Discovery Material requires additional protections, the parties may
25 meet and confer at a later date regarding amending this Order to provide for
26 additional protections.

27       (b)   <u>Written Discovery and Documents and Tangible Things</u>.
28 Written discovery, documents (which include "electronically stored information,"

as that phrase is used in Federal Rule of Procedure 34), and tangible things that meet the requirements for confidentiality under this Order may be so designated by placing the appropriate designation on every page of the written material prior to production. For digital files being produced, the Producing Party may mark each viewable page or image with the appropriate designation, and mark the medium, container, and/or communication in which the digital files were contained.

(c) <u>Native Files</u>. Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under this Order by appending to the file names or designators or metadata information indicating whether the file contains "CONFIDENTIAL" material, or shall use any other reasonable method for so designating Protected Materials produced in electronic format. When electronic files or documents are printed for use at deposition, in a court proceeding, or for provision in printed form to an expert or consultant, the party printing the electronic files or documents shall affix a legend to the printed document corresponding to the designation of the Designating Party and including the production number and designation associated with the native file. No one shall seek to use in this litigation a .tiff, .pdf or other image format version of a document produced in native file format without first (1) providing a copy of the image format version to the Producing Party so that the Producing Party can review the image to ensure that no information has been altered, and (2) obtaining the consent of the Producing Party, which consent shall not be unreasonably withheld. The Party seeking use of a .tiff or .pdf image of a native file document may provide a copy to the Producing Party for review immediately prior to its intended use at deposition, court hearing or trial so that the Producing Party can review the image. If the Producing Party objects to its use, the party seeking to use the image may not use the image until the dispute is resolved between the parties or by the Court.

(d) <u>Depositions and Testimony</u>. For testimony given in deposition,

the Producing Party shall identify on the record, before the close of the deposition, all protected testimony and specify that the information is "CONFIDENTIAL" pursuant to this Protective Order. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Producing Party may invoke on the record (before the deposition is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Protective Order. Alternatively, a Producing Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL."

**8.    DISCOVERY MATERIAL DESIGNATED "CONFIDENTIAL"**

(a)    A Producing Party may designate Discovery Material as "CONFIDENTIAL" if it contains or reflects confidential, proprietary, and/or commercially sensitive information, including (but not limited to) trade secrets, pricing information, financial data, sales information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, product development information, product formulation information, product testing information, employee information, and other non-public information of similar competitive and business sensitivity.

(b)    Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL" may be disclosed only to the following:

(i)    The Receiving Party's Outside Counsel, and such Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii)    If the Receiving Party is Millennium, representatives of the Receiving Party who are officers or employees of the Receiving Party, who may

1  be (but need not be) in-house counsel for the Receiving Party, as well as their
2  immediate paralegals and staff, to whom disclosure is reasonably necessary for this
3  case;

4      (iii)   If the Receiving Party is a named plaintiff (Jonathan
5  Retta, Kirsten Schofield, or Jessica Manire), provided that he or she has agreed to
6  be bound by the provisions of the Protective Order by signing a copy of Exhibit A;
7  should additional pleadings naming additional individuals as named plaintiffs be
8  filed, Discovery Material may be disclosed to such individually named plaintiffs
9  provided that they have agreed to be bound by the provisions of the Protective
10  Order by signing a copy of Exhibit A;

11      (iv)   Any outside expert or consultant retained by the
12  Receiving Party to assist in this action, provided that disclosure is only to the extent
13  necessary to perform such work; and provided that: (a) such expert or consultant
14  has agreed to be bound by the provisions of the Protective Order by signing a copy
15  of Exhibit A; (b) such expert or consultant is not a current officer, director, or
16  employee of a competitor of Millennium, nor anticipated at the time of retention to
17  become an officer, director, or employee of a competitor of Millennium; (c) such
18  expert or consultant is not involved in competitive decision-making, as defined by
19  *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of
20  any competitor of Millennium; and (d) such expert or consultant accesses the
21  materials in the United States only, and does not transport them to or access them
22  from any foreign (i.e., outside the United States) jurisdiction (unless such material
23  originated from or are produced from any such foreign jurisdiction; moreover, the
24  Parties agree to meet and confer over potential alterations to this Protective Order
25  as reasonably necessary to enable the parties to take testimony on technical matters
26  in a foreign jurisdiction);;

27      (v)   Any person indicated on the face of the document as
28  having written or received such document during the course of his or her

employment or consultancy, or a custodian or other person who otherwise possessed the information during the course of his or her employment or consultancy, or a custodian or other person whose role or responsibilities in their employment or consultancy required access to the documents or information at issue;

