**EXHIBIT A**

**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Annick M. Persinger (State Bar No. 272996)
Yeremey O. Krivoshey (State Bar No. 295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail:  ltfisher@bursor.com
            apersinger@bursor.com
            ykrivoshey@bursor.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN RETTA, KIRSTEN SCHOFIELD, and JESSICA MANIRE on Behalf of Themselves and all Others Similarly Situated,<br><br>             Plaintiffs,<br><br>   v.<br><br>MILLENNIUM PRODUCTS, INC.~~,~~ and WHOLE FOODS MARKET, INC.,<br><br>           Defendants. | Case No.  2:15-cv-01801-PSG-AJW<br><br>~~THIRD~~ FOURTH AMENDED CLASS ACTION COMPLAINT<br><br>**JURY TRIAL DEMANDED** |

1    Plaintiffs Jonathan Retta, Kirsten Schofield, and Jessica Manire ("Plaintiffs")

2  bring this action on behalf of themselves and all others similarly situated against

3  Defendant Millennium Products, Inc. ("Millennium" ~~or "Defendant"~~) and Defendant

4  Whole Foods Market, Inc. (collectively, "Defendants").  Plaintiffs make the

5  following allegations pursuant to the investigation of their counsel and based upon

6  information and belief, except as to the allegations specifically pertaining to

7  themselves, which are based on personal knowledge.

8                              __INTRODUCTION__

9    1.    Millennium Products, Inc. has passed off millions of bottles of its wildly

10  successful kombucha beverages as non-alcoholic, when, in fact, the beverages

11  contain two to seven times the legal limit for non-alcoholic beverages.  Having been

12  caught selling alcoholic kombucha beverages to unsuspecting customers in 2006 and

13  2010, Millennium decided to market and distribute an alcoholic version of its

14  kombucha products (the "Classic" kombucha line) and a "non-alcoholic" version

15  (the "Enlightened" line), knowing that the non-alcoholic line has a much greater

16  market appeal and could be sold in far more retail locations.  But the purported

17  distinction between the "Classic" and "Enlightened" lines is a sham designed to

18  confuse the public and government regulators, as both lines of products contain

19  alcohol levels far surpassing the legal limit for non-alcoholic beverages.

20    2.    Millennium's marketing campaign also takes advantage of high

21  consumer demand for antioxidants by touting the antioxidant content in its

22  kombucha beverages in precisely the manner the Food and Drug Administration

23  ("FDA") sought to prohibit by establishing the antioxidant labeling requirements set

24  forth in 21 C.F.R. § 101.54(g).  Millennium has plastered misleading antioxidant

25  messaging on every side of its GT's Enlightened Kombucha and Enlightened

28  ~~THIRD~~ FOURTH AMENDED CLASS ACTION COMPLAINT          1
   CASE NO. 2:15-CV-01801-PSG-AJW

1  Synergy (collectively, "the Enlightened line" or "Enlightened Kombucha"[1])

2  beverage labels.  The simple truth is, however, that Enlightened Kombucha does not

3  have even a single nutrient that the FDA recognizes and approves of for labeling

4  statements using the term "antioxidant."  Because the antioxidant statements on

5  Enlightened Kombucha's labels are unauthorized and misleading nutrient content

6  claims proscribed by the FDA, Enlightened Kombucha is misbranded and

7  improperly labeled in violation of the Food, Drug, and Cosmetic Act, and

8  corresponding state laws as described herein.  Accordingly, Millennium has sold

9  misbranded products using misleading advertising to millions of consumers, who

10  relied on Millennium's advertising and were injured as a result.

11     3.     Plaintiffs Retta, Manire, and Schofield purchased numerous bottles of

12  Enlightened Kombucha based on ~~Millennium's~~ Defendants' misleading advertising

13  and labeling of the products.

14     4.     Plaintiffs seek relief in this action individually, and on behalf of all

15  purchasers of Enlightened Kombucha, for ~~Millennium's~~ Defendants' violations of

16  the California Consumer Legal Remedies Act ("CLRA"), Civil Code §§ 1750, *et*

17  *seq*., Unfair Competition Law ("UCL"), Bus. & Prof. Code §§ 17200, *et seq*., False

18  Advertising Law ("FAL"), Bus. & Prof. Code §§ 17500, *et seq*., and New York's

19  Deceptive and Unfair Trade Practices Act, New York General Business Law § 349

20  ("NYGBL").

21                              **PARTIES**

22     5.     Plaintiff Jonathan Retta is a citizen of Virginia, residing in Annandale.

23  Within the past three years, Mr. Retta purchased GT's Enlightened Kombucha:

24  Multi-Green and Enlightened Synergy: Mystic Mango from Whole Foods, in

25  Washington, D.C. and New York.  Mr. Retta purchased GT's Enlightened

26

27  [1] "Enlightened Kombucha" refers to every flavor of Millennium's GT's Enlightened
    Kombucha and Enlightened Synergy lines, as described herein.

28

~~THIRD~~ FOURTH AMENDED CLASS ACTION COMPLAINT                           2
CASE NO. 2:15-CV-01801-PSG-AJW

Kombucha: Multi-Green and Enlightened Synergy: Mystic Mango  relying on
statements on the bottles' labels, including the following statements that characterize
the level of antioxidants in the beverages:

- "It has a lighter and smoother personality than our original formula
  with the same high nutritional value that you expect from us.  With a
  unique blend of proprietary probiotics and powerful antioxidants, each
  bottle is designed to nourish your body from inside out."

Mr. Retta would not have purchased GT's Enlightened Kombucha: Multi-Green and
Enlightened Synergy: Mystic Mango , or would have paid significantly less for the
products, had he known that these statements were unauthorized, and that
Millennium misbranded the products and mischaracterized the level, amount, and
nature of the antioxidants in the bottles.  Further, Mr. Retta purchased the products
with the belief that the products were non-alcoholic.  The labels of the products Mr.
Retta purchased did not bear a government warning concerning the consumption of
alcoholic beverages, or any other warning concerning the alcoholic content of the
products, and Mr. Retta did not have to show any identification of his age in order to
purchase the products.  Mr. Retta would not have purchased the products had he
known that they contained significant levels of alcohol or were considered alcoholic
beverages.  Mr. Retta suffered injury in fact and lost money as a result of
Millennium's deceptive, misleading, unfair and fraudulent practices described
herein.  Further, should Mr. Retta encounter any Enlightened Kombucha in the
future, he could not rely on the truthfulness of the labels' statements characterizing
the nature and level of antioxidants in the beverages, absent corrective advertising or
the addition of antioxidant nutrients with established RDIs to the beverages.  In
addition, should Mr. Retta encounter any Enlightened Kombucha products in the
future, he could not rely on the labels' statement that the products only contain a
"trace amount of alcohol."  However, Mr. Retta would still be willing to purchase the

current formulations of Enlightened Kombucha, absent the price premium, so long as Millennium engages in corrective advertising.

6.      Plaintiff Kirsten Schofield is a citizen of Kentucky, residing in Louisville.  Within the past three years, Ms. Schofield purchased GT's Enlightened Kombucha: Original and Gingerade, and Enlightened Synergy: Raspberry Chia, from Kroger, Whole Foods, and Earth Fare, in Kentucky, South Carolina, and Virginia. Ms. Schofield purchased GT's Enlightened Kombucha: Original and Gingerade, and Enlightened Synergy: Raspberry Chia beverages relying on statements on the bottles' labels, including the following statements that characterize the level of antioxidants in the beverages:

- "It has a lighter and smoother personality than our original formula with the same high nutritional value that you expect from us.  With a unique blend of proprietary probiotics and powerful antioxidants, each bottle is designed to nourish your body from inside out."

- "Often called 'runner's food', chia is a nutrient-rich superfood that provides sustained energy for your body.  Packed with more than 8 times the omega-3s found in salmon, this small seed has big nutritional value.  With more antioxidants than blueberries and more fiber than oatmeal, see for yourself how chia brings new life to our GT's Kombucha."

Ms. Schofield would not have purchased GT's Enlightened Kombucha: Original and Gingerade, and Enlightened Synergy: Raspberry Chia, or would have paid significantly less for the products, had she known that these statements were unauthorized, and that Millennium misbranded the products and mischaracterized the level, amount, and nature of the antioxidants in the bottles.  Further, Ms. Schofield purchased the products with the belief that the products were non-alcoholic.  The labels of the products Ms. Schofield purchased did not bear a government warning

1    concerning the consumption of alcoholic beverages, or any other warning concerning

2    the alcoholic content of the products, and Ms. Schofield did not have to show any

3    identification of her age in order to purchase the products.  Ms. Schofield would not

4    have purchased the products had she known that they contained significant levels of

5    alcohol or were considered alcoholic beverages.  Ms. Schofield suffered injury in

6    fact and lost money as a result of Millennium's deceptive, misleading, unfair and

7    fraudulent practices described herein.  Further, should Ms. Schofield encounter any

8    Enlightened Kombucha in the future, she could not rely on the truthfulness of the

9    labels' statements characterizing the nature and level of antioxidants in the

10   beverages, absent corrective advertising or the addition of antioxidant nutrients with

11   established RDIs to the beverages.  In addition, should Ms. Schofield encounter any

12   Enlightened Kombucha products in the future, she could not rely on the labels'

13   statement that the products only contain a "trace amount of alcohol."  However, Ms.

14   Schofield would still be willing to purchase the current formulations of Enlightened

15   Kombucha, absent the price premium, so long as Millennium engages in corrective

16   advertising.

17        7.    Plaintiff Jessica Manire is a citizen of Colorado, residing in Denver.

18   Within the past three years, Ms. Manire purchased GT's Enlightened Kombucha:

19   Botanic No. 3 and Botanic No. 9, and Enlightened Synergy: Trilogy, Gingerberry,

20   Mystic Mango, and Guava Goddess, from Whole Foods and Vitamin Cottage, in

21   Colorado, California, Texas, and New York, and from Vitamin Cottage in Colorado,

22   Texas, and New York.  Ms. Manire purchased GT's Enlightened Kombucha: Botanic

23   No. 3 and Botanic No. 9, and Enlightened Synergy: Trilogy, Gingerberry, Mystic

24   Mango, and Guava Goddess relying on statements on the bottles' labels, including

25   the following statements that characterize the level of antioxidants in the Beverages:

26        •   "It has a lighter and smoother personality than our original formula

27            with the same high nutritional value that you expect from us.  With a

28

THIRD FOURTH AMENDED CLASS ACTION COMPLAINT                                  5
CASE NO. 2:15-CV-01801-PSG-AJW

unique blend of proprietary probiotics and powerful antioxidants, each bottle is designed to nourish your body from inside out."

