1  SCOTT M. VOELZ (S.B. #181415)
   svoelz@omm.com
2  DANIEL J. FARIA (S.B. #285158)
   dfaria@omm.com
3  O'MELVENY & MYERS LLP
   400 South Hope Street
4  Los Angeles, California  90071-2899
   Telephone:  (213) 430-6000
5  Facsimile:   (213) 430-6407

6
   Attorneys for Defendant
7  Millennium Products, Inc.

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10

11 JONATHAN RETTA, KIRSTEN          Case No. 2:15-CV-01801-PSG-AJW
   SCHOFIELD, and JESSICA
12 MANIRE, on Behalf of Themselves   **DEFENDANT MILLENNIUM**
   and All Others Similarly Situated,   **PRODUCTS, INC.'S ANSWER TO**
13                                   **FOURTH AMENDED CLASS**
                 Plaintiffs,          **ACTION COMPLAINT**
14
                                     Judge:  Hon. Philip S. Gutierrez
15      v.
                                     4AC Filed:  February 11, 2016
16 MILLENNIUM PRODUCTS, Inc.,        Trial Date:   December 6, 2016
   *et al*.
17                                   **JURY TRIAL DEMANDED**
                 Defendants.
18

19

20

21

22

23

24

25

26

27

28
                                     ANSWER TO FOURTH AMENDED
                                     COMPLAINT; 2:15-CV-01801-PSG-AJW

Defendant Millennium Products, Inc. ("MILLENNIUM") hereby answers the putative Fourth Amended Class Action Complaint ("COMPLAINT") filed by Plaintiffs Jonathan Retta, Kirsten Schofield, and Jessica Manire ("PLAINTIFFS") as follows.  This answer is based on MILLENNIUM's knowledge as to its own conduct and information and belief as to all other matters described herein.

In response to the unnumbered introductory paragraph, MILLENNIUM specifically denies that the requisites for class action treatment are present, that this action could properly proceed as a class action, or that PLAINTIFFS or the putative class are entitled to any relief whatsoever.  MILLENNIUM lacks knowledge or information sufficient to admit or deny the remainder of the unnumbered introductory paragraph, and on that basis, denies each and every allegation therein.

## INTRODUCTION

1.     MILLENNIUM admits that, in 2010, MILLENNIUM decided to market and distribute an alcoholic version of its kombucha products and a non-alcoholic version of its kombucha products.  MILLENNIUM denies the remainder of Paragraph 1.

2.     MILLENNIUM avers that Paragraph 2 consists of legal arguments and conclusions to which no response is required.  To the extent any response to Paragraph 2 is necessary, MILLENNIUM denies each and every allegation of Paragraph 2.  MILLENNIUM specifically denies that "every flavor of Millennium's GT's Enlightened Kombucha and Enlightened Synergy lines" is at issue in this action, that any products other than the specific products actually purchased by PLAINTIFFS are at issue in this action, and that PLAINTIFFS may pursue claims as to any products other than other than such specific products.

3.     MILLENNIUM denies that labeling and advertising of any MILLENNIUM product is or has ever been misleading.  MILLENNIUM lacks knowledge or information sufficient to admit or deny the remainder of Paragraph 3, and on that basis, denies the remainder of Paragraph 3.

1    4.     MILLENNIUM avers that Paragraph 4 does not allege facts that

2    MILLENNIUM is required to admit or deny.  To the extent any response to

3    Paragraph 4 is necessary, MILLENNIUM denies each and every allegation of

4    Paragraph 4.  MILLENNIUM specifically denies that the requisites for class action

5    treatment are present, that this action could properly proceed as a class action, or

6    that PLAINTIFFS or the putative class are entitled to any relief whatsoever.

7                                **PARTIES**

8    5.     MILLENNIUM denies that labeling and advertising of any

9    MILLENNIUM product, or that any of MILLENNIUM's conduct, is or has ever

10   been deceptive, misleading, unfair and/or fraudulent or has injured PLAINTIFFS in

11   any way.  MILLENNIUM further denies that (1) any statements made on

12   MILLENNIUM products were "unauthorized" or "mischaracterized the level,

13   amount, and nature of antioxidants in the bottles"; (2) PLAINTIFFS paid a "price

14   premium" for any MILLENNIUM products; and (3) any of MILLENNIUM's

15   Enlightened products are or have ever been alcoholic beverages or required to bear

16   alcohol warnings.  To the extent Paragraph 5 purports to quote excerpts from

17   MILLENNIUM's packaging, advertising, or marketing materials, MILLENNIUM

18   refers to those materials as the best evidence of their own contents.

19   MILLENNIUM avers that the remainder of Paragraph 5 consists of legal arguments

20   and conclusions to which no response is required.  To the extent any response to the

21   remainder of Paragraph 5 is necessary, MILLENNIUM lacks knowledge or

22   information sufficient to admit or deny the remainder of Paragraph 5, and on that

23   basis, denies the remainder of Paragraph 5.

24   6.     MILLENNIUM denies that labeling and advertising of any

25   MILLENNIUM product, or that any of MILLENNIUM's conduct, is or has ever

26   been deceptive, misleading, unfair and/or fraudulent or has injured PLAINTIFFS in

27   any way.  MILLENNIUM further denies that (1) any statements made on

28   MILLENNIUM products were "unauthorized" or "mischaracterized the level,

ANSWER TO FOURTH AMENDED
COMPLAINT; 2:15-CV-01801-PSG-AJW

1    amount, and nature of antioxidants in the bottles"; (2) PLAINTIFFS paid a "price

2    premium" for any MILLENNIUM products; and (3) any of MILLENNIUM's

3    Enlightened products are or have ever been alcoholic beverages or required to bear

4    alcohol warnings.  To the extent Paragraph 6 purports to quote excerpts from

5    MILLENNIUM's packaging, advertising, or marketing materials, MILLENNIUM

6    refers to those materials as the best evidence of their own contents.

7    MILLENNIUM avers that the remainder of Paragraph 6 consists of legal arguments

8    and conclusions to which no response is required.  To the extent any response to the

9    remainder of Paragraph 6 is necessary, MILLENNIUM lacks knowledge or

10   information sufficient to admit or deny the remainder of Paragraph 6, and on that

11   basis, denies the remainder of Paragraph 6.

12         7.      MILLENNIUM denies that labeling and advertising of any

13   MILLENNIUM product, or that any of MILLENNIUM's conduct, is or has ever

14   been deceptive, misleading, unfair and/or fraudulent or has injured PLAINTIFFS in

15   any way.  MILLENNIUM further denies that (1) any statements made on

16   MILLENNIUM products were "unauthorized" or "mischaracterized the level,

17   amount, and nature of antioxidants in the bottles"; (2) PLAINTIFFS paid a "price

18   premium" for any MILLENNIUM products; and (3) any of MILLENNIUM's

19   Enlightened products are or have ever been alcoholic beverages or required to bear

20   alcohol warnings.  To the extent Paragraph 7 purports to quote excerpts from

21   MILLENNIUM's packaging, advertising, or marketing materials, MILLENNIUM

22   refers to those materials as the best evidence of their own contents.

23   MILLENNIUM avers that the remainder of Paragraph 7 consists of legal arguments

24   and conclusions to which no response is required.  To the extent any response to the

25   remainder of Paragraph 7 is necessary, MILLENNIUM lacks knowledge or

26   information sufficient to admit or deny the remainder of Paragraph 7, and on that

27   basis, denies the remainder of Paragraph 7.

28

- 3 -

8.     MILLENNIUM admits that Millennium Products, Inc. is a California corporation located at 4646 Hampton St., Vernon, California 90058, that MILLENNIUM manufactures, advertises, sells, distributes, and markets Enlightened kombucha nationwide, and MILLENNIUM's website instructs that customer correspondence be directed to a California address.  MILLENNIUM denies that the marketing, advertising, or product information of any MILLENNIUM product is or has ever been misleading.  MILLENNIUM avers that the remainder of Paragraph 8 consists of legal arguments and conclusions to which no response is required.  To the extent any response to the remainder of Paragraph 8 is necessary, MILLENNIUM denies the remainder of Paragraph 8.