    (vi) During their depositions, witnesses in the action to whom disclosure is reasonably necessary, provided that: (a) the Receiving Party provides notice to the Producing Party and a reasonable opportunity (including, where appropriate, at the deposition itself) to object to such disclosure; and (b) such deponent has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; however, if the Producing Party is Millennium, then the documents may be shown to current Millennium employees, and the parties reserve the right to seek changes to these procedures in the future;

    (vii) Court reporters, stenographers and videographers retained to record testimony taken in this action;

    (viii) The Court, jury, and court personnel;

    (ix) Graphics, translation, design, and/or trial consulting personnel (as drafted, "trial consulting personnel" does not presently include mock trial jurors; however, the Parties recognize the need to eventually conduct mock trial exercises and agree to meet and confer regarding procedures for disclosure of confidential information to mock trial jurors), having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

    (x) Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

    (xi) Any other person with the prior written consent of the Producing Party.

## 9. CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL

(a) A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

(b) Any challenge to a designation of Discovery Material under this Order shall be written, shall be served on outside counsel for the Producing Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and shall state the grounds for the objection. Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

(i) The objecting Party shall have the burden of conferring either in person, in writing, or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute. The Producing Party shall have the burden of justifying the disputed designation;

(ii) Failing agreement, the Receiving Party may bring a motion to the Court for a ruling that the Discovery Material in question is not entitled to the status and protection of the Producing Party's designation. The Parties' entry into this Order shall not preclude or prejudice either Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information;

(iii) Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Order until one of the following occurs: (a) the Party who designated the Discovery Material in question withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

### 10. SUBPOENAS OR COURT ORDERS

(a) If at any time Protected Material is subpoenaed by any court, arbitral, administrative, or legislative body, the Party to whom the subpoena or other request is directed shall immediately give prompt written notice thereof to every Party who has produced such Discovery Material (through its counsel) and shall provide each such Party with an opportunity to move for a protective order regarding the production of Protected Materials implicated by the subpoena.

### 11. FILING PROTECTED MATERIAL

(a) Absent written permission from the Producing Party or a court Order secured after appropriate notice to all interested persons, a Receiving Party may not file or disclose in the public record any Protected Material.

(b) Any Party is authorized under Local Rule 79-5 to file under seal with the Court any brief, document or materials that are designated as Protected Material under this Order.

### 12. INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL

(a) The inadvertent production by a Party of Discovery Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, despite the Producing Party's reasonable efforts to prescreen such Discovery Material prior to production, will not waive the applicable privilege and/or protection if a request for return of such inadvertently produced Discovery Material is made promptly after the Producing Party learns of its inadvertent production.

(b) Upon a request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged and/or protected, each Receiving Party shall immediately return such Protected Material or Discovery Material and all copies to the Producing Party, except for any pages containing privileged markings by the Receiving Party which shall instead be destroyed and certified as such by the Receiving Party to the Producing Party.

(c) Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently produced Discovery Material and such other information as is reasonably necessary to identify the Discovery Material and describe its nature to the Court in any motion to compel production of the Discovery Material.

### 13. INADVERTENT FAILURE TO DESIGNATE PROPERLY

(a) The inadvertent failure by a Producing Party to designate Discovery Material as "CONFIDENTIAL" as provided for under this Order shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under this Order within fourteen (14) days of the Producing Party learning of the inadvertent failure to designate. The Producing Party shall reproduce the Protected Material with the confidentiality designation within seven (7) days upon its notification to the Receiving Parties. Upon receiving the Protected Material with the confidentiality designation, the Receiving Parties shall return or securely destroy, at the Producing Party's option, all Discovery Material that was not designated properly.

(b) A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives such notice that such Discovery Material is protected under this Order, unless an objectively reasonable person would have realized that the Discovery Material should have been appropriately designated with a confidentiality designation under this Order. Once a Receiving Party has received notification of the confidentiality designation for the Protected Material, the Receiving Party shall treat such Discovery Material as "CONFIDENTIAL" pursuant to the terms of this Order.