Ms. Manire would not have purchased GT's Enlightened Kombucha: Botanic No. 3 and Botanic No. 9, and Enlightened Synergy: Trilogy, Gingerberry, Mystic Mango, and Guava Goddess, or would have paid significantly less for the products, had she known that these statements were unauthorized, and that Millennium misbranded the products and mischaracterized the level, amount, and nature of the antioxidants in the bottles. Further, Ms. Manire purchased the products with the belief that the products were non-alcoholic. The labels of the products Ms. Manire purchased did not bear a government warning concerning the consumption of alcoholic beverages, or any other warning concerning the alcoholic content of the products, and Ms. Manire did not have to show any identification of her age in order to purchase the products. Ms. Manire would not have purchased the products had she known that they contained significant levels of alcohol or were considered alcoholic beverages. Ms. Manire suffered injury in fact and lost money as a result of Millennium's deceptive, misleading, unfair and fraudulent practices described herein. Further, should Ms. Manire encounter any Enlightened Kombucha in the future, she could not rely on the truthfulness of the labels' statements characterizing the nature and level of antioxidants in the beverages, absent corrective advertising or the addition of antioxidant nutrients with established RDIs to the beverages. In addition, should Ms. Manire encounter any Enlightened Kombucha products in the future, she could not rely on the labels' statement that the products only contain a "trace amount of alcohol." However, Ms. Manire would still be willing to purchase the current formulations of Enlightened Kombucha, absent the price premium, so long as Millennium engages in corrective advertising.

8.    Defendant Millennium Products, Inc. is a California corporation located at 4646 Hampton St., Vernon, California 90058. Millennium manufactures,

advertises, sells, distributes, and markets Enlightened Kombucha as alleged herein nationwide, including in California and New York.  Millennium's misleading marketing, advertising and product information concerning the character and level of antioxidants in Enlightened Kombucha was conceived, reviewed, approved, and otherwise controlled from Millennium's California headquarters.  Millennium's misleading marketing concerning the antioxidant content of Enlightened Kombucha was coordinated at, emanated from, and was developed at its California headquarters.  Further, Millennium's misleading marketing, advertising and labeling concerning the alcohol content of Enlightened Kombucha was conceived, reviewed, approved, and otherwise controlled from Millennium's California headquarters.  Millennium's misleading marketing and labeling concerning the alcohol content of Enlightened Kombucha was coordinated at, emanated from, and was developed at its California headquarters.  All critical decisions regarding the misleading antioxidant and alcohol marketing of Enlightened Kombucha were made in California.  Further, Millennium's website instructs that customer correspondence be directed to a California address.

9.     Defendant Whole Foods Market, Inc. is a Texas corporation and is headquartered in Austin, Texas.  Defendant Whole Foods Market, Inc. sells, distributes, and advertises Enlightened Kombucha as alleged herein nationwide, including in California and New York.

8.

**JURISDICTION AND VENUE**

9. 10.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000, exclusive of interest and costs, and Plaintiffs, as well as most members of the proposed class, are citizens of

1  states different from the states of Defendants. ~~Millennium has~~Defendants have sold

2  hundreds of thousands, if not millions, of bottles of Enlightened Kombucha.

3  ~~10.~~11. This Court has general jurisdiction over ~~Defendant~~ Millennium because

4  ~~Defendant~~ it is headquartered in California.  Further, ~~Defendant~~ the Court has

5  general jurisdiction over all Defendants because Defendants conducts substantial

6  business within California such that Defendants ~~has~~ have significant, continuous, and

7  pervasive contacts with the State of California.

8  ~~11.~~12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the

9  challenged mislabeling, misbranding, and marketing practices have been

10 disseminated and committed in this District and because ~~Defendant~~ Millennium is

11 headquartered in this District.

12                **FACTS COMMON TO ALL CAUSES OF ACTION**

13 **~~Millennium's~~Defendants' "Non-Alcoholic" Kombucha Beverages Are Greater Than .5% Alcohol By Volume**

14 ~~12.~~13. Millennium's GT's Kombucha Beverages – comprised of the "G.T.'s

15 Kombucha" and "Synergy" brands - are nearly identical products, with identical

16 advertising, using different names.  The name "kombucha" itself comes from the

17 common name for what is essentially a fermented tea drink.  Kombucha is made of

18 tea that ferments for up to a month while a "blob" of bacteria known as "scoby" (for

19 symbiotic colony of bacteria and yeast) floats on top.  The scoby purportedly "eats

20 the sugar, tannic acids, and caffeine in the tea, and creates a cocktail of live

21 microorganisms."  Basic chemistry explains that the scoby converts the sugar into

22 carbon dioxide and alcohol.  Millennium's "G.T.'s Kombucha" brand is advertised

23 as 100 percent kombucha, while the bottles of the "Synergy" brand are labeled as

24 "95% G.T.'s Kombucha," with the other 5 percent consisting of various juices added

25 for taste.

26 ~~13.~~14. In 2010, major retailers throughout the country, including Defendant

27 Whole Foods Market, Inc., were forced to immediately stop selling GT's Kombucha

28

~~THIRD~~ FOURTH AMENDED CLASS ACTION COMPLAINT                               8
CASE NO. 2:15-CV-01801-PSG-AJW

Beverages because it was discovered that the beverages contained alcohol levels as high as 2.5 percent by volume, roughly five times the legal limit for non-alcoholic beverages.  In response, Millennium released an "Enlightened" line of the products, named "Enlightened Synergy" and "GT's Enlightened Kombucha," and a "Classic" line of kombucha products.  The Enlightened line was purportedly slightly altered to ensure that the products did not exceed the 0.5 percent alcohol by volume threshold, while the Classic retained the original alcoholic formula.  The labels of the "Classic" line state:

> NOTE TO OUR BELOVED FANS: GT's Kombucha is raw and alive, hand-crafted by nature and made with the best intentions.  We refuse to do anything that could compromise our product's integrity or effectiveness.  That's why we h... we make our...



15.    A display on ~~Defendant's~~ Millennium's website summarized that the "Classic" line retained the "Original" alcoholic formula:

> Once An Original…Now A Classic.

~~14.~~   We're proud to bring back the formula that started it all.  Must be 21 years or older to purchase.

15.16. Millennium's transition from a single line of kombucha beverages to two separate lines of kombucha beverages, the "Classic" and "Enlightened" lines, however, is a sham.  In fact, both the Classic and Enlightened versions of the products contain alcohol above the 0.5 percent by volume threshold set by Federal and State laws regulating the sale, marketing, labeling, and distribution of alcoholic beverages.

16.17. The front of the labels of the Classic line, including Classic Kombucha and Classic Synergy,[2] now bear a prominent display stating, in capitalized letters, "CONTAINS ALCOHOL MUST BE 21 OR OLRDER TO PURCHASE."  The beverages' caps or lids are wrapped in a removable wrapping stating "over 21."  The Classic line of beverages also include the following federally mandated government warning on their labels:

GOVERNMENT WARNING: (1) ACCORDING TO THE SURGEON
GENERAL, WOMEN SHOULD NOT DRINK ALCOHOLIC BEVERAGES
DURING PREGNANCY BECAUSE OF THE RISK OF BIRTH DEFECTS.
(2) CONSUMPTION OF ALCOHOLIC BEVERAGES IMPAIRS YOUR

---

[2] *See* Exhibit A for an example of a Classic Kombucha label.  *See* Exhibit B for an example of a Classic Synergy label.

ABILITY TO DRIVE A CAR OR OPERATE MACHINERY, AND MAY
CAUSE HEALTH PROBLEMS.

Just below the government warning, the Classic labels state: "Kombucha is a
cultured tea that is low in alcohol however federal law requires a warning statement
on any product that may contain more than 0.5% of alcohol per volume."



17.18. Just below the Nutrition Facts section, the Classic labels state: "**This
product is considered a beer** and contains a natural effervescence.  Please open
carefully." (emphasis added).

18.19. The labels of the Enlightened line, however, do not contain any of the
aforementioned displays, warnings, or markings concerning the alcohol content of
the beverages.  Unlike the Classic line, the Defendants sell the Enlightened line is
sold to persons of any age, including those under the age of 21.  The only mention of
alcohol on the labels of the Enlightened line is a note below the Nutrition Facts
section stating that "This product contains a trace amount of alcohol."  The following
is an image of a bottle of "Classic" Synergy: Strawberry Serenity and "Enlightened"
Synergy: Strawberry Serenity:

As can be seen in the image, the "Classic" beverage bears the aforementioned wrapping stating "over 21" on the lid and a prominent "CONTAINS ALCOHOL" statement on the front of the label, while the "Enlightened" label is silent as to any potential alcohol in the beverage.

    19.20. On every label of every flavor of Enlightened Kombucha, the first ingredient is listed as either "100% G.T.'s organic raw kombucha" (on the Enlightened Kombucha bottles) or "G.T.'s organic raw kombucha" (on the Enlightened Synergy lines).  Just below the Nutrition Facts section of the labels, each label of every flavor of Enlightened Kombucha states, in bold capital letters

surrounded by two "heart" (♥) graphics, "♥ THIS IS A RAW FOOD ♥." Just after this statement, the flavors of Enlightened Kombucha that do not contain chia seeds state "Strands of the culture may appear. These are natural, normal & occur in raw kombucha."

20.21. While pasteurized versions of kombucha products are non-alcoholic, as the pasteurization kills the yeast in the kombucha, raw (unpasteurized) versions of kombucha become alcoholic over time as the living yeast in the beverage converts sugars into alcohol. Such natural conversion of sugar to alcohol in unpasteurized kombucha beverages can result in alcohol levels as high as 4 percent alcohol by volume, roughly the same alcohol content as regular beer.

21. Because both the "Classic" and "Enlightened" versions of Millennium's kombucha beverages are unpasteurized, each set of beverages predictably undergoes a natural fermentation process where the yeast in the beverages converts the sugar in the products into alcohol. While Millennium claims that it has found a way to brew its Enlightened line of products such that the products never cross the 0.5 percent alcohol threshold post-bottling, several rigorous independent tests show that each of the beverages in the Enlightened line contains greater than 0.5 percent alcohol by volume, are often as alcoholic as their "alcoholic" "Classic" counterpart, and, in some cases, are as alcoholic as traditional beer.

22.

**Millennium's History Of Fraudulently Manufacturing Kombucha Beverages With Alcohol Levels Above The 0.5 Percent Alcohol By Volume Threshold**

22.23. Millennium's fraudulent marketing and labeling of its kombucha beverages as non-alcoholic, when in fact they contain substantial amounts of alcohol, stretches back at least several years before the 2010 recall, and likely to the formation of the company in 1995.

THIRD FOURTH AMENDED CLASS ACTION COMPLAINT                                    13
CASE NO. 2:15-CV-01801-PSG-AJW

1       ~~23.~~24. For example, on September 1, 2006, Millennium reached a settlement

2 with the Bureau of Alcohol, Tobacco and Firearms (currently operating as the

3 Alcohol and Tobacco Tax and Trade Bureau or "TTB") for selling kombucha

4 beverages "that contained over 0.5% alcohol without having a basic permit, a

5 violation of 27 U.S.C. 203(b)(1)&(2) and 27 CFR 24.106" and for selling such

6 beverages "without the proper labels [or] labels approvals," and for distributing the

7 products "without the government warning statement, a violation of 27 U.S.C. 215(a)

8 and 27 CFR 16.21."[3]

9       ~~24.~~25. In 2010, an inspector from the Maine Department of Agriculture noticed

10 that some bottles of kombucha were leaking and bubbling in one of Defendant

11 Whole Foods Market, Inc.'s Portland stores~~a Portland Whole Foods~~, sparking

12 Federal Drug Administration ("FDA") and TTB investigations concerning the

13 alcohol content of various kombucha products, including GT's Kombucha. After it

14 was discovered that many kombucha products had alcohol levels as high as 2.5

15 percent by volume, ~~retailers~~ Defendant Whole Foods Market, Inc. pulled kombucha

16 products, including GT's Kombucha products, off the shelves.