9.     MILLENNIUM admits that MILLENNIUM'S Enlightened Kombucha products are sold at Whole Foods locations nationwide, including in California and New York.  MILLENNIUM lacks knowledge or information sufficient to admit or deny the remainder of Paragraph 9, and on that basis, denies the remainder of Paragraph 9.

## JURISDICTION AND VENUE

10.     MILLENNIUM avers that Paragraph 10 consists of legal arguments and conclusions to which no response is required.  To the extent any response to Paragraph 10 is necessary, MILLENNIUM admits that this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).  MILLENNIUM further admits that Plaintiff has proposed that this action be treated as a class action in which some members of the putative class are citizens of states different from MILLENNIUM, and that, on the facts alleged in the COMPLAINT, the aggregate amount in controversy exceeds $5,000,000.  MILLENNIUM further admits that MILLENNIUM has sold hundreds of thousands of bottles of Enlightened Kombucha.  MILLENNIUM specifically denies that the requisites for class action treatment are present, that this action could properly proceed as a class action, or that Plaintiff or the putative class are entitled to any relief whatsoever.

MILLENNIUM lacks knowledge or information sufficient to admit or deny the remainder of Paragraph 10, and on that basis, denies the remainder of Paragraph 10.

11.     MILLENNIUM admits that MILLENNIUM is headquartered in California.  MILLENNIUM avers that the remainder of Paragraph 11 consists of legal arguments and conclusions to which no response is required.  To the extent any response to the remainder of Paragraph 11 is necessary, MILLENNIUM lacks knowledge or information sufficient to admit or deny the remainder of Paragraph 11, and on that basis, denies the remainder of Paragraph 11.

12.     MILLENNIUM admits that MILLENNIUM is headquartered in California.  MILLENNIUM denies that the marketing, advertising, or product information of any MILLENNIUM product is or has ever been misleading or misbranded.  MILLENNIUM avers that the remainder of Paragraph 12 consists of legal arguments and conclusions to which no response is required.  To the extent any response to the remainder of Paragraph 12 is necessary, MILLENNIUM lacks knowledge or information sufficient to admit or deny the remainder of Paragraph 12, and on that basis, denies the remainder of Paragraph 12.

## FACTS COMMON TO ALL CAUSES OF ACTION

13.     MILLENNIUM admits that the name "kombucha" comes from the common name of a fermented tea drink, and that kombucha is made from a tea that ferments with the aid of a bacteria known as "scoby," which can float at top of the fermenting tea.  To the extent Paragraph 13 purports to quote excerpts from MILLENNIUM's packaging, advertising, or marketing materials, MILLENNIUM refers to those materials as the best evidence of their own contents. MILLENNIUM avers that the remainder of Paragraph 13 is too vague to require a response, mischaracterizes the facts, and consists of legal arguments and conclusions to which no response is required.  To the extent any response to the remainder of Paragraph 13 is required, MILLENNIUM denies the remainder of Paragraph 13.

ANSWER TO FOURTH AMENDED
COMPLAINT; 2:15-CV-01801-PSG-AJW

1    14.    MILLENNIUM admits, in 2010, some major retailers, including

2  Whole Foods, stopped selling GT's Kombucha Beverages as a result of the

3  potential that some kombucha products may contain greater than 0.5% alcohol by

4  volume.  MILLENNIUM further admits that, in 2010, Millennium released a line of

5  "Enlightened" kombucha products, which was formulated to ensure that the

6  products did not exceed 0.5% alcohol by volume, and a "Classic" line of kombucha

7  products inspired by Millennium's original product formulas.  To the extent

8  Paragraph 14 purports to quote excerpts from MILLENNIUM's packaging,

9  advertising, or marketing materials, MILLENNIUM refers to those materials as the

10 best evidence of their own contents.  MILLENNIUM avers that the remainder of

11 Paragraph 14 is too vague to require a response, mischaracterizes the facts, and

12 consists of legal arguments and conclusions to which no response is required.  To

13 the extent any response to the remainder of Paragraph 14 is required,

14 MILLENNIUM denies the remainder of Paragraph 14.

15   15.    To the extent Paragraph 15 purports to quote excerpts from

16 MILLENNIUM's packaging, advertising, or marketing materials, MILLENNIUM

17 refers to those materials as the best evidence of their own contents.

18 MILLENNIUM avers that the remainder of Paragraph 15 does not consist of any

19 allegations to which a response is required.

20   16.    MILLENNIUM denies each and every allegation in Paragraph 16.

21   17.    To the extent Paragraph 17 purports to quote excerpts from

22 MILLENNIUM's packaging, advertising, or marketing materials, MILLENNIUM

23 refers to those materials as the best evidence of their own contents.  To the extent

24 any response to the remainder of Paragraph 17 is necessary, MILLENNIUM lacks

25 knowledge or information sufficient to admit or deny the remainder of Paragraph

26 17, and on that basis, denies the remainder of Paragraph 17.

27   18.    To the extent Paragraph 18 purports to quote excerpts from

28 MILLENNIUM's packaging, advertising, or marketing materials, MILLENNIUM

ANSWER TO FOURTH AMENDED
COMPLAINT; 2:15-CV-01801-PSG-AJW

refers to those materials as the best evidence of their own contents. To the extent any response to the remainder of Paragraph 18 is necessary, MILLENNIUM lacks knowledge or information sufficient to admit or deny the remainder of Paragraph 18, and on that basis, denies the remainder of Paragraph 18.

19.     To the extent Paragraph 19 purports to quote excerpts from MILLENNIUM's packaging, advertising, or marketing materials, MILLENNIUM refers to those materials as the best evidence of their own contents. MILLENNIUM denies that any of MILLENNIUM's Enlightened products are or have ever been alcoholic beverages or required to bear alcohol warnings. To the extent any response to the remainder of Paragraph 19 is necessary, MILLENNIUM lacks knowledge or information sufficient to admit or deny the remainder of Paragraph 19, and on that basis, denies the remainder of Paragraph 19.

20.     To the extent Paragraph 20 purports to quote excerpts from MILLENNIUM's packaging, advertising, or marketing materials, MILLENNIUM refers to those materials as the best evidence of their own contents. To the extent any response to the remainder of Paragraph 20 is necessary, MILLENNIUM lacks knowledge or information sufficient to admit or deny the remainder of Paragraph 20, and on that basis, denies the remainder of Paragraph 20.

21.     MILLENNIUM avers that Paragraph 21 is too vague to require a response, as it does not specify which kombucha products are the subject of Paragraph 21, and on that basis, denies each and every allegation of Paragraph 21.

22.     MILLENNIUM admits that both the "Classic" and "Enlightened" versions of MILLENNIUM's kombucha beverages are unpasteurized. MILLENNIUM avers that the remainder of Paragraph 22 is too vague to require a response, mischaracterizes the facts, and consists of legal arguments and conclusions to which no response is required. To the extent any response to the remainder of Paragraph 22 is required, MILLENNIUM denies the remainder of Paragraph 22.

23.     MILLENNIUM denies each and every allegation in Paragraph 23.

24.     To the extent Paragraph 24 purports to quote statements and/or materials from the Alcohol and Tobacco Tax and Trade Bureau, MILLENNIUM refers to those statements and/or materials as the best evidence of their own contents.  To the extent any response to the remainder of Paragraph 24 is necessary, MILLENNIUM lacks knowledge or information sufficient to admit or deny the remainder of Paragraph 24, and on that basis, denies the remainder of Paragraph 24.

25.     To the extent Paragraph 25 purports to quote statements and/or materials from the Maine Department of Agriculture, MILLENNIUM refers to those statements and/or materials as the best evidence of their own contents. MILLENNIUM admits that, in 2010, some retailers, including Whole Foods, pulled kombucha products, including GT's Kombucha products, off the shelves, as a result of the potential that some kombucha products may contain greater than 0.5% alcohol by volume.  MILLENNIUM avers that the remainder of Paragraph 25 is too vague to require a response, mischaracterizes the facts, and consists of legal arguments and conclusions to which no response is required.  To the extent any response to the remainder of Paragraph 25 is necessary, MILLENNIUM denies the remainder of Paragraph 25.