### 14. INADVERTENT OR UNAUTHORIZED DISCLOSURE

(a) In the event of a disclosure of any Discovery Material pursuant to this Order to any person or persons not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure,

1  and each Party with knowledge thereof, shall immediately notify counsel for the
2  Producing Party whose Discovery Material has been disclosed and provide to such
3  counsel all known relevant information concerning the nature and circumstances of
4  the disclosure.  The responsible disclosing Party shall also promptly take all
5  reasonable measures to retrieve the improperly disclosed Discovery Material and to
6  ensure that no further or greater unauthorized disclosure and/or use thereof is made
7              (b)    Unauthorized or inadvertent disclosure does not change the
8  status of Discovery Material or waive the right to hold the disclosed document or
9  information as Protected.
10      **15.    FINAL DISPOSITION**
11             (a)    Not later than ninety (90) days after the Final Disposition of this
12  case, each Party shall return all Discovery Material of a Producing Party to the
13  respective outside counsel of the Producing Party or destroy such Material, at the
14  option of the Producing Party.  For purposes of this Order, "Final Disposition"
15  occurs after an order, mandate, or dismissal finally terminating the above-captioned
16  action with prejudice, including all appeals.
17             (b)    All Parties that have received any such Discovery Material shall
18  certify in writing that all such materials have been returned to the respective outside
19  counsel of the Producing Party or destroyed.
20             (c)    Notwithstanding the provisions for return of Discovery Material,
21  outside counsel may retain one set of pleadings and filings (including exhibits),
22  correspondence, attorney work product, consultant work product, and expert work
23  product (but not document productions) for archival purposes, but must not retain
24  source code (which, if source code becomes relevant in this action, will be the
25  subject of a further or amended protective order prior to the production of any
26  source code).
27      **16.    DISCOVERY FROM EXPERTS OR CONSULTANTS**
28             (a)    Draft reports and notes or outlines for draft reports developed

and drafted by a testifying expert (i.e. any person required to submit a report under Rule 26(a)(2(B) of the Federal Rules of Civil Procedure) and/or his or her staff, shall be considered and treated as "drafts of any report or disclosure required under Rule 26(a)(2)" under Rule 26(b)(4)(B).

   (b) Discovery of materials provided to testifying experts shall be limited to those (1) facts or data considered by the testifying expert in forming his or her final report, trial, or deposition testimony or any opinion in this case, and (2) assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed. No discovery can be taken from any non-testifying expert except (1) as provided by Rule 26(b)(4)(D), and (2) to the extent that such non-testifying expert has provided information, opinions, or other materials to a testifying expert that were relied on by that testifying expert in forming his or her final report(s), trial, and/or deposition testimony or any opinion in this case.

   (c) Materials, communications, and other information exempt from discovery under the foregoing Paragraphs 17(a)–(c) shall be treated as attorney-work product for the purposes of this litigation and Order.

  **17.** **MISCELLANEOUS**

   (a) <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future. By stipulating to this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

   (b) <u>Termination of Matter and Retention of Jurisdiction</u>. The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Determination of the above-captioned matter. The Court shall retain jurisdiction after Final Determination of this matter to hear and resolve any disputes arising out of this Protective Order.

   (c) <u>Successors</u>. This Order shall be binding upon the Parties hereto,

their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

(d) <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.  This Order shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

(e) <u>Burdens of Proof</u>.  Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, whether disclosure should be restricted, and if so, what restrictions should apply.

(f) <u>Modification by Court</u>.  This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order *sua sponte* in the interests of justice.  The United States District Court for Central California is responsible for the interpretation and enforcement of this Order.  All disputes concerning Protected Material, however designated, produced under the protection of this Order shall be resolved by the United States District Court for Central California.

(g) <u>Discovery Rules Remain Unchanged</u>.  Except as expressly provided for herein, nothing in this Protective Order shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for Central California or the Court's own

1  orders.  Identification of any individual pursuant to this Protective Order does not
2  make that individual available for deposition or any other form of discovery outside
3  of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local
4  Rules for the United States District Court for Central California, or the Court's own
5  orders.

Dated:  December 9, 2015

O'MELVENY & MYERS LLP


By:  /s/ Scott M. Voelz
Scott M. Voelz
Attorneys for Defendant
Millennium Products, Inc.

Dated:  December 9, 2015

BURSOR & FISHER, P.A.


By:  /s/ Timothy L. Fisher
Timothy L. Fisher
Attorneys for Plaintiffs
Jonathan Retta, Kirsten Schofield,
and Jessica Manire


**IT IS SO ORDERED.**

Dated:  _12/10___, 2015    _____
Honorable Andrew J. Wistrich
United States Magistrate Judge

15

[PROPOSED] PROTECTIVE ORDER;
2:15-CV-01801-PSG-AJW

# **EXHIBIT A**

I, _____, hereby acknowledge and declare that I have received a copy of the Stipulated Protective Order ("Order") entered in *Retta et al. v. Millennium Products, Inc.*, United States District Court, Central District of California, Civil Action No. 2:15-CV-01801-PSG-AJW.

Having read and understood the terms of the Order, I agree to be bound by the terms of the Order and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Order.

Name of individual: _____

Present occupation/job description: _____

_____

_____

Name of Company or Firm: _____

Address: _____

Dated: _____

_____
[Signature]