17       ~~25.~~26. Several other manufacturers of kombucha beverages, such as Honest

18 Tea, owned and operated by the Coca-Cola Company, were unable to reformulate

19 their kombucha beverages to ensure that the products never crossed the 0.5 alcohol

20 by volume threshold at retail or consumption. "Despite reformulating its kombucha

21 drinks in August 2010, Honest Tea found that the level of alcohol in Honest

22 Kombucha – when left at room temperature – increased beyond 0.5 percent. Citing

23 the difficulty in maintaining legal alcohol levels, Honest Tea discontinued the line in

24 December 2010."[4]

25     [3] A copy of the charge and settlement agreement is attached to this Complaint as

26 Exhibit C.
    [4] Ray Latif, *Kombucha Class Action Suits Settled with GT's, Honest Tea*,

27 BevNet.com, Nov. 8, 2011. Available at http://www.bevnet.com/news/2011/kombucha-class-action-suits-settled-with-gts-

28 honest-tea (last accessed Sept. 17, 2015).

26.27. Millennium's C.E.O., GT Dave, however, "was unwilling to radically change [its] process." While "[s]ome brewers use pasteurization to help control the alcohol content in their products, or ferment for shorter periods and add forced carbonation," GT Dave claimed that Millennium "changed the potential for alcohol by controlling the chemistry of the fermentation" for its Enlightened line of kombucha beverages.[5] As described above, the Enlightened line is a "raw" and "unpasteurized" kombucha, necessarily meaning that the beverages continue to ferment and increase in alcohol over time, especially if left unrefrigerated for even short periods of time. Whatever changes Millennium made to its Enlightened line, if any, are ineffective at curbing the accumulation of alcohol in the products past 0.5 percent alcohol by volume through the normal and expected use of the products.

**Testing from TTB Accredited Laboratories Shows that the Enlightened Line of GT's Kombucha Beverages has Greater than 0.5 Percent Alcohol by Volume**

27.28. Two independent, TTB certified laboratories, Brewing & Distilling Analytical Services, LLC and ETS Laboratories, conducted tests on multiple batches of GT's Enlightened Kombucha and Enlightened Synergy beverages. Each test showed that every bottle of the products tested contained a level of alcohol by volume greater than 0.5 percent.

28.29. Brewing & Distilling Analytical Services LLC ("BDAS") conducted tests to determine the level of alcohol by volume in the following products: GT's Enlightened Lavender No. 3, GT's Enlightened Gingerade, GT's Enlightened Multi-Green, GT's Enlightened Citrus, GT's Enlightened Bilberry No. 9, Enlightened Synergy Cosmic Cranberry, Enlightened Synergy Passionberry Bliss, Enlightened Synergy Guava Goddess, Enlightened Synergy Trilogy, and Enlightened Synergy Gingerberry.

---

[5] Tom Foster, *Meet the King of Kombucha*, Inc., March 2015. Available at http://www.inc.com/magazine/201503/tom-foster/the-king-of-kombucha.html (last accessed Sept. 17, 2015).

Formatted: Space After:  6 pt

29.30. Each of these products was subjected to four tests conducted on four separate batches of products. None of the products had passed their stated expiration date at the time of testing.

30.31. BDAS conducted the following four tests on each of the aforementioned products: (1) test for alcohol by volume one week after purchase where the product was refrigerated prior to testing; (2) test for alcohol by volume one week before the listed expiration date where the product was refrigerated prior to testing; (3) test for alcohol by volume one week after purchase where the product was kept at room temperature prior to testing; (4) test for alcohol by volume one week prior to the listed expiration date where the product was kept at room temperature prior to testing.

31.32. The smallest percentage of alcohol by volume detected among all the products tested by BDAS amongst all four of the testing methods was 0.96 percent alcohol by volume. Not a single product tested was below the federally mandated 0.5 percent alcohol by volume limit. In fact, a majority of the products tested well above 2 percent alcohol by volume at some point prior to the listed expiration date. Further, many of the products tested at close to three percent alcohol by volume at some point prior to the listed expiration date, with one product, Enlightened Synergy Trilogy, testing at 3.81 percent alcohol by volume one week prior to the expiration date.

32.33. ETS Laboratories conducted similar testing that led to similar results. ETS Laboratories conducted tests concerning the alcohol content of the following products: GT's Enlightened Kombucha Multi Green, GT's Enlightened Kombucha Lavender No. 3, GT's Enlightened Kombucha Original, GT's Enlightened Kombucha Gingerade, GT's Enlightened Kombucha Citrus, Enlightened Synergy Cosmic Cranberry, Enlightened Synergy Guava Goddess, Enlightened Synergy Strawberry Serenity, Enlightened Synergy Mystic Mango, Enlightened Synergy

Raspberry Chia, Enlightened Synergy Grape Chia, Enlightened Synergy Black Chia, Enlightened Synergy Trilogy, Enlightened Synergy Passionberry Bliss, and Enlightened Synergy Gingerberry.

33.34. As with the BDAS testing results, the ETS Laboratories results showed that not a single product tested was below the federally mandated 0.5 percent alcohol by volume limit.

**Every Enlightened Kombucha Bottle Violates A Host of Federal and State Laws Regulating The Labeling Of Alcoholic Beverages**

34.35. On the TTB's website, the TTB states that "TTB's initial testing of kombucha in the marketplace reveals that many of these products contain at least 0.5 percent alcohol by volume.  These products are alcohol beverages and are consequently subject to regulation."[6]  The TTB states that its "primary concern is to ensure that consumers are not misled about the nature of alcohol beverage products that might be marketed as non-alcoholic beverages.  It is important that consumers are adequately informed about the nature of these products."

35.36. In the Frequently Asked Questions portions of its website, the TTB explains in a series of questions and answers the various labeling requirements kombucha beverages must meet if they have more than 0.5 percent alcohol by volume.[7]  One of the "questions" is "Are kombucha containers required to bear a health warning statement?"  The TTB "answers" that "[t]he container of any alcohol beverage product sold or distributed in the United States with an alcohol content of 0.5 percent or more must bear the health warning statement required by the Alcoholic Beverage Labeling Act of 1998 (ABLA)," citing 27 C.F.R. § 16.  In turn, 27 C.F.R. § 16.10 defines "Alcoholic beverage" as "any beverage in liquid form which contains not less than one-half of one percent (.5%) of alcohol by volume and is intended for human consumption."  27 C.F.R. § 16.20 goes on to state that "no

---

[6] http://www.ttb.gov/faqs/kombucha-faqs.shtml (last accessed on Sept. 17, 2015).
[7] *See id.*

THIRD FOURTH AMENDED CLASS ACTION COMPLAINT                                    17
CASE NO. 2:15-CV-01801-PSG-AJW

**Formatted:** Space After:  6 pt, Add space between paragraphs of the same style

person shall bottle for sale or distribution in the United States any alcoholic beverage unless the container of such beverage bears the health warning statement required by § 16.21."

36.37. 27 C.F.R. § 16.21 states that "[t]here shall be stated on the brand label or separate front label, or on a back or side label, separate and apart from all other information, the following statement: GOVERNMENT WARNING: (1) According to the Surgeon General, women should not drink alcoholic beverages during pregnancy because of the risk of birth defects. (2) Consumption of alcoholic beverages impairs your ability to drive a car or operate machinery, and may cause health problems."

37.38. The TTB's Frequently Asked Questions also pose the following question: "What if my kombucha product contains less than 0.5 percent alcohol by volume at the time of bottling, but the alcohol content increases to 0.5 percent or more due to continued fermentation in the bottle."  The TTB answers that "[u]nder the law, TTB considers these products alcohol beverages and, as such, the applicable tax rate applies as does the requirement to show the health warning statement."  The TTB goes on to state that "the regulations provide that brewers must use a method of production to ensure that the alcohol content will not increase while in the original container after removal from the brewery."

38.39. The TTB also poses the following question: "What if my kombucha is intended to be kept refrigerated, but it is stored by the retailer in an unrefrigerated area, and the alcohol content increases to 0.5 percent alcohol by volume."  The TTB answers that "[r]efrigeration of the product is not an adequate method of ensuring that the alcohol content will not increase while in the original container after removal, because you cannot control whether the product will be refrigerated after removal…[Y]ou must use a method of manufacture (such as pasteurization) that will

1   ensure that the alcohol content of the beverage will not increase while in the original

2   container after removal."

3        39.40. Further, the TTB has stated that certain "beers," including kombucha

4   products, "which are not made from both malted barley and hops but are instead

5   made from substitutes for malted barley (such as sorghum, rice, or wheat) or are

6   made without hops" "must comply with FDA labeling requirements."[8]  The FDA

7   clarifies that such alcoholic beverages are subject to the nutrition labeling

8   requirements set out at 21 C.F.R. 101.9, and the general requirements of 21 C.F.R.

9   101.3 and 21 C.F.R. 101.4.[9]  As Enlightened Kombucha is "not made from both

10  malted barley and hops" and is "made without hops," Enlightened Kombucha is also

11  subject to the general nutrition labeling requirements set out by the FDA.

12  Accordingly, the labels of Enlightened Kombucha are subject to the "false and

13  misleading" standard of 21 U.S.C. § 343(a)(1), 21 C.F.R. § 101.54(g) (discussed

14  below), and the corresponding state law counterparts that track the federal standards.

15  *See, e.g.*, Cal. Health & Safety Code § 110100 ("All food labeling regulations and

16  any amendments to those regulations adopted pursuant to the federal act … shall be

17  the food labeling regulations of this state."); 1 N.Y.C.R.R. § 259.1 (same).  Because

18  both the Classic and Enlightened lines contain alcohol above 0.5 percent by volume,

19  and only the Classic line bears the appropriate government warnings, the

20  Enlightened line is misbranded under the FDA's labeling requirements, California's

21  Sherman Food Drug & Cosmetic Law and New York's Agriculture and Marketing

22  Law, discussed in greater detail below.

23  _____

23  [8] *Id.*; U.S. Food and Drug Administration, *Guidance for Industry: Labeling of*
24  *Certain Beers Subject to the Labeling Jurisdiction of the Food and Drug*
    *Administration*, December 2014.  Available at
25  http://www.fda.gov/Food/GuidanceRegulation/GuidanceDocumentsRegulatoryInfor
    mation/LabelingNutrition/ucm166239.htm#ref4 (last accessed Sept. 17, 2015).
26  [9] U.S. Food and Drug Administration, *Guidance for Industry: Labeling of Certain*
    *Beers Subject to the Labeling Jurisdiction of the Food and Drug Administration*,
27  December 2014.  Available at
    http://www.fda.gov/Food/GuidanceRegulation/GuidanceDocumentsRegulatoryInfor
28  mation/LabelingNutrition/ucm166239.htm#ref4 (last accessed Sept. 17, 2015).