26.     To the extent Paragraph 26 purports to quote statements and/or materials from Honest Tea, MILLENNIUM refers to those statements and/or materials as the best evidence of their own contents.  To the extent any response to the remainder of Paragraph 26 is necessary, MILLENNIUM lacks knowledge or information sufficient to admit or deny the remainder of Paragraph 26, and on that basis, denies the remainder of Paragraph 26.

27.     To the extent Paragraph 27 purports to quote statements and/or materials from GT Dave, MILLENNIUM refers to those statements and/or materials as the best evidence of their own contents.  MILLENNIUM admits that products within the "Enlightened" line of GT's Kombucha contain raw and

- 8 -

unpasteurized kombucha.  MILLENNIUM avers that the remainder of Paragraph 27 is too vague to require a response, mischaracterizes the facts, and consists of legal arguments and conclusions to which no response is required.  To the extent any response to the remainder of Paragraph 27 is necessary, MILLENNIUM denies the remainder of Paragraph 27.

28.    MILLENNIUM lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 28, and on that basis, denies each and every allegation of Paragraph 28.

29.    MILLENNIUM lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 29, and on that basis, denies each and every allegation of Paragraph 29.

30.    MILLENNIUM lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 30, and on that basis, denies each and every allegation of Paragraph 30.

31.    MILLENNIUM lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 31, and on that basis, denies each and every allegation of Paragraph 31.

32.    MILLENNIUM lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 32, and on that basis, denies each and every allegation of Paragraph 32.

33.    MILLENNIUM lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 33, and on that basis, denies each and every allegation of Paragraph 33.

34.    MILLENNIUM lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 34, and on that basis, denies each and every allegation of Paragraph 34.

35.    To the extent Paragraph 35 purports to quote statements and/or materials from the Alcohol and Tobacco Tax and Trade Bureau, MILLENNIUM

refers to those statements and/or materials as the best evidence of their own contents. To the extent any response to the remainder of Paragraph 35 is necessary, MILLENNIUM lacks knowledge or information sufficient to admit or deny the remainder of Paragraph 35, and on that basis, denies the remainder of Paragraph 35.

36.    To the extent Paragraph 36 purports to quote statements and/or materials from the Alcohol and Tobacco Tax and Trade Bureau and/or state or federal laws and/or regulations, MILLENNIUM refers to those statements and/or materials as the best evidence of their own contents. To the extent any response to the remainder of Paragraph 36 is necessary, MILLENNIUM lacks knowledge or information sufficient to admit or deny the remainder of Paragraph 36, and on that basis, denies the remainder of Paragraph 36.

37.    To the extent Paragraph 37 purports to quote statements and/or materials from state or federal laws and/or regulations, MILLENNIUM refers to those statements and/or materials as the best evidence of their own contents. To the extent any response to the remainder of Paragraph 37 is necessary, MILLENNIUM lacks knowledge or information sufficient to admit or deny the remainder of Paragraph 37, and on that basis, denies the remainder of Paragraph 37.

38.    To the extent Paragraph 38 purports to quote statements and/or materials from the Alcohol and Tobacco Tax and Trade Bureau, MILLENNIUM refers to those statements and/or materials as the best evidence of their own contents. To the extent any response to the remainder of Paragraph 38 is necessary, MILLENNIUM lacks knowledge or information sufficient to admit or deny the remainder of Paragraph 38, and on that basis, denies the remainder of Paragraph 38.

39.    To the extent Paragraph 39 purports to quote statements and/or materials from the Alcohol and Tobacco Tax and Trade Bureau, MILLENNIUM refers to those statements and/or materials as the best evidence of their own contents. To the extent any response to the remainder of Paragraph 39 is necessary,

1    MILLENNIUM lacks knowledge or information sufficient to admit or deny the

2    remainder of Paragraph 39, and on that basis, denies the remainder of Paragraph 39.

3         40.    MILLENNIUM denies that any MILLENNIUM product is or has ever

4    been "misbranded under the FDA's labeling requirements, California's Sherman

5    Food Drug & Cosmetic Law and New York's Agriculture and Marketing Law."

6    discussed in greater detail below.  To the extent Paragraph 40 purports to quote

7    statements and/or materials from state or federal laws and/or regulations,

8    MILLENNIUM refers to those statements and/or materials as the best evidence of

9    their own contents.  MILLENNIUM avers that the remainder of Paragraph 40

10   consists of legal arguments and conclusions to which no response is required.  To

11   the extent any response to the remainder of Paragraph 40 is necessary,

12   MILLENNIUM denies the remainder of Paragraph 40.

13        41.    MILLENNIUM denies that any of MILLENNIUM's Enlightened

14   products contain or have ever contained "substantial amounts of alcohol."

15   MILLENNIUM further denies that any MILLENNIUM product is or has ever

16   violated any state consumer health and safety regulations.  To the extent Paragraph

17   41 purports to quote statements and/or materials from state or federal laws and/or

18   regulations, MILLENNIUM refers to those statements and/or materials as the best

19   evidence of their own contents.  MILLENNIUM avers that the remainder of

20   Paragraph 41 consists of legal arguments and conclusions to which no response is

21   required.  To the extent any response to the remainder of Paragraph 41 is necessary,

22   MILLENNIUM denies the remainder of Paragraph 41.

23        42.    MILLENNIUM denies that any of MILLENNIUM's Enlightened

24   products are or have ever been "significantly above the 0.5 threshold at the time of

25   sale and consumption" or "almost as alcoholic as traditional beer."  MILLENNIUM

26   further denies that any MILLENNIUM has ever "distribute[d] Enlightened

27   Kombucha in violation of Federal and State laws."  MILLENNIUM lacks

28   knowledge or information sufficient to admit or deny the allegation that "Plaintiffs

ANSWER TO FOURTH AMENDED
COMPLAINT; 2:15-CV-01801-PSG-AJW

1  do not know whether Enlightened Kombucha is below 0.5 alcohol by volume at the

2  moment it leaves Millennium's distribution center," and on that basis, deny this

3  allegation.  MILLENNIUM avers that the remainder of Paragraph 42 consists of

4  legal arguments and conclusions to which no response is required.  To the extent

5  any response to the remainder of Paragraph 42 is necessary, MILLENNIUM denies

6  the remainder of Paragraph 42.

7      43.    To the extent Paragraph 43 purports to quote statements and/or

8  materials from GT Dave, MILLENNIUM refers to those statements and/or

9  materials as the best evidence of their own contents.  MILLENNIUM avers that the

10 remainder of Paragraph 43 consists of legal arguments and conclusions to which no

11 response is required.  To the extent any response to the remainder of Paragraph 43

12 is necessary, MILLENNIUM denies the remainder of Paragraph 43.

13     44.    To the extent Paragraph 44 purports to quote excerpts from

14 MILLENNIUM's packaging, advertising, or marketing materials, MILLENNIUM

15 refers to those materials as the best evidence of their own contents.

16 MILLENNIUM avers that the remainder of Paragraph 44 consists of legal

17 arguments and conclusions to which no response is required.  To the extent any

18 response to the remainder of Paragraph 44 is necessary, MILLENNIUM denies the

19 remainder of Paragraph 44.

20     45.    To the extent Paragraph 45 purports to quote excerpts from

21 MILLENNIUM's packaging, advertising, or marketing materials, MILLENNIUM

22 refers to those materials as the best evidence of their own contents.

23 MILLENNIUM avers that the remainder of Paragraph 45 consists of legal

24 arguments and conclusions to which no response is required.  To the extent any

25 response to the remainder of Paragraph 45 is necessary, MILLENNIUM denies the

26 remainder of Paragraph 45.

27     46.    MILLENNIUM avers that Paragraph 46 consists of legal arguments

28 and conclusions to which no response is required.  To the extent any response to

ANSWER TO FOURTH AMENDED
COMPLAINT; 2:15-CV-01801-PSG-AJW

1   Paragraph 46 is necessary, MILLENNIUM denies each and every allegation of

2   Paragraph 46.

3          47.    MILLENNIUM admits that kombucha is a type of tea.  To the extent

4   Paragraph 47 purports to quote excerpts from MILLENNIUM's packaging,

5   advertising, or marketing materials, MILLENNIUM refers to those materials as the

6   best evidence of their own contents.  MILLENNIUM avers that the remainder of

7   Paragraph 47 consists of legal arguments and conclusions to which no response is

8   required.  To the extent any response to the remainder of Paragraph 47 is necessary,

9   MILLENNIUM denies the remainder of Paragraph 47.  MILLENNIUM

10  specifically denies that any of MILLENNIUM's labels are or have ever been

11  "misbranded and misleading."