1    40.41. Millennium's Defendants' sale and marketing of the Enlightened line as

2    non-alcoholic, when in fact it contains substantial amounts of alcohol, also violates a

3    host of State consumer health and safety regulations.  For example, California Health

4    & Safety Code Section 25249.2 provides that "[n]o person in the course of doing

5    business shall knowingly and intentionally expose any individual to a chemical

6    known to the state to cause cancer or reproductive toxicity without first giving clear

7    and reasonable warning to such individual, except as provided in Section 25249.10."

8    The method of warning should be a warning that appears on the product's label.  See

9    27 Cal. Code of Reg. § 25603(c).  Pursuant to Proposition 65, the Safe Drinking

10   Water and Toxic Enforcement Act ("Proposition 65"), California recognizes "Ethyl

11   alcohol in alcoholic beverages" as a chemical known to cause reproductive toxicity.

12   27 Cal. Code of Reg. § 27001(c).  "Alcoholic beverage" includes "every liquid or

13   solid containing alcohol, spirits, wine, or beer, and which contains one-half of one

14   percent or more of alcohol by volume and which is fit for beverage purposes either

15   alone or when diluted, mixed, or combined with other substances."  *Consumer*

16   *Cause, Inc. v. Arkopharma, Inc.* (2003) 106 Cal. App. 4th 824, 829 (citing Cal. Bus.

17   & Prof. Code § 23004).  Because Enlightened Kombucha in fact contains "one-half

18   of one percent or more of alcohol by volume," but the labels do not bear the

19   appropriate warning, the products violate Proposition 65.  A warning statement

20   identical to the one prescribed by 27 C.F.R. § 16.21 would suffice to comply with the

21   law and to notify consumers.

22        41.42. While Plaintiffs do not know whether Enlightened Kombucha is below

23   0.5 alcohol by volume at the moment it leaves Millennium's distribution center, what

24   is clear is that the beverages are significantly above the 0.5 threshold at the time of

25   sale and consumption, and are almost as alcoholic as traditional beer a week before

26   their stated expiration dates.  Under federal law, Millennium Defendants cannot turn

27   a blind eye to what happens to its Enlightened Kombucha products after they leave

28

THIRD FOURTH AMENDED CLASS ACTION COMPLAINT                          20
CASE NO. 2:15-CV-01801-PSG-AJW

1   ~~its~~ Millennium's facilities, and, considering similar instances of high alcohol levels

2   in Millennium's kombucha products in 2006 and 2010, Plaintiffs allege on

3   information and belief that Millennium knowingly and willfully distributes

4   Enlightened Kombucha in violation of Federal and State laws that require such

5   beverages to contain the government warning, as set out above.

6          ~~42.~~ 43. Millennium's unwillingness to treat the 0.5 alcohol by volume threshold

7   seriously can be seen through Millennium C.E.O.'s statements in 2010 concerning

8   being forced to release the Enlightened line due to the recall.  Millennium's C.E.O.

9   stated in an interview:

10          The whole .5% alcohol threshold is so arbitrary.  It's acting like .4% is not

11          going to do anything but .6% is gonna get you wasted.  It's not.  A lot of these

12          laws and regulations were created in the 1920's.  You can get more alcohol in

13          your system from mouthwash, cough syrup, vanilla extract, cooking wine, an

14          herbal tincture or a dozen other products…It's a little distorted.[10]

15   In another interview given around the same time, Millennium's C.E.O. stated:

16          Most of these laws [regarding alcohol content of store-sold beverages] were

17          written around the prohibition period, and the .5 percent threshold is very

18          arbitrary – **there is really no difference with a product that is slightly**

19          **below or above**…Our long-term goal is to change legislation, a mission that

20          will take some time.  **We are being asked to control something that is out of**

21          **our control**…That's why it was a confusing time.[11]

22   (emphasis added).  But whatever long-term goals Millennium may have about

23   changing legislation are irrelevant to the fact that the 0.5 alcohol by volume

24   threshold is the law of the land.  There is a very big difference between a beverage

---

[10] Kombuchakamp.com, *GT Dave – Exclusive Interview*, 2010.  Available at
https://www.kombuchakamp.com/update-gts-original-enlightened-kombucha-on-the-
way-will-stay-raw-and-true-to-ourselves (last accessed on Sept. 18, 2015).
[11] Kelly Green, *What Happened to GT Dave's Kombucha?*, Phoenix New Times,
Oct. 21, 2010.  Available at http://www.phoenixnewtimes.com/restaurants/what-
happened-to-gt-daves-kombucha-6533129 (last accessed on Sept. 18, 2010).

under and over this limit, as underscored throughout federal and state law in this field going back to the 1930's, the fall of prohibition, and before.  One is lawful and the other is not.  Further, as discussed above, the Enlightened line is not "slightly" above the legal limit.  In fact, most of the beverages in the Enlightened line are at least double the legal limit, with some reaching over seven times the legal limit one week prior to their listed expiration dates.  If the natural fermentation of the Enlightened line, such that the beverages become more alcoholic than permitted by law, is "something that is out of [Millennium's] control," ~~Millennium~~ Defendants cannot and should not sell the products.

~~43.~~44. Millennium's marketing of the Enlightened line as the non-alcoholic version of its Classic line is highly misleading to a reasonable consumer.  Because the Enlightened products do not include any warnings concerning the significant presence of alcohol, consumers, including Plaintiffs, are led to believe that the products are safe to consume when driving a car or operating machinery and pose no safety concerns.  To make matters worse, the labels of the Enlightened line state:

**Suggested Use: For best results, drink at least one bottle a day.  Product can be consumed before, during, or after meals.**

A "Suggested Use" of an alcoholic beverage of "at least one bottle a day" at any time of the day, including on an empty stomach, and potentially with other medication, creates a very serious health hazard.  Like any other forms of alcohol, Enlightened kombucha may in fact cause health problems, is not safe to consume while driving or operating machinery, and may increase the chance of birth defects if consumed during pregnancy.  For these reasons, Enlightened Kombucha must bear the government warning mandated by 27 C.F.R. § 16.21 and is misbranded under State and Federal law.

**Millennium's Unlawful And Misleading Characterization Of Antioxidants**

44. 45. Millennium lures customers to buy Enlightened Kombucha with promises that the beverages are packed with "powerful" antioxidants.  But Millennium's advertising flies in the face of identical state and federal laws that bar manufacturers from spouting "antioxidant" claims without including antioxidant *nutrients*, like Vitamins A, C, D, or E, in their beverages to back up their advertising. Tea antioxidants, like EGCG, are not antioxidant nutrients.  Since Enlightened Kombucha does not include any antioxidant nutrients identified by the FDA as a source of real nutrition, Millennium's labeling and advertising deceives consumers into believing that all antioxidants are created equal and that Enlightened Kombucha is a source of nutritional antioxidants.

45. 46. Specifically, by law, Millennium must disclose on the labels of Enlightened Kombucha precisely which *nutrients* have antioxidant properties. Further, each of these nutrients must have established Reference Daily Intake ("RDI") standards set by the FDA to prevent manufacturers from claiming that tea is a nutritional source of antioxidants.

46. 47. Enlightened Kombucha claims to contain a "unique blend" of "powerful antioxidants," but does not contain even a single antioxidant nutrient with an established RDI.  Indeed, Enlightened Kombucha is a type of tea, and the FDA considers tea a food of no nutritional significance.  As such, ~~Defendant's~~ Millennium's labels are misbranded and misleading.

47. 48. Every flavor in the Enlightened line that does not contain chia seeds[12] bears the following nutrient content claims characterizing the level of antioxidants on the bottles' labels:

- "It has a lighter and smoother personality than our original formula with the same high nutritional value that you expect from us.  With a

---

[12] The following flavors of Enlightened Synergy contain chia seeds: Black Chia, Cherry Chia, Grape Chia, Green Chia, and Raspberry Chia.  None of the flavors of GT's Enlightened Kombucha contain chia seeds.

1    unique blend of proprietary probiotics and powerful antioxidants, each

2    bottle is designed to nourish your body from the inside out." [13]

3    48.49. Every flavor in the Enlightened Synergy line that contains chia seeds

4    bears the following nutrient content claims characterizing the level of antioxidants on

5    the bottles' labels:

6    • "RAW CHIA = RAW ENERGY.  Often called 'runner's food', chia is

7        a nutrient-rich superfood that provides sustained energy for your body.

8        Packed with more than 8 times the omega-3s found in salmon, this

9        small seed has big nutritional value.  With more antioxidants than

10       blueberries and more fiber than oatmeal, see for yourself how chia

11       brings new life to our GT's Kombucha." [14]

12   49.50. The "Nutrition Facts" panel of every flavor of Enlightened Kombucha

13   contains an "ANTIOXIDANTS & ORGANIC ACIDS" segment, which lists "EGCG

14   100mg" as the amount and type of "antioxidants" in the bottles.

15   50.51. Millennium's common advertising campaign has, for years, touted

16   statements characterizing antioxidants in Enlightened Kombucha as one of the

17   primary reasons to buy the products.  In turn, consumers relied and continue to rely

18   on Millennium's characterization of antioxidants in Enlightened Kombucha when

19   purchasing the products.

20   **Enlightened Kombucha Is Misbranded Under Identical State And Federal Laws**

21   51.52. Identical federal and California laws regulate the content of labels on

22   packaged food.  The requirements of the federal Food, Drug & Cosmetic Act

23   ("FDCA") were adopted by the California legislature in the Sherman Food Drug &

24   Cosmetic Law (the "Sherman Law").  Under California law "[a]ny food is

25   misbranded if its labeling does not conform with the requirements for nutrient

26   _____

27   [13] *See* Exhibit D for an example of an Enlightened Synergy label.  *See* Exhibit E for an example of a GT's Enlightened Kombucha label.

28   [14] *See* Exhibit F for an example of an Enlightened Synergy with Chia label.

content or health claims as set forth in Section 403(r) [21 U.S.C. Sec. 343(r)] of the
federal act and the regulations adopted pursuant thereto."  California Health & Safety
Code § 110670.

52.53. Similarly, New York law also adopts by reference the regulatory
requirements under the FDCA.  New York's Agriculture and Marketing Law
provides in language that mirrors the FDCA, that food shall be deemed misbranded
"[i]f its labeling is false or misleading in any particular." N.Y. Agm. Law § 201(1).
Moreover, Part 259.1 of Title 1 of the New York Codes, Rules and Regulations of
the State of New York (1 N.Y.C.R.R. § 259.1), incorporates by reference the
regulatory requirements for food labeling under the FDCA:

> For the purpose of the enforcement of article 17 of the Agriculture and
> Markets Law, and except where in conflict with the statutes of this State or
> with rules and regulations promulgated by the commissioner, the
> commissioner hereby adopts the current regulations as they appear in title 21
> of the Code of Federal Regulations (revised as of April 1, 2013) ... in the area
> of food packaging and labeling as follows: ... (3) Part 101 of title 21 of the
> Code of Federal Regulations, containing the Federal definitions and standards
> for Food Labeling (including Appendices) ...