12         48.    To the extent Paragraph 48 purports to quote excerpts from

13  MILLENNIUM's packaging, advertising, or marketing materials, MILLENNIUM

14  refers to those materials as the best evidence of their own contents.

15  MILLENNIUM avers that the remainder of Paragraph 48 consists of legal

16  arguments and conclusions to which no response is required.  To the extent any

17  response to the remainder of Paragraph 48 is necessary, MILLENNIUM denies the

18  remainder of Paragraph 48.  MILLENNIUM specifically denies that any statements

19  on MILLENNIUM's labels have ever or currently "characteriz[e]the level of

20  antioxidants" in MILLENNIUM products.

21         49.    To the extent Paragraph 49 purports to quote excerpts from

22  MILLENNIUM's packaging, advertising, or marketing materials, MILLENNIUM

23  refers to those materials as the best evidence of their own contents.

24  MILLENNIUM avers that the remainder of Paragraph 49 consists of legal

25  arguments and conclusions to which no response is required.  To the extent any

26  response to the remainder of Paragraph 49 is necessary, MILLENNIUM denies the

27  remainder of Paragraph 49.  MILLENNIUM specifically denies that any statements

28

ANSWER TO FOURTH AMENDED
COMPLAINT; 2:15-CV-01801-PSG-AJW

on MILLENNIUM's labels have ever or currently "characteriz[e]the level of antioxidants" in MILLENNIUM products.

50.     To the extent Paragraph 50 purports to quote excerpts from MILLENNIUM's packaging, advertising, or marketing materials, MILLENNIUM refers to those materials as the best evidence of their own contents.  To the extent any response to the remainder of Paragraph 50 is necessary, MILLENNIUM lacks knowledge or information sufficient to admit or deny the remainder of Paragraph 50, and on that basis, denies the remainder of Paragraph 50.

51.     MILLENNIUM denies each and every allegation of Paragraph 51.

52.     To the extent Paragraph 52 purports to quote statements and/or materials from state or federal laws and/or regulations, MILLENNIUM refers to those statements and/or materials as the best evidence of their own contents. MILLENNIUM avers that the remainder of Paragraph 52 consists of legal arguments and conclusions to which no response is required.  To the extent any response to the remainder of Paragraph 52 is necessary, MILLENNIUM denies the remainder of Paragraph 52.

53.     To the extent Paragraph 53 purports to quote statements and/or materials from state or federal laws and/or regulations, MILLENNIUM refers to those statements and/or materials as the best evidence of their own contents. MILLENNIUM avers that the remainder of Paragraph 53 consists of legal arguments and conclusions to which no response is required.  To the extent any response to the remainder of Paragraph 53 is necessary, MILLENNIUM denies the remainder of Paragraph 53.

54.     To the extent Paragraph 54 purports to quote statements and/or materials from state or federal laws and/or regulations, MILLENNIUM refers to those statements and/or materials as the best evidence of their own contents. MILLENNIUM avers that the remainder of Paragraph 54 consists of legal arguments and conclusions to which no response is required.  To the extent any

response to the remainder of Paragraph 54 is necessary, MILLENNIUM denies the remainder of Paragraph 54.

55.     To the extent Paragraph 55 purports to quote statements and/or materials from the FDA or state or federal laws and/or regulations, MILLENNIUM refers to those statements and/or materials as the best evidence of their own contents.  MILLENNIUM avers that the remainder of Paragraph 55 consists of legal arguments and conclusions to which no response is required.  To the extent any response to the remainder of Paragraph 55 is necessary, MILLENNIUM denies the remainder of Paragraph 55.

56.     To the extent Paragraph 56 purports to quote statements and/or materials from the FDA or state or federal laws and/or regulations, MILLENNIUM refers to those statements and/or materials as the best evidence of their own contents.  MILLENNIUM avers that the remainder of Paragraph 56 consists of legal arguments and conclusions to which no response is required.  To the extent any response to the remainder of Paragraph 56 is necessary, MILLENNIUM denies the remainder of Paragraph 56.

57.     To the extent Paragraph 57 purports to quote excerpts from MILLENNIUM's packaging, advertising, or marketing materials, MILLENNIUM refers to those materials as the best evidence of their own contents.  To the extent Paragraph 57 purports to quote statements and/or materials from the FDA or state or federal laws and/or regulations, MILLENNIUM refers to those statements and/or materials as the best evidence of their own contents.  MILLENNIUM avers that the remainder of Paragraph 57 consists of legal arguments and conclusions to which no response is required.  To the extent any response to the remainder of Paragraph 57 is necessary, MILLENNIUM denies the remainder of Paragraph 57. MILLENNIUM specifically denies that the "marketing of EGCG as the antioxidants in Enlightened Kombucha is misleading and misbrands the products."

ANSWER TO FOURTH AMENDED
COMPLAINT; 2:15-CV-01801-PSG-AJW

58.     To the extent Paragraph 58 purports to quote excerpts from MILLENNIUM's packaging, advertising, or marketing materials, MILLENNIUM refers to those materials as the best evidence of their own contents.  To the extent Paragraph 58 purports to quote statements and/or materials from the FDA or state or federal laws and/or regulations, MILLENNIUM refers to those statements and/or materials as the best evidence of their own contents.  MILLENNIUM avers that the remainder of Paragraph 58 consists of legal arguments and conclusions to which no response is required.  To the extent any response to the remainder of Paragraph 58 is necessary, MILLENNIUM denies the remainder of Paragraph 58. MILLENNIUM specifically denies that any statement on MILLENNIUM's labels, past or present, "misbrands the products, and misleads consumers."

59.     To the extent Paragraph 59 purports to quote excerpts from MILLENNIUM's packaging, advertising, or marketing materials, MILLENNIUM refers to those materials as the best evidence of their own contents.  To the extent Paragraph 59 purports to quote statements and/or materials from the FDA or state or federal laws and/or regulations, MILLENNIUM refers to those statements and/or materials as the best evidence of their own contents.  MILLENNIUM avers that the remainder of Paragraph 59 consists of legal arguments and conclusions to which no response is required.  To the extent any response to the remainder of Paragraph 59 is necessary, MILLENNIUM denies the remainder of Paragraph 59.

60.     To the extent Paragraph 60 purports to quote statements and/or materials from the FDA or state or federal laws and/or regulations, MILLENNIUM refers to those materials as the best evidence of their own contents.  MILLENNIUM avers that the remainder of Paragraph 60 consists of legal arguments and conclusions to which no response is required.  To the extent any response to the remainder of Paragraph 60 is necessary, MILLENNIUM denies the remainder of Paragraph 60.

61.     MILLENNIUM avers that Paragraph 61 consists of legal arguments and conclusions to which no response is required.  To the extent any response to Paragraph 61 is necessary, MILLENNIUM denies each and every allegation of Paragraph 61.  MILLENNIUM specifically denies that "Millennium's marketing campaign for Enlightened Kombucha is centered on the characterization of the level of antioxidants in the products and the use of nutrient content claims using the term 'antioxidant.'"  MILLENNIUM further denies that any MILLENNIUM Product is or has ever been "misbranded in violation of parallel state and federal laws."

62.     MILLENNIUM avers that Paragraph 62 consists of legal arguments and conclusions to which no response is required.  To the extent any response to Paragraph 62 is necessary, MILLENNIUM denies each and every allegation of Paragraph 62.  MILLENNIUM specifically denies that the requisites for class action treatment are present and that this action could properly proceed as a class action.

63.     To the extent Paragraph 63 purports to quote statements and/or materials from Bossa Nova, MILLENNIUM refers to those statements and/or materials as the best evidence of their own contents.   MILLENNIUM denies the remainder of Paragraph 63.