53.54. Nutrient content claims using the term "antioxidant" must comply with
the requirements listed in 21 C.F.R. 101.54(g).  Under 21 C.F.R. § 101.54(g), a
nutrient content claim that characterizes the level of antioxidant nutrients present in a
food may only be used if: "(1) An RDI (Reference Daily Intake) has been established
for each of the nutrients;  (2) The nutrients that are the subject of the claim have
recognized antioxidant activity ... ; (3) The level of each nutrient that is the subject
of the claim is sufficient to qualify for the [type of claim made]; and (4) The names
of the nutrients that are the subject of the claim are included as part of the claim
(e.g., 'high in antioxidant vitamins C and E').  Alternatively, when used as part of a
nutrient content claim, the term 'antioxidant' or 'antioxidants' (as in 'high in
antioxidants') may be linked by a symbol (e.g. an asterisk) that refers to the same
symbol that appears elsewhere on the same panel of the product label followed by

the name or names of the nutrients with recognized antioxidant activity."  The use of a nutrient content claim that uses the term "antioxidant" but does not comply with the requirements of 21 C.F.R. 101.54(g) misbrands a product under section 403(r)(2)(A)(i) of the Act.

54.55. The regulations regarding antioxidant nutrient content claims have been made clear by prior FDA actions targeting similar or identical claims.  For example, on August 23, 2010, the FDA sent Unilever, Inc. a warning letter that specifically identified unauthorized antioxidant nutrient content claims that Unilever made on Lipton Green Tea's label and on its website.  In the letter, the FDA explained that the statement "LIPTON Tea is made from tea leaves rich in naturally protective antioxidants," did not comply with 21 C.F.R. 101.54(g) because it did not "include the nutrients that are the subject of the claim or use a symbol to link the term 'antioxidant' to those nutrients."  Accordingly, the FDA determined that the claim misbranded Lipton Green Tea under section 403(r)(2)(A)(i) of the Act.  Likewise, the FDA concluded that the statement "packed with protective FLAVONOID ANTIOXIDANTS" did not comply with 21 C.F.R. 101.54(g) because no RDI has been established for flavonoids.  Because the statements were unauthorized nutrient content claims, the FDA concluded that Lipton Green Tea was misbranded. [15]

55.56. The FDA has explained that violations of 21 C.F.R. 101.54(g) occur even where a nutrient with an established RDI is present in a food bearing a label using the term "antioxidant" if the nutrient with the established RDI does not account for 100% of the claimed antioxidant value.  On August 30, 2010, the FDA sent a letter to the Dr. Pepper Snapple Group, manufacturers of Canada Dry Sparkling Green Tea Ginger Ale, warning that its labels were misbranded pursuant to 21 C.F.R. 101.54(g).  The FDA explained:

> The nutrient content claim for your Sparkling Green Tea Ginger Ale product of "ENHANCED WITH 200 mg OF ANTIOXIDANTS FROM GREEN TEA

---

[15] *See* 8/23/2010 FDA Warning Letter to Unilever, Inc. attached hereto as Exhibit G.

& VITAMIN C** .... **Each 8 oz serving contains 200 mg of antioxidants from Green Tea Flavonoids and Vitamin C" identifies Vitamin C as a nutrient associated with the antioxidant claim. Vitamin C is a nutrient that is a recognized source of antioxidants. Your Nutrition Facts panel declares Vitamin C at 100% of the Daily Reference Value (DRV), which accounts for 60 mg of the claimed 200 mg of antioxidants. According to the nutrient content claim on your product label, the remainder 140 mg of antioxidants must be derived from green tea or green tea flavonoids, which are not nutrients with recognized antioxidant activity under 21 CFR § 101.54(g)(2). Therefore, the claim "ENHANCED WITH 200 mg OF ANTIOXIDANTS FROM GREEN TEA & VITAMIN C** .... **Each 8 oz serving contains 200 mg of antioxidants from Green Tea Flavonoids and Vitamin C" does not meet the requirements of 21 CFR 101.54(g) and misbrands your product under section 403(r)(1)(A) of the Act [21 U.S.C. § 343(r)(1)(A)). [16]

56.57. Of particular relevance here, the labels of Enlightened Kombucha claim that the "Antioxidants" found in the beverages are 100 milligrams of "EGCG." EGCG stands for Epigallocatechin gallate, and is a type of catechin commonly found in tea. On February 22, 2010, the FDA sent a letter to Redco Foods, Inc. warning Redco that its green tea products violated the FDCA. The FDA determined that Redco's green tea label bore the following unauthorized nutrient content claim:

One of the antioxidants known as EGCG (Epigallocatechin gallate) is abundantly found in tea leaves.

The FDA determined that the claim did not comply with 21 C.F.R. 101.54(g)(1) because no RDI has been established for EGCG.[17] In another example, on April 20, 2011, the FDA sent a letter to Diaspora Tea & Herb Co., LLC, the manufacturer of Rishi brand teas, warning the company that its White Tea products were misbranded. The FDA determined that the following label claim was an unauthorized nutrient content claim pursuant to 21 C.F.R. 101.54(g)(1) because "White Tea" does not have an established RDI:

---

[16] *See* 8/30/2010 FDA Warning Letter to Dr Pepper Snapple Group, attached hereto as Exhibit H.
[17] *See* 2/22/2010 FDA Warning Letter to Redco Foods, Inc. attached hereto as Exhibit I.

White Tea…contain[s] high concentrations of …antioxidant polyphenols (tea catechins)…[18]

(Omissions and alterations in original).  The marketing of EGCG as the antioxidants in Enlightened Kombucha is misleading and misbrands the products because neither tea nor EGCG are recognized nutrients under the FDCA.

57.58. Further, the labels of Enlightened Kombucha that contain chia seeds tout that "chia is a nutrient-rich superfood," that chia "has big nutritional value" and that the chia in the beverages contains "more antioxidants than blueberries."  In a July 26, 2013 letter to Waterwheel Premium Foods Pty Limited, the FDA stated that the statement "Chia seeds are known to be an important source of … antioxidants" on a food product label violates 21 C.F.R. 101.54(g) because it does not name the nutrients that are the subject of the antioxidant claim.  Despite Millennium's statements that chia is a "nutrient-rich superfood" and has "big nutritional value," chia itself is not a nutrient, and, accordingly, chia is not a nutrient with an established RDI.  In another example, in a May 24, 2013 letter to Crop Pharms, the FDA determined that the statement "Black Currants have twice the antioxidants of Blueberries" on a food product violates 21 C.F.R. 101.54(g) because it "characterizes the level of" antioxidants but does not disclose any nutrients with an established RDI.  The statement that chia contains "more antioxidants than blueberries" characterizes the level of antioxidant in Enlightened Kombucha, misbrands the products, and misleads consumers.

58.59. In addition, beverages in the Enlightened line that do not contain chia seeds claim that they have a "high nutritional value" and have a "unique blend of … powerful antioxidants."  In a January 31, 2012 letter to CAW Industries, Inc., the FDA stated that the statement "very powerful antioxidant" characterizes the level of antioxidants in a product and violates the requirements of 21 C.F.R. 101.54(g) where

---

[18] *See* 4/20/2011 FDA Warning Letter to Diaspora Tea & Herb Co., LLC attached hereto as Exhibit J.

1  the product does not disclose a nutrient with an established RDI.  Here, Enlightened

2  Kombucha similarly claims to contain "powerful antioxidants" and have a "high

3  nutritional value," even though the products do not contain any antioxidant nutrients

4  with established RDIs.

5      59.60. The FDA further clarified the requirements of 21 C.F.R. 101.54(g) in

6  compliance guides concerning the use of the term "antioxidant" on food labels.  In a

7  June 2008 "Guidance for Industry" document, the FDA made the requirements of 21

8  C.F.R. 101.54(g) perfectly clear:

9      Does the label claim have to include the name of the nutrient that is an
10     antioxidant, or can the claim simply say "antioxidants?"

11     The names of the nutrients that are the antioxidants must appear in the claim.
12     For example, "high in antioxidant vitamins C and E."

13     60.61. Millennium's marketing campaign for Enlightened Kombucha is

14  centered on the characterization of the level of antioxidants in the products and the

15  use of nutrient content claims using the term "antioxidant."  However, the labels of

16  Enlightened Kombucha do not state which recognized antioxidant nutrients, if any,

17  are the subject of their antioxidant claims.  There is no symbol that refers to another

18  symbol somewhere else on the label followed by the name or names of the nutrients

19  with recognized antioxidant activity.  For these reasons, Enlightened Kombucha is

20  misbranded in violation of parallel state and federal laws.

21     61.62. Enlightened Kombucha does not contain a single antioxidant nutrient

22  with an established RDI.  If Enlightened Kombucha in fact contains any antioxidant

23  nutrients with an established RDI, such information is solely within ~~Defendant's~~

24  Millennium's possession and consumers cannot reasonably obtain such information.

25  Further, if ~~Defendant's~~ Millennium's antioxidant claims in fact refer to any

26  antioxidant nutrients with an established RDI, the identity of such nutrients is solely

27  within ~~Defendant's~~ Millennium's possession and consumers cannot reasonably

28

1  obtain such information.  This information is material to Plaintiffs and the Class, and

2  the withholding of such information is misleading and misbrands the products.

3

4

5

6

7

8  **Consumers Are Misled By Millennium's Unlawful Antioxidant Marketing**

9  ~~62.~~63. Millennium's antioxidant advertising is a calculated ruse to capitalize

10  on consumers demand for products with antioxidants.[19]  However, identical federal,

11  California, and New York law bans such advertising because it is misleading.

12  ~~63.~~64. The FDA specifically proposed paragraph (g) to 21 C.F.R. 101.54 to

13  "ensure that consumers are not confused or misled" by nutrient content claims using

14  the term "antioxidants."   The FDA's proposal to add a regulation to standardize

15  nutrient content claims using the term "antioxidants" followed an informal FDA

16  survey that found that claims like "high in antioxidants" often referred "to a variety

17  of nutrients and other dietary ingredients that are present in widely varying

18  amounts."  The FDA concluded that such inconsistent use of antioxidant nutrient

19  content claims "leads to consumer confusion."

20  ~~64.~~65. The FDA noted that part of the confusion stems from the fact that:

21      The term 'antioxidants' is unique in comparison to the names of other
        nutrients associated with nutrient content claims.  Unlike previously approved
22      nutrient content claims that characterize the level of a particular nutrient (e.g.,
        'low sodium'), a term such as 'high in antioxidants' ties a claim (i.e., 'high')
23

24  _____

25  [19] According to a consumer survey by Bossa Nova, half of adults rank antioxidants as
    the top nutrient they are most concerned about adding to their diets – ahead of
26  calcium, fiber and iron.  *See* New Survey Finds Antioxidants #1 Nutrient Concern
    Amongst Consumers, PR Newswire. http://www.prnewswire.com/news-
27  releases/new-survey-finds-antioxidants-1-nutrient-concern-amongst-consumers-
    106440093.html.