64.     To the extent Paragraph 64 purports to quote statements and/or materials from the FDA or state or federal laws and/or regulations, MILLENNIUM refers to those statements and/or materials as the best evidence of their own contents.  MILLENNIUM avers that the remainder of Paragraph 64 is too vague to require a response, mischaracterizes the facts, and consists of legal arguments and conclusions to which no response is required.  To the extent any response to the remainder of Paragraph 64 is necessary, MILLENNIUM denies the remainder of Paragraph 64.

65.     To the extent Paragraph 65 purports to quote statements and/or materials from the FDA or state or federal laws and/or regulations, MILLENNIUM

refers to those statements and/or materials as the best evidence of their own contents.  MILLENNIUM avers that the remainder of Paragraph 65 consists of legal arguments and conclusions to which no response is required.  To the extent any response to the remainder of Paragraph 65 is necessary, MILLENNIUM denies the remainder of Paragraph 65.

66.    To the extent Paragraph 66 purports to quote statements and/or materials from the FDA or state or federal laws and/or regulations, MILLENNIUM refers to those statements and/or materials as the best evidence of their own contents.  MILLENNIUM avers that the remainder of Paragraph 66 consists of legal arguments and conclusions to which no response is required.  To the extent any response to the remainder of Paragraph 66 is necessary, MILLENNIUM denies the remainder of Paragraph 66.

67.    MILLENNIUM avers that Paragraph 67 consists of legal arguments and conclusions to which no response is required.  To the extent any response Paragraph 67 is necessary, MILLENNIUM denies each and every allegation of Paragraph 67.

68.    To the extent Paragraph 68 purports to quote statements and/or materials from "medical professionals," MILLENNIUM refers to those statements and/or materials as the best evidence of their own contents.  MILLENNIUM avers that the remainder of Paragraph 68 consists of legal arguments and conclusions to which no response is required.  To the extent any response to the remainder of Paragraph 68 is necessary, MILLENNIUM denies the remainder of Paragraph 68.

69.    To the extent Paragraph 69 purports to quote statements and/or materials from the Harvard School of Public Health, MILLENNIUM refers to those statements and/or materials as the best evidence of their own contents. MILLENNIUM avers that the remainder of Paragraph 69 consists of legal arguments and conclusions to which no response is required.  To the extent any

- 18 -

response to the remainder of Paragraph 69 is necessary, MILLENNIUM denies the remainder of Paragraph 69.

70.     To the extent Paragraph 70 purports to quote statements and/or materials from scientific and/or medical literature, MILLENNIUM refers to those statements and/or materials as the best evidence of their own contents. MILLENNIUM avers that the remainder of Paragraph 70 consists of legal arguments and conclusions to which no response is required.  To the extent any response to the remainder of Paragraph 70 is necessary, MILLENNIUM denies the remainder of Paragraph 70.

71.     MILLENNIUM denies each and every allegation of Paragraph 71.

## CLASS REPRESENTATION ALLEGATIONS

72.     MILLENNIUM avers that Paragraph 72 does not allege facts that MILLENNIUM is required to admit or deny.  To the extent any response is necessary, MILLENNIUM lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 72, and on that basis, denies each and every allegation of Paragraph 72.  MILLENNIUM specifically denies that the requisites for class action treatment are present and that this action could properly proceed as a class action.

73.     MILLENNIUM avers that Paragraph 73 does not allege facts that MILLENNIUM is required to admit or deny.  To the extent any response is necessary, MILLENNIUM lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 73, and on that basis, denies each and every allegation of Paragraph 73.  MILLENNIUM specifically denies that the requisites for class action treatment are present and that this action could properly proceed as a class action.

74.     MILLENNIUM avers that Paragraph 74 does not allege facts that MILLENNIUM is required to admit or deny.  To the extent any response is necessary, MILLENNIUM lacks knowledge or information sufficient to admit or

1    deny the allegations of Paragraph 74, and on that basis, denies each and every

2    allegation of Paragraph 74.  MILLENNIUM specifically denies that the requisites

3    for class action treatment are present and that this action could properly proceed as

4    a class action.

5           75.     MILLENNIUM avers that Paragraph 75 does not allege facts that

6    MILLENNIUM is required to admit or deny.  To the extent any response is

7    necessary, MILLENNIUM lacks knowledge or information sufficient to admit or

8    deny the allegations of Paragraph 75, and on that basis, denies each and every

9    allegation of Paragraph 75.  MILLENNIUM specifically denies that the requisites

10   for class action treatment are present and that this action could properly proceed as

11   a class action.

12          76.     MILLENNIUM avers that Paragraph 76 does not allege facts that

13   MILLENNIUM is required to admit or deny.  To the extent any response is

14   necessary, MILLENNIUM lacks knowledge or information sufficient to admit or

15   deny the allegations of Paragraph 76, and on that basis, denies each and every

16   allegation of Paragraph 76.  MILLENNIUM specifically denies that the requisites

17   for class action treatment are present and that this action could properly proceed as

18   a class action.

19          77.     MILLENNIUM avers that Paragraph 77 does not allege facts that

20   MILLENNIUM is required to admit or deny.  To the extent any response is

21   necessary, MILLENNIUM lacks knowledge or information sufficient to admit or

22   deny the allegations of Paragraph 77, and on that basis, denies each and every

23   allegation of Paragraph 77.  MILLENNIUM specifically denies that the requisites

24   for class action treatment are present and that this action could properly proceed as

25   a class action.

26          78.     MILLENNIUM avers that Paragraph 78 does not allege facts that

27   MILLENNIUM is required to admit or deny.  To the extent any response is

28   necessary, MILLENNIUM lacks knowledge or information sufficient to admit or

deny the allegations of Paragraph 78, and on that basis, denies each and every allegation of Paragraph 78.  MILLENNIUM specifically denies that the requisites for class action treatment are present and that this action could properly proceed as a class action.

79.    MILLENNIUM avers that Paragraph 79 does not allege facts that MILLENNIUM is required to admit or deny.  To the extent any response is necessary, MILLENNIUM denies each and every allegation of Paragraph 79.  MILLENNIUM specifically denies that the requisites for class action treatment are present and that this action could properly proceed as a class action.

80.    MILLENNIUM avers that Paragraph 80 does not allege facts that MILLENNIUM is required to admit or deny.  To the extent any response is necessary, MILLENNIUM denies each and every allegation of Paragraph 80.  MILLENNIUM specifically denies that the requisites for class action treatment are present and that this action could properly proceed as a class action.

81.    MILLENNIUM avers that Paragraph 81 does not allege facts that MILLENNIUM is required to admit or deny.  To the extent any response is necessary, MILLENNIUM denies each and every allegation of Paragraph 81.  MILLENNIUM specifically denies that the requisites for class action treatment are present and that this action could properly proceed as a class action.

82.    MILLENNIUM avers that Paragraph 82 does not allege facts that MILLENNIUM is required to admit or deny.  To the extent any response is necessary, MILLENNIUM denies each and every allegation of Paragraph 82.  MILLENNIUM specifically denies that the requisites for class action treatment are present and that this action could properly proceed as a class action.

83.    MILLENNIUM avers that Paragraph 83 does not allege facts that MILLENNIUM is required to admit or deny.  To the extent any response is necessary, MILLENNIUM denies each and every allegation of Paragraph 83.

ANSWER TO FOURTH AMENDED
COMPLAINT; 2:15-CV-01801-PSG-AJW

MILLENNIUM specifically denies that the requisites for class action treatment are present and that this action could properly proceed as a class action.

### COUNT I

84.     MILLENNIUM incorporates by reference the responses to Paragraphs 1 through 83 set forth in this Answer as though fully set forth herein.

85.     MILLENNIUM avers that Paragraph 85 does not allege facts that MILLENNIUM is required to admit or deny.  To the extent any response is necessary, MILLENNIUM lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 85, and on that basis, denies each and every allegation of Paragraph 85.  MILLENNIUM specifically denies that the requisites for class action treatment are present and that this action could properly proceed as a class action.

86.  MILLENNIUM avers that Paragraph 86 does not allege facts that MILLENNIUM is required to admit or deny.  To the extent any response is necessary, MILLENNIUM lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 86, and on that basis, denies each and every allegation of Paragraph 86.  MILLENNIUM specifically denies that the requisites for class action treatment are present and that this action could properly proceed as a class action.