28

to a class of nutrients that share a specific characteristic (i.e., they are antioxidants) whose very name indicates a metabolic function.

65.66. Accordingly, because the use of the term "antioxidant" implies health benefits, the FDA specifically sought to curtail the use of antioxidant statements related to food products that do not contain antioxidant nutrients recommended for the daily diet.  In the FDA's view, consumers are misled and confused when products like Enlightened Kombucha are advertised as "packed" with antioxidants, "high in" antioxidants, a source of "many" antioxidants, or containing a "blend" of "powerful antioxidants" when those  products do not contain an essential nutrient with recognized antioxidant activity that also has an established RDI.

66.67. For example, the statement that Enlightened Kombucha provides a "unique blend" of "powerful antioxidants" misleadingly suggests that the beverages provide superior antioxidant content than foods and beverages with antioxidant nutrients like vitamin C that have antioxidant properties as well as nutritional value. Likewise, the statement that Enlightened Kombucha has "more antioxidants than blueberries" misleadingly suggests that the beverages provide superior antioxidant content to blueberries, even though blueberries contain Vitamins A and C and the mineral Magnesium, which have established RDIs and are recognized as a *nutritional* source of antioxidants.  Contrary to Milleniums' labeling statements that tout the antioxidant content of its tea beverages, the FDA has determined that antioxidant vitamins, rather than teas like Enlightened Kombucha, are the superior method for incorporating antioxidants in the daily diet.  In other words, the characterization of the word "antioxidant" on Enlightened Kombucha's labels deceives consumers into believing that Enlightened Kombucha provides more antioxidants and are superior to foods that contain the requisite amount of real nutrients that the FDA has determined provide antioxidants and are essential to daily human nutrition.

67.68. Medical professionals agree with the FDA.  For example, Jeffrey B. Blumberg, PhD, a professor and the director of the Antioxidants Research Laboratory at Tufts University explained that the one "problem" with the "Antioxidant Message" that products are "high or rich in antioxidants" is that it deceives consumers by "making people think it's no longer the vitamins, minerals, or fiber but only the phytochemicals that promote health … But the reason plant foods are good for you is because of everything they contain.  There's synergy for all of these ingredients – synergies between ingredients in one food and between multiple foods."[20]

68.69. The Harvard School of Public Health has also opined that it is critical to differentiate between different types of antioxidants, as the FDA has done through its requirement that manufacturers list nutrients with established RDI's any time they make nutrient content claims using the term "antioxidant."  The Harvard School of Public Health Nutrition Source, an online publication of the School of Public Health, instructs that "using the term 'antioxidant' to refer to substances is misleading.  It is really a chemical property, namely, the ability to act as an electron donor.  Some substances that act as antioxidants in one situation may be prooxidants—electron grabbers—in a different chemical milieu.  Another big misconception is that antioxidants are interchangeable.  They aren't.  Each one has unique chemical behaviors and biological properties. They almost certainly evolved as parts of elaborate networks, with each different substance (or family of substances) playing slightly different roles.  This means that no single substance can do the work of the whole crowd."[21]

---

[20] *That's why the Dietary Guidelines for Americans recommends we consume a diversity of fruits, vegetables, and whole grains.'"*  Palmer, Sharon, *Dietary Antioxidants – Do Foods and Supplements With High Antioxidant Values Guarantee Better Health?*  Vol. 15 No. 4 P. 42 (Apr. 2013) (emphasis added) *available at http://www.todaysdietitian.com/newarchives/040113p42.shtml*.
[21] *Antioxidants: Beyond the Hype*, Harvard School of Public Health Source, available at http://www.hsph.harvard.edu/nutritionsource/antioxidants/

1    69.70. The FDA's and Dr. Blumberg's conclusions about consumer confusion
2    are well founded, as a "recent study conducted by researchers at the University of
3    Houston found that simply placing a healthy euphemism [like antioxidant] on a food
4    package made people believe it was healthier than others that made no obvious
5    health claims."²² Here Enlightened Kombucha misleads consumers into believing
6    that the products are superior because they contain a "unique blend" of "powerful
7    antioxidants," even though the products do not contain a single nutrient with
8    recognized antioxidant activity *and* with an established RDI.  The few nutrients in
9    Enlightened Kombucha that do have established RDI's, such as Vitamin B, are not
10   antioxidants.  Enlightened Kombucha advertising goes so far as to claim that it
11   contains "more antioxidants than blueberries," even though blueberries contain
12   antioxidant nutrients with established RDI while Enlightened Kombucha does not.
13   70.71. Millennium has made, and continues to make, unlawful and misleading
14   claims on the food labels of Enlightened Kombucha that are prohibited by identical
15   federal, California, and New York law and which render these products misbranded.
16   Under federal, California, and New York law, Enlightened Kombucha cannot legally
17   be manufactured, distributed, held, or sold.

18   **CLASS REPRESENTATION ALLEGATIONS**

19   71.72. Plaintiffs bring this action as a class action under Federal Rule of Civil
20   Procedure 23 on behalf of a Class consisting of all persons in the United States who,
21   within the relevant statute of limitations period, purchased Enlightened Kombucha.
22   72.73. Plaintiff Manire also seeks to represent a subclass defined as all
23   members of the Class who purchased Enlightened Kombucha in California (the
24   "California Subclass").

25
26   _____
27   ²² *See Healthy Labels Magic Words Regardless of Food Inside* (June 19, 2014)
     *available at* http://guardianlv.com/2014/06/healthy-labels-magic-words-regardless-
     of-the-food-inside/
28

THIRD FOURTH AMENDED CLASS ACTION COMPLAINT                              33
CASE NO. 2:15-CV-01801-PSG-AJW

73.74. Plaintiffs Manire and Retta also seek to represent a subclass defined as all members of the Class who purchased Enlightened Kombucha in New York (the "New York Subclass").

74.75. Plaintiffs reserve the right to amend or modify the Class definition with greater specificity or further division into subclasses or limitation to particular issues as discovery and the orders of this Court warrant.

75.76. Excluded from the Class are the Defendants, the officers and directors of the Defendants at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants has have or had a controlling interest.

76.77. Also excluded from the Class are persons or entities that purchased Enlightened Kombucha for purposes of resale.

77.78. Plaintiffs are members of the Class they seek to represent.

78.79. Defendants sells hundreds of thousands, if not millions, of bottles of Enlightened Kombucha. Enlightened Kombucha is available in major supermarkets nationwide, including in California and New York. Accordingly, members of the Class are so numerous that their individual joinder herein is impracticable. The precise number of Class members and their identities are unknown to Plaintiffs at this time but may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendants, third party retailers, and vendors.

79.80. Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to whether Enlightened Kombucha is misbranded, and whether the labeling, marketing and promotion of Enlightened Kombucha is false and misleading.

80.81. The claims of the named Plaintiffs are typical of the claims of the Class in that the named Plaintiffs were exposed to and relied on Defendant's' false, misleading and misbranded labels, purchased Enlightened Kombucha, and suffered losses as a result of those purchases.

81.82. Plaintiffs are adequate representatives of the Class because their interests do not conflict with the interests of the Class members they seek to represent, they have retained competent counsel experienced in prosecuting class actions, and they intend to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiffs and their counsel.

82.83. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of the Class members. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's' liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's' liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I

### Violation Of California's Consumers Legal Remedies Act,

### California Civil Code §§ 1750, et seq.

83.84. Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

84.85. Plaintiffs Retta, Schofield, and Manire bring this claim individually and on behalf of members of the proposed Class against ~~Defendant~~Millennium.  Plaintiff Manire also brings this claim individually and on behalf of members of the proposed California Subclass against both Defendants.

85.86. Plaintiffs and Class members are consumers who purchased Enlightened Kombucha for personal, family or household purposes.  Plaintiffs and the Class are "consumers" as that term is defined by the CLRA in Cal. Civ. Code § 1761(d). Plaintiffs and the Class members are not experts with the independent knowledge of the character, effectiveness, nature, level, or amount of antioxidants found in Enlightened Kombucha or kombucha beverages generally.  Plaintiffs and the Class members are not experts with the independent knowledge of the fermentation process or alcohol level of Enlightened Kombucha or kombucha beverages generally.

86.87. The Enlightened Kombucha that Plaintiffs and Class members purchased from Defendants were "goods" within the meaning of Cal. Civ. Code § 1761(a).

87.88. Defendant's' actions, representations, and conduct have violated, and continue to violate the CLRA, because they extend to transactions that intended to result, or which have resulted in, the sale of goods to consumers.

88.89. ~~Defendant's~~ Millennium's antioxidant nutrient content claims including, (a) "It has a lighter and smoother personality than our original formula with the same high nutritional value that you expect from us.  With a unique blend of proprietary probiotics and powerful antioxidants, each bottle is designed to nourish your body from inside out," and (b) "Often called 'runner's food', chia is a nutrient-rich superfood that provides sustained energy for your body.  Packed with more than 8 times the omega-3s found in salmon, this small seed has big nutritional value.  With more antioxidants than blueberries and more fiber than oatmeal, see for yourself how

chia brings new life to our GT's Kombucha" characterize the level of antioxidants in Enlightened Kombucha because (1) there are no nutrients with recognized antioxidant properties with RDIs in Enlightened Kombucha and (2) the antioxidant nutrient content claims do not include the nutrients that are the subject of the claims or use a symbol to link the term "antioxidant" to those nutrients.  Because ~~Defendant's~~ Millennium's nutrient content claims do not comply with 21 C.F.R. § 101.54(g), Defendants sold misbranded products in California and nationwide during the Class Period.

~~89.~~90. Further, ~~Defendant's~~ Defendants' representation that Enlightened Kombucha only has a "trace amount of alcohol" and the absence of the government warning concerning alcoholic beverages on the labels of Enlightened Kombucha make such advertising false and misleading to a reasonable consumer, including Plaintiffs, because Enlightened Kombucha in fact contains above 0.5 percent alcohol by volume, making the product an alcoholic beverage that must bear the appropriate warning under state and federal law.  Further, the lack of appropriate warning on the labels of Enlightened Kombucha, in addition to the fact that the beverage is sold to persons under 21 years of age, is a serious health hazard to consumers because such beverages are purchased by minors and because uninformed consumers purchase the products before driving a vehicle, operating machinery, and during pregnancy.  The lack of appropriate warning and disclaimers is further a health hazard because the beverages are unwittingly consumed by persons struggling with alcohol addiction. Without the appropriate warning and notice that the beverage is alcoholic, Enlightened Kombucha is an unreasonably dangerous product that is unfit for sale.

~~90.~~91. California's Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a)(5), prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection

1    which he or she does not have."  By engaging in the conduct set forth herein,

2    Defendants violated and continues to violate Section 1770(a)(5) of the CLRA,

3    because Defendant's conduct constitutes unfair methods of competition and unfair

4    or fraudulent acts or practices, in that it Defendants misrepresents the particular

5    characteristics, benefits and quantities of the goods.