87.     MILLENNIUM avers that Paragraph 87 does not allege facts that MILLENNIUM is required to admit or deny.  To the extent any response is necessary, MILLENNIUM lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 87, and on that basis, denies each and every allegation of Paragraph 87.  MILLENNIUM specifically denies that the requisites for class action treatment are present and that this action could properly proceed as a class action.

88.     MILLENNIUM avers that Paragraph 88 does not allege facts that MILLENNIUM is required to admit or deny.  To the extent any response is

1   necessary, MILLENNIUM lacks knowledge or information sufficient to admit or

2   deny the allegations of Paragraph 88, and on that basis, denies each and every

3   allegation of Paragraph 88.

4        89.    To the extent Paragraph 89 purports to quote excerpts from

5   MILLENNIUM's packaging, advertising, or marketing materials, MILLENNIUM

6   refers to those materials as the best evidence of their own contents.

7   MILLENNIUM avers that the remainder of Paragraph 89 does not allege facts that

8   MILLENNIUM is required to admit or deny.  To the extent any response is

9   necessary, MILLENNIUM denies the remainder of Paragraph 89.  MILLENNIUM

10  specifically denies that the requisites for class action treatment are present and that

11  this action could properly proceed as a class action.

12       90.    To the extent Paragraph 90 purports to quote excerpts from

13  MILLENNIUM's packaging, advertising, or marketing materials, MILLENNIUM

14  refers to those materials as the best evidence of their own contents.

15  MILLENNIUM avers that the remainder of Paragraph 90 does not allege facts that

16  MILLENNIUM is required to admit or deny.  To the extent any response is

17  necessary, MILLENNIUM denies the remainder of Paragraph 90.

18       91.    MILLENNIUM avers that Paragraph 91 does not allege facts that

19  MILLENNIUM is required to admit or deny.  To the extent any response is

20  necessary, MILLENNIUM lacks knowledge or information sufficient to admit or

21  deny the allegations of Paragraph 91, and on that basis, denies each and every

22  allegation of Paragraph 91.

23       92.    MILLENNIUM avers that Paragraph 92 does not allege facts that

24  MILLENNIUM is required to admit or deny.  To the extent any response is

25  necessary, MILLENNIUM lacks knowledge or information sufficient to admit or

26  deny the allegations of Paragraph 92, and on that basis, denies each and every

27  allegation of Paragraph 92.

28

ANSWER TO FOURTH AMENDED
COMPLAINT; 2:15-CV-01801-PSG-AJW

93.    MILLENNIUM avers that Paragraph 93 does not allege facts that MILLENNIUM is required to admit or deny.  To the extent any response is necessary, MILLENNIUM lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 93, and on that basis, denies each and every allegation of Paragraph 93.

94.    MILLENNIUM avers that Paragraph 94 does not allege facts that MILLENNIUM is required to admit or deny.  To the extent any response is necessary, MILLENNIUM lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 94, and on that basis, denies each and every allegation of Paragraph 94.  MILLENNIUM specifically denies that the requisites for class action treatment are present and that this action could properly proceed as a class action.

95.    MILLENNIUM avers that Paragraph 95 does not allege facts that MILLENNIUM is required to admit or deny.  To the extent any response is necessary, MILLENNIUM denies each and every allegation of Paragraph 95. MILLENNIUM specifically denies that the requisites for class action treatment are present and that this action could properly proceed as a class action.

96.    MILLENNIUM admits that Exhibit K to the COMPLAINT is a CLRA notice letter that was sent to MILLENNIUM prior to the filing of the COMPLAINT, but denies that this letter "complies in all respects with California Civil Code § 1782."  MILLENNIUM avers that Paragraph 96 does not allege facts that MILLENNIUM is required to admit or deny.  To the extent any response is necessary, MILLENNIUM lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 96, and on that basis, denies each and every allegation of Paragraph 96.  MILLENNIUM specifically denies that the requisites for class action treatment are present and that this action could properly proceed as a class action.

ANSWER TO FOURTH AMENDED
COMPLAINT; 2:15-CV-01801-PSG-AJW

97.    MILLENNIUM admits that Exhibit L to the COMPLAINT is a CLRA notice letter addressed to Whole Foods Market, Inc.  MILLENNIUM lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 97, and on that basis, denies each and every allegation of Paragraph 97.

98.    MILLENNIUM avers that Paragraph 98 does not allege facts that MILLENNIUM is required to admit or deny.  To the extent any response is necessary, MILLENNIUM lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 98, and on that basis, denies each and every allegation of Paragraph 98.  MILLENNIUM specifically denies that PLAINTIFFS have the requisite standing to seek injunctive relief, or that PLAINTIFFS or the putative class are entitled to any relief whatsoever.

## COUNT II

99.    MILLENNIUM incorporates by reference the responses to Paragraphs 1 through 98 set forth in this Answer as though fully set forth herein.

100.    MILLENNIUM avers that Paragraph 100 does not allege facts that MILLENNIUM is required to admit or deny.  To the extent any response is necessary, MILLENNIUM lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 100, and on that basis, denies each and every allegation of Paragraph 100.  MILLENNIUM specifically denies that the requisites for class action treatment are present and that this action could properly proceed as a class action.

101.    MILLENNIUM avers that Paragraph 101 does not allege facts that MILLENNIUM is required to admit or deny.  To the extent any response is necessary, MILLENNIUM lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 101, and on that basis, denies each and every allegation of Paragraph 101.  MILLENNIUM specifically denies that the requisites for class action treatment are present and that this action could properly proceed as a class action.

1    102.   MILLENNIUM avers that Paragraph 102 does not allege facts that

2    MILLENNIUM is required to admit or deny.  To the extent any response is

3    necessary, MILLENNIUM lacks knowledge or information sufficient to admit or

4    deny the allegations of Paragraph 102, and on that basis, denies each and every

5    allegation of Paragraph 102.

6    103.   To the extent Paragraph 103 purports to quote excerpts from

7    MILLENNIUM's packaging, advertising, or marketing materials, MILLENNIUM

8    refers to those materials as the best evidence of their own contents.

9    MILLENNIUM avers that the remainder of Paragraph 103 does not allege facts that

10   MILLENNIUM is required to admit or deny.  To the extent any response is

11   necessary, MILLENNIUM denies the remainder of Paragraph 103.

12   MILLENNIUM specifically denies that the requisites for class action treatment are

13   present and that this action could properly proceed as a class action.

14   104.   To the extent Paragraph 104 purports to quote excerpts from

15   MILLENNIUM's packaging, advertising, or marketing materials, MILLENNIUM

16   refers to those materials as the best evidence of their own contents.

17   MILLENNIUM avers that the remainder of Paragraph 104 does not allege facts that

18   MILLENNIUM is required to admit or deny.  To the extent any response is

19   necessary, MILLENNIUM denies the remainder of Paragraph 104.

20   105.   MILLENNIUM avers that Paragraph 105 does not allege facts that

21   MILLENNIUM is required to admit or deny.  To the extent any response is

22   necessary, MILLENNIUM denies each and every allegation of Paragraph 105.

23   106.   MILLENNIUM avers that Paragraph 106 does not allege facts that

24   MILLENNIUM is required to admit or deny.  To the extent any response is

25   necessary, MILLENNIUM denies each and every allegation of Paragraph 106.

26   107.   MILLENNIUM avers that Paragraph 107 does not allege facts that

27   MILLENNIUM is required to admit or deny.  To the extent any response is

28   necessary, MILLENNIUM denies each and every allegation of Paragraph 107.

MILLENNIUM specifically denies that the requisites for class action treatment are present and that this action could properly proceed as a class action.

108.   MILLENNIUM avers that Paragraph 108 does not allege facts that MILLENNIUM is required to admit or deny.  To the extent any response is necessary, MILLENNIUM lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 108, and on that basis, denies each and every allegation of Paragraph 108.  MILLENNIUM specifically denies that the requisites for class action treatment are present and that this action could properly proceed as a class action.

109.   MILLENNIUM avers that Paragraph 109 does not allege facts that MILLENNIUM is required to admit or deny.  To the extent any response is necessary, MILLENNIUM denies each and every allegation of Paragraph 109.  MILLENNIUM specifically denies that the requisites for class action treatment are present and that this action could properly proceed as a class action.