6        91.92. Cal. Civ. Code § 1770(a)(7) prohibits representing that goods or

7    services are of a particular standard, quality, or grade, or that goods are of a

8    particular style or model, if they are of another.  By engaging in the conduct set forth

9    herein, Defendants violated and continues to violate Section 1770(a)(7) of the

10   CLRA, because Defendant's conduct constitutes unfair methods of competition and

11   unfair or fraudulent acts or practices, in that it Defendants misrepresents the

12   particular standard, quality or grade of the goods.

13       92.93. Cal. Civ. Code § 1770(a)(9) further prohibits "[a]dvertising goods or

14   services with intent not to sell them as advertised."  By engaging in the conduct set

15   forth herein, Defendants violated and continues to violate Section 1770(a)(9),

16   because Defendant's conduct constitutes unfair methods of competition and unfair

17   or fraudulent acts or practices, in that it Defendants advertises goods with the intent

18   not to sell the goods as advertised.

19       93.94. Plaintiffs and Class members are not experts about the character,

20   effectiveness, nature, level, or amount of antioxidants found in Enlightened

21   Kombucha or kombucha beverages in general.  Plaintiffs and the Class members are

22   not experts with the independent knowledge of the fermentation process or alcohol

23   level of Enlightened Kombucha or kombucha beverages generally.  Plaintiffs and the

24   Class acted reasonably when they purchased Enlightened Kombucha based on their

25   belief that Defendant's representations were true and lawful.

26       94.95. Plaintiffs and the Class suffered injuries caused by Defendants because

27   (a) they would not have purchased Enlightened Kombucha absent Defendant's

28

representations and omission of a warning concerning the product's alcohol content; (b) they would not have purchased Enlightened Kombucha on the same terms absent Defendant's' representations and omissions; (c) they paid a price premium for Enlightened Kombucha due to Defendants''s misrepresentations and unauthorized nutrient content claims; and (d) Enlightened Kombucha did not have the characteristics, benefits, or quantities as promised.

96.    On or about February 4, 2015, prior to filing this action, a CLRA notice letter was served on Defendant Millennium which complies in all respects with California Civil Code § 1782(a).  Plaintiffs Retta, Schofield, and Manire, collectively, on behalf of themselves and the proposed Class, served a letter via certified mail, return receipt requested, advising Millennium that it is in violation of the CLRA and demanding that it cease and desist from such violations and make full restitution by refunding the monies received therefrom.  A true and correct copy of Plaintiffs' letter is attached hereto as Exhibit K.

95.97.On or about November 17, 2015, a CLRA notice letter was served Defendant Whole Foods Market, Inc., which complies in all respects with California Civil Code § 1782(a).  Plaintiffs Retta, Schofield, and Manire, collectively, on behalf of themselves and the proposed Class, served a letter via certified mail, return receipt requested, advising Defendant Whole Foods Market, Inc. that it is in violation of the CLRA and demanding that it cease and desist from such violations and make full restitution by refunding the monies therefrom.  A true and correct copy of Plaintiffs' letter is attached hereto as Exhibit L.

96.98.Wherefore, Plaintiffs seek damages, restitution, and injunctive relief for these violations of the CLRA.

**COUNT II**

**Violation Of California's Unfair Competition Law,**

**California Business & Professions Code §§ 17200, et seq.**

THIRD FOURTH AMENDED CLASS ACTION COMPLAINT                                   39
CASE NO. 2:15-CV-01801-PSG-AJW

97.99. Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

98.100.     Plaintiffs Retta, Schofield, and Manire bring this claim individually and on behalf of the members of the proposed Class against DefendantMillennium.

99.101.     Plaintiff Manire also brings this claim individually and on behalf of members of the proposed California Subclass against both Defendants.

100.102.     Defendants isare subject to California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*  The UCL provides, in pertinent part: "Unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising …."

101.103.     Defendant'sMillennium's antioxidant nutrient content claims including, (a) "It has a lighter and smoother personality than our original formula with the same high nutritional value that you expect from us.  With a unique blend of proprietary probiotics and powerful antioxidants, each bottle is designed to nourish your body from inside out," and (b) "Often called 'runner's food', chia is a nutrient-rich superfood that provides sustained energy for your body.  Packed with more than 8 times the omega-3s found in salmon, this small seed has big nutritional value. With more antioxidants than blueberries and more fiber than oatmeal, see for yourself how chia brings new life to our GT's Kombucha" characterize the level of antioxidants in Enlightened Kombucha because (1) there are no nutrients with recognized antioxidant properties with RDIs in Enlightened Kombucha and (2) the antioxidant nutrient content claims do not include the nutrients that are the subject of the claims or use a symbol to link the term "antioxidant" to those nutrients.  Because Defendant's Millennium's nutrient content claims do not comply with 21 C.F.R. § 101.54(g), Defendant Millennium sold misbranded products in California and nationwide during the Class Period.

102.104.    Further, Defendant's representation that Enlightened Kombucha only has a "trace amount of alcohol" and the absence of the government warning concerning alcoholic beverages on the labels of Enlightened Kombucha make such advertising false and misleading to a reasonable consumer, including Plaintiffs, because Enlightened Kombucha in fact contains above 0.5 percent alcohol by volume, making the product an alcoholic beverage that must bear the appropriate warning under state and federal law.  Further, the lack of appropriate warning on the labels of Enlightened Kombucha, in addition to the fact that the beverage is sold to persons under 21 years of age, is a serious health hazard to consumers because such beverages are purchased by minors and because uninformed consumers purchase the products before driving a vehicle, operating machinery, and during pregnancy.  The lack of appropriate warning and disclaimers is further a health hazard because the beverages are unwittingly consumed by persons struggling with alcohol addiction. Without the appropriate warning and notice that the beverage is alcoholic, Enlightened Kombucha is an unreasonably dangerous product that is unfit for sale.

103.105.    Defendant's business practices, described herein, violated the "unlawful" prong of the UCL by violating Section 403(r) of the FDCA [21 U.S.C. 343(r)(1)(a)], California Health & Safety Code § 110670, 27 C.F.R. § 16, California Health & Safety Code Section 25249.2, the CLRA, the FAL and other applicable law as described herein.

104.106.    Defendant's business practices, described herein, violated the "unfair" prong of the UCL in that their conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the gravity of the conduct outweighs any alleged benefits. Defendants' advertising is of no benefit to consumers, and has been declared misleading to consumers by the FDA, medical professionals, and research institutions.  Creating consumer confusion regarding the properties and benefits of

THIRD FOURTH AMENDED CLASS ACTION COMPLAINT                          41
CASE NO. 2:15-CV-01801-PSG-AJW

antioxidants is of no benefit to consumers.  Millennium's~~Defendant's~~ failure to comply with FDCA and parallel California labeling requirements and deceptive advertising concerning the nature and effectiveness of antioxidants in Enlightened Kombucha offends the public policy advanced by the Act "to protect the public health" by ensuring that "foods are safe, wholesome, sanitary, and properly labeled." 21 U.S.C. § 393(b)(2)(A).  Further, Defendant~~'s~~' advertising of Enlightened Kombucha as the non-alcoholic version of ~~its~~ Millennium's "Classic" line and the fact that the labels of Enlightened Kombucha do not bear warnings concerning the presence of significant amounts of alcohol causes the products to pose a threat to public health, safety, and morality.  Consumers are unwittingly purchasing and consuming Enlightened Kombucha products prior to driving a car or operating machinery and while pregnant or under 21 years of age.  Further, many consumers may have religious or moral objections to the consumption of alcoholic beverages and would not buy Enlightened Kombucha under any circumstances, even if the presence of alcohol was disclosed.  Such practices are of no benefit to consumers.

~~105.~~107.    Defendants violated the "fraudulent" prong of the UCL by misleading Plaintiffs and the Class to believe that the nutrient content claims made about Enlightened Kombucha were lawful, authorized claims that met the minimum nutritional requirements for such claims, as described herein.  Defendants further violated the fraudulent prong of the UCL by misleading Plaintiffs and the Class to believe that Enlightened Kombucha is a non-alcoholic beverage when, in fact, it contains a substantial amount of alcohol.

~~106.~~108.    Plaintiffs and Class members are not experts about the character, effectiveness, nature, level, or amount of antioxidants found in Enlightened Kombucha or kombucha beverages in general.  Plaintiffs and the Class members are not experts with the independent knowledge of the fermentation process or alcohol level of Enlightened Kombucha or kombucha beverages generally.  Plaintiffs and the

~~THIRD~~ FOURTH AMENDED CLASS ACTION COMPLAINT                                    42
CASE NO. 2:15-CV-01801-PSG-AJW

Class acted reasonably when they purchased Enlightened Kombucha based on their belief that Defendants'' representations were true and lawful.

107.109.    Plaintiffs and the Class lost money or property as a result of Defendants'' UCL violations because (a) they would not have purchased Enlightened Kombucha absent Defendant's' representations and omission of a warning concerning the product's alcohol content; (b) they would not have purchased Enlightened Kombucha on the same terms absent Defendants'' representations; (c) they paid a price premium for Enlightened Kombucha due to Defendants'' misrepresentations and unauthorized nutrient content claims; and (d) Enlightened Kombucha did not have the characteristics, benefits, or quantities as promised.

## COUNT III
### Violation Of California's False Advertising Law,
### California Business & Professions Code §§ 17500, et seq.

108.110.    Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

109.111.    Plaintiffs Retta, Schofield, and Manire bring this claim individually and on behalf of the members of the proposed Class against DefendantMillennium.

110.112.    Plaintiff Manire also brings this claim individually and on behalf of the members of the proposed California Subclass against both Defendants.

111.113.    California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.*, makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state, ... in any advertising device ... or in any other manner or means whatever, including over the Internet, any statement, concerning ... personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is

known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

112.114.   Defendants engaged in a scheme of offering misbranded bottles of Enlightened Kombucha for sale to Plaintiffs and the Class members by way of product packaging, labeling, and other promotional materials.  These materials misrepresented and/or omitted the true content and nature of the misbranded bottles of Enlightened Kombucha. Defendant's Millennium's advertisements and inducements were made in and originated from California and come within the definition of advertising as contained in Bus. & Prof. Code § 17500, *et seq.* in that the product packaging, labeling, and promotional materials were intended as inducements to purchase Enlightened Kombucha, and are statements disseminated by Defendants to Plaintiffs and Class members.  Defendants knew that these statements were unauthorized, inaccurate, and misleading.

113.115.   Defendant's Millennium's antioxidant nutrient content claims including, (a) "It has a lighter and smoother personality than our original formula with the same high nutritional value that you expect from us.  With a unique blend of proprietary probiotics and powerful antioxidants, each bottle is designed to nourish your body from inside out," and (b) "Often called 'runner's food', chia is a nutrient-rich superfood that provides sustained energy for your body.  Packed with more than 8 times the omega-3s found in salmon, this small seed has big nutritional value. With more antioxidants than blueberries and more fiber than oatmeal, see for yourself how chia brings new life to our GT's Kombucha" characterize the level of antioxidants in Enlightened Kombucha because (1) there are no nutrients with recognized antioxidant properties with RDIs in Enlightened Kombucha and (2) the antioxidant nutrient content claims do not include the nutrients that are the subject of the claims or use a symbol to link the term "antioxidant" to those nutrients.  Because Defendant's Millennium's nutrient content claims do not comply with 21 C.F.R. §

1   101.54(g), Defendants sold misbranded products in California and nationwide during

2   the Class Period.