## COUNT III

110.   MILLENNIUM incorporates by reference the responses to Paragraphs 1 through 109 set forth in this Answer as though fully set forth herein.

111.   MILLENNIUM avers that Paragraph 111 does not allege facts that MILLENNIUM is required to admit or deny.  To the extent any response is necessary, MILLENNIUM lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 111, and on that basis, denies each and every allegation of Paragraph 111.  MILLENNIUM specifically denies that the requisites for class action treatment are present and that this action could properly proceed as a class action.

112.   MILLENNIUM avers that Paragraph 112 does not allege facts that MILLENNIUM is required to admit or deny.  To the extent any response is necessary, MILLENNIUM lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 112, and on that basis, denies each and every

allegation of Paragraph 112.  MILLENNIUM specifically denies that the requisites for class action treatment are present and that this action could properly proceed as a class action.

113.   MILLENNIUM avers that Paragraph 113 does not allege facts that MILLENNIUM is required to admit or deny.  To the extent any response is necessary, MILLENNIUM lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 113, and on that basis, denies each and every allegation of Paragraph 113.

114.   MILLENNIUM avers that Paragraph 114 does not allege facts that MILLENNIUM is required to admit or deny.  To the extent any response is necessary, MILLENNIUM denies each and every allegation of Paragraph 114.

115.   To the extent Paragraph 115 purports to quote excerpts from MILLENNIUM's packaging, advertising, or marketing materials, MILLENNIUM refers to those materials as the best evidence of their own contents. MILLENNIUM avers that the remainder of Paragraph 115 does not allege facts that MILLENNIUM is required to admit or deny.  To the extent any response is necessary, MILLENNIUM denies the remainder of Paragraph 115. MILLENNIUM specifically denies that the requisites for class action treatment are present and that this action could properly proceed as a class action.

116.   To the extent Paragraph 116 purports to quote excerpts from MILLENNIUM's packaging, advertising, or marketing materials, MILLENNIUM refers to those materials as the best evidence of their own contents. MILLENNIUM avers that the remainder of Paragraph 116 does not allege facts that MILLENNIUM is required to admit or deny.  To the extent any response is necessary, MILLENNIUM denies the remainder of Paragraph 116.

117.   MILLENNIUM avers that Paragraph 117 does not allege facts that MILLENNIUM is required to admit or deny.  To the extent any response is necessary, MILLENNIUM denies each and every allegation of Paragraph 117.

1  MILLENNIUM specifically denies that the requisites for class action treatment are

2  present and that this action could properly proceed as a class action.

3      118.   MILLENNIUM avers that Paragraph 118 does not allege facts that

4  MILLENNIUM is required to admit or deny.  To the extent any response is

5  necessary, MILLENNIUM denies each and every allegation of Paragraph 118.

6      119.   MILLENNIUM avers that Paragraph 119 does not allege facts that

7  MILLENNIUM is required to admit or deny.  To the extent any response is

8  necessary, MILLENNIUM denies each and every allegation of Paragraph 119.

9  MILLENNIUM specifically denies that the requisites for class action treatment are

10 present and that this action could properly proceed as a class action.

## COUNT IV

12     120.   MILLENNIUM incorporates by reference the responses to Paragraphs

13 1 through 119 set forth in this Answer as though fully set forth herein.

14     121.   MILLENNIUM avers that Paragraph 121 does not allege facts that

15 MILLENNIUM is required to admit or deny.  To the extent any response is

16 necessary, MILLENNIUM lacks knowledge or information sufficient to admit or

17 deny the allegations of Paragraph 121, and on that basis, denies each and every

18 allegation of Paragraph 121.  MILLENNIUM specifically denies that the requisites

19 for class action treatment are present and that this action could properly proceed as

20 a class action.

21     122.   MILLENNIUM avers that Paragraph 122 does not allege facts that

22 MILLENNIUM is required to admit or deny.  To the extent any response is

23 necessary, MILLENNIUM lacks knowledge or information sufficient to admit or

24 deny the allegations of Paragraph 122, and on that basis, denies each and every

25 allegation of Paragraph 122.

26     123.   To the extent Paragraph 123 purports to quote excerpts from

27 MILLENNIUM's packaging, advertising, or marketing materials, MILLENNIUM

28 refers to those materials as the best evidence of their own contents.

1   MILLENNIUM avers that the remainder of Paragraph 123 does not allege facts that

2   MILLENNIUM is required to admit or deny.  To the extent any response is

3   necessary, MILLENNIUM denies the remainder of Paragraph 123.

4        124.   To the extent Paragraph 124 purports to quote excerpts from

5   MILLENNIUM's packaging, advertising, or marketing materials, MILLENNIUM

6   refers to those materials as the best evidence of their own contents.

7   MILLENNIUM avers that the remainder of Paragraph 124 does not allege facts that

8   MILLENNIUM is required to admit or deny.  To the extent any response is

9   necessary, MILLENNIUM denies the remainder of Paragraph 124.

10       125.   MILLENNIUM avers that Paragraph 125 does not allege facts that

11   MILLENNIUM is required to admit or deny.  To the extent any response is

12   necessary, MILLENNIUM denies each and every allegation of Paragraph 125.

13       126.   MILLENNIUM avers that Paragraph 126 does not allege facts that

14   MILLENNIUM is required to admit or deny.  To the extent any response is

15   necessary, MILLENNIUM denies each and every allegation of Paragraph 126.

16       127.   MILLENNIUM avers that Paragraph 127 does not allege facts that

17   MILLENNIUM is required to admit or deny.  To the extent any response is

18   necessary, MILLENNIUM denies each and every allegation of Paragraph 127.

19   MILLENNIUM specifically denies that the requisites for class action treatment are

20   present and that this action could properly proceed as a class action.

21                          **PRAYER FOR RELIEF**

22       MILLENNIUM avers that Plaintiff's Prayer for Relief does not allege facts

23   that MILLENNIUM is required to admit or deny.  To the extent any response is

24   necessary, MILLENNIUM denies each and every allegation contained therein, and

25   any entitlement of Plaintiff or members of the putative class to any relief

26   whatsoever.  MILLENNIUM specifically denies that the requisites for class action

27   treatment are present and that this action could properly proceed as a class action.

28

ANSWER TO FOURTH AMENDED
COMPLAINT; 2:15-CV-01801-PSG-AJW

1

## **DEMAND FOR JURY TRIAL**

MILLENNIUM does not oppose PLAINTIFFS' demand for a jury trial in this action as to all issues so triable.

## **AFFIRMATIVE DEFENSES**

While specifically denying any liability to PLAINTIFFS and members of the purported class, or anyone, and that the requisites for class action treatment are present and that this action could properly proceed as a class action, and without assuming any legal or factual burden not otherwise assigned to it by virtue of listing these affirmative defenses, MILLENNIUM asserts the following affirmative defenses:

## **FIRST AFFIRMATIVE DEFENSE**

### **(Failure to State a Claim)**

The COMPLAINT fails to state any claim upon which relief may be granted.

## **SECOND AFFIRMATIVE DEFENSE**

### **(Lack of Standing)**

The COMPLAINT may be barred, in whole or in part, for lack of standing.

## **THIRD AFFIRMATIVE DEFENSE**

### **(Statute of Limitations)**

The COMPLAINT may be time-barred, in whole or in part, under applicable statutes of limitations, including but not limited to, California Civil Code § 1783, California Business and Professions Code § 17208, California Code of Civil Procedure §§ 312 through 365, inclusive, and N.Y. Civil Practice Law and Rules § 214.

## **FOURTH AFFIRMATIVE DEFENSE**

### **(Laches)**

The COMPLAINT may be barred, in whole or in part, by the doctrine of laches.

ANSWER TO FOURTH AMENDED
COMPLAINT; 2:15-CV-01801-PSG-AJW

### FIFTH AFFIRMATIVE DEFENSE

#### (First Amendment)

The COMPLAINT may be barred, in whole or in part, by the First Amendment to the United States Constitution.

### SIXTH AFFIRMATIVE DEFENSE

#### (Plaintiff and Third-Party Fault)

The COMPLAINT may be barred, in whole or in part, because the alleged injuries or damages complained of by PLAINTIFFS and/or members of the purported class, if there actually were any, were caused by the acts or omissions of PLAINTIFFS and/or third parties over whom MILLENNIUM had no control or right of control.