3       ~~114.~~116.    Further, Defendant~~'s~~s' representation that Enlightened Kombucha

4   only has a "trace amount of alcohol" and the absence of the government warning

5   concerning alcoholic beverages on the labels of Enlightened Kombucha make such

6   advertising false and misleading to a reasonable consumer, including Plaintiffs,

7   because Enlightened Kombucha in fact contains above 0.5 percent alcohol by

8   volume, making the product an alcoholic beverage that must bear the appropriate

9   warning under state and federal law.  Further, the lack of appropriate warning on the

10  labels of Enlightened Kombucha is a serious health hazard to consumers because

11  such beverages are purchased by minors and because uninformed consumers

12  purchase the products before driving a vehicle, operating machinery, and during

13  pregnancy.  The lack of appropriate warning and disclaimers is further a health

14  hazard because the beverages are unwittingly consumed by persons struggling with

15  alcohol addiction.  Without the appropriate warning and notice that the beverage is

16  alcoholic, Enlightened Kombucha is an unreasonably dangerous product that is unfit

17  for sale.

18      ~~115.~~117.    Defendants violated § 17500, *et seq*. by misleading Plaintiffs and

19  the Class to believe that the nutrient content claims made about Enlightened

20  Kombucha were lawful, authorized claims that met the minimum nutritional

21  requirements for such claims, as described herein.  Defendants also violated § 17500,

22  *et seq*. by misleading Plaintiffs and the Class to believe that Enlightened Kombucha

23  is a non-alcoholic beverage when, in fact, it contains a substantial amount of alcohol.

24      ~~116.~~118.    ~~Defendant~~ Millennium knew or should have known, through the

25  exercise of reasonable care that Enlightened Kombucha was and continues to be

26  misbranded, and that their representations about the antioxidant nutrient content of

27  Enlightened Kombucha were unauthorized, inaccurate, and misleading.  Defendants

28

~~THIRD~~ FOURTH AMENDED CLASS ACTION COMPLAINT        45
CASE NO. 2:15-CV-01801-PSG-AJW

also knew or should have known, through the exercise of reasonable care that Enlightened Kombucha is an alcoholic beverage and that Defendant's representations to the contrary are not true.

117.119.      Plaintiffs and the Class lost money or property as a result of Defendant's FAL violation because (a) they would not have purchased Enlightened Kombucha absent Defendant's representations and omission of a warning concerning the product's alcohol content; (b) they would not have purchased Enlightened Kombucha on the same terms absent Defendant's representations; (c) they paid a price premium for Enlightened Kombucha due to Defendant's misrepresentations and unauthorized nutrient content claims; and (d) Enlightened Kombucha did not have the characteristics, benefits, or quantities as promised.

## COUNT IV

### Violation of New York's Deceptive and Unfair Trade Practices Act,
### New York General Business Law § 349, et seq.

118.120.      Plaintiffs Retta and Manire hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

119.121.      Plaintiffs Retta and Manire bring this claim individually and on behalf of the members of the proposed New York Subclass against both Defendants.

120.122.      Any person who has been injured by reason of any violation of the NY GBL § 349 may bring an action in her own name to enjoin such unlawful act or practice, an action to recover her actual damages or fifty dollars, whichever is greater, or both such actions.  The court may, in its discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the defendant Defendants willfully or knowingly violated this section.  The court may award reasonable attorney's fees to a prevailing plaintiff.

THIRD FOURTH AMENDED CLASS ACTION COMPLAINT                               46
CASE NO. 2:15-CV-01801-PSG-AJW

1    121.123.    Defendant's Millennium's antioxidant nutrient content claims

2    including, (a) "It has a lighter and smoother personality than our original formula

3    with the same high nutritional value that you expect from us.  With a unique blend of

4    proprietary probiotics and powerful antioxidants, each bottle is designed to nourish

5    your body from inside out," and (b) "Often called 'runner's food', chia is a nutrient-

6    rich superfood that provides sustained energy for your body.  Packed with more than

7    8 times the omega-3s found in salmon, this small seed has big nutritional value.

8    With more antioxidants than blueberries and more fiber than oatmeal, see for

9    yourself how chia brings new life to our GT's Kombucha" characterize the level of

10    antioxidants in Enlightened Kombucha because (1) there are no nutrients with

11    recognized antioxidant properties with RDIs in Enlightened Kombucha and (2) the

12    antioxidant nutrient content claims do not include the nutrients that are the subject of

13    the claims or use a symbol to link the term "antioxidant" to those nutrients.  Because

14    Defendant's Millennium's nutrient content claims do not comply with 21 C.F.R. §

15    101.54(g), which has been incorporated by reference under New York state

16    regulations, 1 N.Y.C.R.R. § 259.1, Defendants sold misbranded products in New

17    York during the Class Period.  Further, Defendant's Millennium's labeling and

18    advertising practices are of no benefit to consumers, and have been declared

19    misleading to consumers by the FDA, medical professionals, and research

20    institutions.  Defendant's Millennium's failure to comply with FDCA and parallel

21    New York labeling requirements and deceptive advertising concerning the nature

22    and effectiveness of antioxidants in Enlightened Kombucha offends the public policy

23    advanced by the Act "to protect the public health" by ensuring that "foods are safe,

24    wholesome, sanitary, and properly labeled."  21 U.S.C. § 393(b)(2)(A).

25    Accordingly, Defendant's Millennium's practices are unfair, deceptive, misleading

26    and are in violation of N.Y. Agriculture and Markets Law § 201 in that Enlightened

27    Kombucha is misbranded.

28

1   122.124.   Further, Defendant's' representation that Enlightened Kombucha

2   only has a "trace amount of alcohol" and the absence of the government warning

3   concerning alcoholic beverages on the labels of Enlightened Kombucha make such

4   advertising false and misleading to a reasonable consumer, including Plaintiffs,

5   because Enlightened Kombucha in fact contains above 0.5 percent alcohol by

6   volume, making the product an alcoholic beverage that must bear the appropriate

7   warning under state and federal law.  Further, the lack of appropriate warning on the

8   labels of Enlightened Kombucha, in addition to the fact that the beverage is sold to

9   persons under 21 years of age, is a serious health hazard to consumers because such

10  beverages are purchased by minors and because uninformed consumers purchase the

11  products before driving a vehicle, operating machinery, and during pregnancy.  The

12  lack of appropriate warning and disclaimers is further a health hazard because the

13  beverages are unwittingly consumed by persons struggling with alcohol addiction.

14  Without the appropriate warning and notice that the beverage is alcoholic,

15  Enlightened Kombucha is an unreasonably dangerous product that is unfit for sale.

16  Further, Defendants''s labeling and advertising practices are of no benefit to

17  consumers, and to the contrary, subject consumers to serious health and safety issues

18  due to the fact that Enlightened Kombucha contains alcohol.  Defendants''s failure to

19  comply with FDCA and parallel New York labeling requirements and deceptive

20  advertising concerning the alcohol content of Enlightened Kombucha offends the

21  public policy advanced by the Act "to protect the public health" by ensuring that

22  "foods are safe, wholesome, sanitary, and properly labeled."  21 U.S.C. §

23  393(b)(2)(A).  Accordingly, Defendants''s practices are unfair, deceptive,

24  misleading and are in violation of N.Y. Agriculture and Markets Law § 201 in that

25  Enlightened Kombucha is misbranded.

26       123.125.   The foregoing deceptive acts and practices were directed at

27  consumers.

28

1    124.126.    The foregoing deceptive acts and practices are misleading in a

2  material way because they fundamentally misrepresent the characteristics of

3  Enlightened Kombucha to induce consumers to purchase same.

4    125.127.    Plaintiffs Retta and Manire and the New York Subclass members

5  suffered a loss as a result of Defendants''s deceptive and unfair trade acts.

6  Specifically, as a result of Defendants''s deceptive and unfair trade acts and

7  practices, Plaintiffs Retta and Manire and the New York Subclass members suffered

8  monetary losses associated with the purchase of Enlightened Kombucha because (a)

9  they would not have purchased Enlightened Kombucha absent Defendants'''s

10  representations and omission of a warning concerning the product's alcohol content;

11  (b) they would not have purchased Enlightened Kombucha on the same terms absent

12  Defendants'''s representations; (c) they paid a price premium for Enlightened

13  Kombucha due to Defendants'''s misrepresentations and unauthorized nutrient

14  content claims; and (c) Enlightened Kombucha did not have the characteristics,

15  benefits, or quantities as promised.

16                          **PRAYER FOR RELIEF**

17      WHEREFORE, Plaintiffs, individually and on behalf of all others similarly

18  situated, seek judgment against Defendants, as follows:

19        a) For an order certifying the Class under Rule 23 of the Federal Rules of

20            Civil Procedure and naming Plaintiffs Retta, Schofield, and Manire as

21            representatives of the Class and Plaintiffs' attorneys as Class Counsel to

22            represent the Class members;

23        b) For an order certifying the California Subclass under Rule 23 of the

24            Federal Rules of Civil Procedure and naming Plaintiff Manire as

25            representative of the California Subclass and Plaintiffs' attorneys as

26            Class Counsel to represent the California Subclass members;

27

28

THIRD FOURTH AMENDED CLASS ACTION COMPLAINT                              49
CASE NO. 2:15-CV-01801-PSG-AJW

c) For an order certifying the New York Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiffs Retta and Manire as representatives of the New York Subclass and Plaintiffs' attorneys as Class Counsel to represent the New York Subclass members;

d) For an order declaring that Defendants's conduct violates the statutes referenced herein;

e) For an order finding in favor of Plaintiffs, the Class, the California Subclass, and the New York Subclass on all counts asserted herein;

f) For compensatory and punitive damages in amounts to be determined by the Court and/or jury;

g) For prejudgment interest on all amounts awarded;

h) For an order of restitution and all other forms of equitable monetary relief;

i) For injunctive relief as pleaded or as the Court may deem proper; and

j) For an order awarding Plaintiffs and the Class their reasonable attorneys' fees and expenses and costs of suit.

## DEMAND FOR TRIAL BY JURY

Plaintiffs demand a trial by jury of all issues so triable.

Dated:  ~~October 8~~February [ ], 201~~65~~                    Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:   */s/Yeremey Krivoshey*
            Yeremey Krivoshey

L. Timothy Fisher (State Bar No. 191626)
Annick M. Persinger (State Bar No. 272996)
Yeremey O. Krivoshey (State Bar No.295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA  94596

~~THIRD~~ FOURTH AMENDED CLASS ACTION COMPLAINT                    50
CASE NO. 2:15-CV-01801-PSG-AJW

Telephone: (925) 300-4455
Facsimile: (925) 407-2700
Email: ltfisher@bursor.com
       apersinger@bursor.com
       ykrivoshey@bursor.com

*Attorneys for Plaintiffs*