### SEVENTH AFFIRMATIVE DEFENSE

#### (Intervening and Superseding Causes)

The COMPLAINT may be barred, in whole or in part, because the alleged injuries or damage complained of by PLAINTIFFS and/or members of the purported class, if there actually were any, were caused by the intervening and superseding events and/or actions of persons or entities other than MILLENNIUM.

### EIGHTH AFFIRMATIVE DEFENSE

#### (No Causation)

The COMPLAINT may be barred, in whole or in part, barred, because any alleged injury to PLAINTIFFS was not caused by MILLENNIUM'S conduct.

### NINTH AFFIRMATIVE DEFENSE

#### (No Damages)

The COMPLAINT may be barred, in whole or in part, barred, because PLAINTIFFS have not suffered any damages.

## TENTH AFFIRMATIVE DEFENSE

### (No Injury)

The COMPLAINT be barred, in whole or in part, barred, because PLAINTIFFS have not suffered any cognizable injury.

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Reliance)

The COMPLAINT may be barred, in whole or in part, barred, because PLAINTIFFS did not justifiably and/or reasonably rely on any false or misleading statement or omission by MILLENNIUM.

## TWELFTH AFFIRMATIVE DEFENSE

### (Good Faith/Reasonable Belief as to Accuracy and Validity)

The COMPLAINT may be barred, in whole or in part, because at all times at issue herein MILLENNIUM'S conduct was in good faith and/or because any representations or statements alleged to have been made by MILLENNIUM were true and accurate at the time made and/or otherwise were made in good faith and with a reasonable belief as to their validity and accuracy and with a reasonable belief that all of MILLENNIUM'S conduct was lawful.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Justification)

The COMPLAINT may be barred, in whole or in part, because MILLENNIUM'S conduct was at all times justified and/or privileged or immunized on the basis of business justification and/or the business judgment rule.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Safe Harbor)

The COMPLAINT may be barred, in whole or in part, because MILLENNIUM's business practices were and are not unfair, unlawful, fraudulent, deceptive, and/or likely to mislead because MILLENNIUM's conduct falls within a

ANSWER TO FOURTH AMENDED
COMPLAINT; 2:15-CV-01801-PSG-AJW

safe harbor created by law and/or because PLAINTIFFS' claims are barred by the doctrines of statutory and regulatory compliance.

### FIFTEENTH AFFIRMATIVE DEFENSE

**(Inadequate Notice)**

The COMPLAINT may be barred, in whole or in part, by PLAINTIFFS' failure to comply with the notice and demand procedures required under California Civil Code § 1750 *et seq.*

### SIXTEENTH AFFIRMATIVE DEFENSE

**(Corrective Action)**

The COMPLAINT may be barred, in whole or in part, because damages may not be awarded to PLAINTIFFS and members of the purported class pursuant to California Civil Code §§ 1782(b), 1782(c), and 1784.

### SEVENTEENTH AFFIRMATIVE DEFENSE

**(Preemption)**

The COMPLAINT may be barred, in whole or in part, by the doctrine of federal preemption.

### EIGHTEENTH AFFIRMATIVE DEFENSE

**(Primary Jurisdiction)**

The COMPLAINT may be barred, in whole or in part, by the doctrine of primary jurisdiction.

### NINETEENTH AFFIRMATIVE DEFENSE

**(Abstention)**

The COMPLAINT may be barred, in whole or in part, by the doctrine of abstention.

### TWENTIETH AFFIRMATIVE DEFENSE

**(No Entitlement to Relief Sought)**

The COMPLAINT may be barred, in whole or in part, because PLAINTIFFS seek relief to which they are not entitled.

1  |  **TWENTY-FIRST AFFIRMATIVE DEFENSE**

2  |  **(Speculative Damages)**

3  |  The COMPLAINT may be barred, in whole or in part, because the damages

4  |  sought are too speculative and remote.

5  |  **TWENTY-SECOND AFFIRMATIVE DEFENSE**

6  |  **(Failure to Mitigate Damages)**

7  |  The COMPLAINT may be barred, in whole or part, due to PLAINTIFFS'

8  |  failure to mitigate damages.

9  |  **TWENTY-THIRD AFFIRMATIVE DEFENSE**

10 |  **(Adequate Remedy at Law)**

11 |  Any injury or damage suffered by PLAINTIFFS or any member of the

12 |  purported class, if there were any, would be adequately compensated in an action at

13 |  law for damages.

14 |  **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

15 |  **(No Entitlement to Punitive Damages)**

16 |  Any award of punitive damages to PLAINTIFFS is barred under the relevant

17 |  state or federal law and would violate MILLENNIUM'S state or federal

18 |  constitutional rights.

19 |  **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

20 |  **(No Basis for Restitution)**

21 |  There is no basis for restitution as MILLENNIUM has not been unjustly

22 |  enriched.

23 |  **TWENTY-SIXTH  AFFIRMATIVE DEFENSE**

24 |  **(No Entitlement to Injunctive Relief)**

25 |  The COMPLAINT may be barred, in whole or in part, because PLAINTIFFS

26 |  fail to state a claim for injunctive relief.

27 |

28 |

1

2

## **TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

### **(Failure to State a Claim With Particularity)**

PLAINTIFFS have failed to plead the allegations in the COMPLAINT with sufficient particularity, including, but not limited to, the fact that the COMPLAINT fails to state and identify with sufficient particularity the circumstances and communications allegedly constituting misrepresentation and fraud, as required by Rule 9(b) of the Federal Rules of Civil Procedure.

## **TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

### **(No Extraterritorial Application of California Law)**

The COMPLAINT may be barred, in whole or in part, because the extraterritorial application of PLAINTIFFS' claims, arising under California law, to wholly interstate or foreign commerce, and/or the application of California laws to the claims of non-residents under the circumstances of this case, would violate the laws of California or otherwise be beyond the scope of jurisdiction of those laws, and/or violate the United States Constitution or otherwise be unconstitutional.

## **TWENTY-NINTH AFFIRMATIVE DEFENSE**

### **(No New York Claim Based on Non-New York Conduct)**

The COMPLAINT may be barred, in whole or in part, to the extent it seeks to assert claims under the New York General Business Law based on purchases of MILLENNIUM'S products or other alleged acts, conduct, or statements that were undertaken or made outside of New York.

## **THIRTIETH AFFIRMATIVE DEFENSE**

### **(Consent)**

The COMPLAINT may be barred, in whole or in part, to the extent PLAINTIFFS consented to, approved of, and/or ratified all acts and omissions about which PLAINTIFFS now complain.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Puffery)

The COMPLAINT may be barred, in whole or in part, to the extent it asserts claims arising out of non-actionable puffery.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Equitable Defenses)

The COMPLAINT may be barred, in whole or in part, based on principles of equity, including, but not limited to, the doctrines of unclean hands, waiver, and estoppel.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Reservation of Rights)

MILLENNIUM is informed and believes and on such basis alleges that it may have additional defenses available which are not fully known and of which MILLENNIUM is not presently aware.  MILLENNIUM reserves the right to raise and assert additional defenses after such defenses have been ascertained.

## PRAYER FOR JUDGMENT

WHEREFORE, MILLENNIUM prays for judgment in its favor as follows:

1.      That this suit cannot be maintained as a class action;

2.      That the COMPLAINT be dismissed in its entirety on the merits;

3.      That PLAINTIFFS take nothing by the COMPLAINT;

4.      That MILLENNIUM be awarded its costs, disbursements, and expenses incurred herein;

5.      That MILLENNIUM be awarded reasonable attorneys' fees as provided by law; and

ANSWER TO FOURTH AMENDED
COMPLAINT; 2:15-CV-01801-PSG-AJW

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6.      That MILLENNIUM be awarded such other relief as the Court may deem proper.


Dated:  February 29, 2016

O'MELVENY & MYERS LLP


By:      /s/ Scott M. Voelz
              Scott M. Voelz
Attorneys for Defendant
Millennium Products, Inc.

ANSWER TO FOURTH AMENDED
COMPLAINT; 2:15-CV-01801-PSG-AJW