LTL ATTORNEYS LLP
James M. Lee (SBN 192301)
james.lee@ltlattorneys.com
David A. Crane (SBN 305999)
david.crane@ltlattorneys.com
601 South Figueroa Street, Suite 3900
Los Angeles, CA 90017
Tel: 213-612-8900
Fax: 213-612-3773

*Attorneys for Defendant*
*Whole Foods Market, Inc.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

JONATHAN RETTA, KIRSTEN SCHOFIELD, and JESSICA MANIRE, on Behalf of All Others Similarly Situated

Plaintiff(s),

v.

MILLENNIUM PRODUCTS, Inc. and WHOLE FOODS MARKET, Inc.,

Defendants.

Case No. 2:15-CV-01801-PSG-AJW

**DEFENDANT WHOLE FOODS MARKET, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIFTH AMDENDED COMPLAINT**

Fed. R. Civ. P. 12(b)(2), 12(b)(6)

[Filed Concurrently With Memorandum of Points and Authorities; Declaration of Jennifer Boggs; and [Proposed] Order]

Judge: Hon. Philip S. Gutierrez

Date: September 12, 2016
Time: 1:30 pm
Courtroom: 880

# NOTICE OF MOTION AND MOTION

TO PLAINTIFFS, THEIR ATTORNEYS OF RECORD, AND ALL OTHER INTERESTED PARTIES:

PLEASE TAKE NOTICE that on September 12, 2016 at 1:30 p.m., or as soon thereafter as the matter may be heard in the above-entitled Court, located at 255 East Temple Street, Los Angeles, CA 90012, Defendant Whole Foods Market, Inc. ("WFMI") will move the Court to dismiss Plaintiffs' Fifth Amended Complaint ("Complaint") pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6) because:

(1) this Court does not have personal jurisdiction over WFMI; and

(2) Plaintiffs' complaint fails to state a claim upon which relief can be granted, on the grounds that it does not sufficiently allege WFMI's involvement in and control over the alleged misconduct.

This motion is made following the conference of counsel pursuant to L.R. 7-3. On February 25 and 26, 2016, counsel for Plaintiffs and counsel for WFMI's met and conferred regarding WFMI's intent to file a Fed. R. Civ. P. Rule 12(b) motion to dismiss. On March 4, 2016, the parties stipulated to extend WFMI's deadline to respond to the Complaint to April 7, 2016 in order to continue the meet and confer process. Dkt. 57. On March 31, 2016, counsel for the respective parties again met and conferred but were unable to obviate the need for the instant motion. While Plaintiffs have since filed their Fifth Amended Complaint, the substance of that complaint has not changed as it pertains to the grounds for this Motion. This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, and the pleadings and papers filed herein.

Dated: July 11, 2016                          LTL ATTORNEYS LLP

By: */s/ James M. Lee*
James M. Lee
David A. Crane
Attorneys for Defendant
Whole Foods Market, Inc.

# TABLE OF CONTENTS

Table of Authorities ..... ii

Introduction ..... 1

Factual and Procedural Background ..... 2

A. Background ..... 2

B. Facts Relevant to Personal Jurisdiction ..... 3

Argument ..... 4

I. PLAINTIFFS CANNOT ESTABLISH THAT THIS COURT HAS PERSONAL JURISDICTION OVER DEFENDANT WFMI ..... 4

A. Fed. R. Civ. P. 12(b)(2) Legal Standard ..... 4

B. WFMI Is Not Subject To General Jurisdiction In California ..... 9

C. WFMI Is Not Subject To Specific Jurisdiction In California ..... 9

II. THE CLAIMS AGAINST WFMI SHOULD ALTERNATIVELY BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED ..... 11

A. Fed. R. Civ. P. 12(b)(6) Legal Standard ..... 11

Conclusion ..... 15

# TABLE OF AUTHORITIES

**Cases**

*Alexander v. Circus Circus Enter.s, Inc.*, 972 F.2d 261 (9th Cir. 1992) .................... 4

*Avola v. Lousiana-Pacific Corp.*, 991 F. Supp. 2d 381 (E.D.N.Y. Jan. 14, 2014) .................... 13

*Bancroft & Masters, Inc. v. Augusta Nat. Inc.*, 223 F.3d 1082 (9th Cir. 2000) .................... 7

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .................... 11

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985) .................... 6

*Calvert v. Huckins*, 875 F. Supp. 674 (E.D. Cal. 1995) .................... 9

*Clegg v. Cult Awareness Network*, 18 F.3d 752 (9th Cir. 1994) .................... 5

*Cohn v. Kind, LLC*, No. 13 CIV. 8365 (AKH), 2015 WL 9703527 (S.D.N.Y. Jan. 14, 2015) .................... 13

*Conservation Force v. Salazar*, 646 F.3d 1240 (9th Cir. 2011) .................... 12

*Cubbage v. Merchant*, 744 F.2d 665 (9th Cir. 1984) .................... 4

*Data Disc, Inc. v. Systems Tech. Assoc., Inc.*, 557 F.2d 1280 (9th Cir. 1977) .................... 4

*Doe v. Unocal Corp.*, 248 F.3d 915 (9th Cir. 2001) .................... 4, 5, 7, 8, 9

*Dorfman v. Nutramax Laboratories, Inc.*, No. 13cv0873 WQH, 2013 WL 5353043 (S.D. Cal. Sept. 23, 2013) .................... 13

*Emery v. VISA Int'l Serv. Ass'n*, 95 Cal. App. 4th 952 (2002) .................... 12

*Epps v. Stewart Information Services Corp.*, 327 F.3d 642 (8th Cir. 2003) .................... 10

*Freeman v Time, Inc.* 68 F.3d 285 (9th Cir. 1995) .................... 12

*Go-Video, Inc. v. Akai Electric Co., Ltd.*, 885 F.2d 1406 (9th Cir. 1989) .................... 5

*Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408 (1984) .................... 6

*Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450 (9th Cir. 2007) .................... 8

*In re Firearm Cases*, 126 Cal. App. 4th 959 (2005) .................... 13

*In re Jamster Mktg. Litig.*, No. 05cv0819 JM, 2009 WL 1456632 (S.D. Cal. May 22, 2009) .................... 12, 13

*In re Papst Licensing GMBH & Co. KG Litig.*,

602 F. Supp. 2d 10 (D.D.C. 2009)........................................................................10
*International Shoe Co. v. Washington*, 326 U.S. 310 (1945) ......................................6
*Maurizio v. Goldsmith*, 530 F.3d 510 (2d Cir. 2000) ...............................................12
*McKinnis v. Sunny Delight Beverages Co.*, No. CV 07-02034-RGK, 2007 WL 4766525 (C.D. Cal. Sept. 4, 2007)..................................................12
*Negron-Torres v. Verizon Communications, Inc.*, 478 F.3d 19 (1st Cir. 2007)........10
*Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316 (9th Cir. 1998)..............................6
*Pennoyer v. Neff*, 95 U.S. 714 (1878).........................................................................6
*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797 (9th Cir. 2004)...6, 7, 8, 9
*Sher v. Johnson*, 911 F.2d 1357 (9th Cir. 1990) ..............................................5, 6, 7
*Sprewell v. Golden State Warriors*, 266 F.3d 979 (9th Cir. 2001).................4, 11, 12
*Transure, Inc. v. Marsh and McLennan, Inc.*, 766 F.2d 1297 (9th Cir. 1985)...........8
*United States v. Bestfoods*, 524 U.S. 51 (1998).....................................................8, 9
*Werberl v. Pepsico, Inc.*, No. C 09-04456 SBA, 2010 WL 2673860 (N.D. Cal. Jul. 2, 2010)...................................................12
*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980) ...........................6
*Wright v. Shapiro*, 791 N.Y.S.2d 799 (Dep't 4, 2005) ............................................13

**Statutes**

Cal. Civ. Proc. Code § 410.10 ........................................................................................6

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiffs' Fifth Amended Complaint ("Fifth Amended Complaint" or "Complaint") alleges causes of action against Defendant Whole Foods Market, Inc. ("WFMI"). The Complaint alleges that Enlightened Kombucha products manufactured by Defendant Millennium Products, Inc. and sold at Whole Foods Market retail stores contain misleading statements regarding the Kombucha's alcohol and antioxidant content. Plaintiffs broadly allege that WFMI sells, distributes, and advertises Enlightened Kombucha products. Plaintiffs' allegations misunderstand the corporate structure of Whole Foods and WFMI should be dismissed from this lawsuit as the Court does not have personal jurisdiction over WFMI.

WFMI is merely a holding company for other operating companies. It is not a manufacturer, distributer or retailer. Moreover, it has no connection with California sufficient to confer jurisdiction over it, either generally or specifically. WFMI is a Texas corporation with its principal place of business in Texas. It is not qualified to conduct business in California and, in fact, does not conduct any business in the state. It owns no property in California, does not have any office space or employees in California, nor does it have a telephone number or bank account in California.

WFMI does not manufacture, advertise, market, sell or distribute any products in any state, including California. WFMI does not make any representations concerning the products sold at Whole Foods Market retail locations. Furthermore, WFMI does not buy or sell any products sold at any Whole Foods Market retail stores. WFMI does not decide what products are sold at Whole Foods Market retail stores, or which food suppliers and distributors are used by the stores. WFMI is not involved in any way in the labeling of Whole Foods Market products.

As this all makes clear, WFMI simply does not do any business in California, nor does it have the minimal contacts with the state such as to support a finding of personal jurisdiction over it in this Court. WFMI does not have continuous and systematic contacts with California, nor does it direct its activities to California or its residents. Additionally, even if WFMI has some incidental contact with California, Plaintiffs' action does not arise from any such contacts. As the Court does not have personal jurisdiction over WFMI, WFMI should be dismissed from this suit.

Moreover, the Complaint fails to allege that WFMI participated in or controlled the marketing and sale of Enlightened Kombucha products so as to support a finding of liability against WFMI. Plaintiffs' allegations are insufficient to support a finding of liability against WFMI. Under California law, a retailer cannot be found liable for false advertising unless it is shown that they participated in and had unbridled control in the allegedly misleading behavior. The Fifth Amendment Complaint fails to allege how WFMI was involved in the marketing and sale of Enlightened Kombucha. These broad and conclusory allegations are insufficient and should be disregarded by the Court. Accordingly, the Court should further dismiss the claims against WFMI for failure to state a claim upon which relief can be granted.

## FACTUAL AND PROCEDURAL BACKGROUND

### A. Background

Plaintiffs bring the instant suit against Defendant WFMI based on the allegation that WFMI "sells, distributes, and advertises Enlightened Kombucha"—a product Plaintiffs allege contains more alcohol than the legal threshold for non-alcoholic beverages and makes misleading representations regarding its antioxidant content. Complaint, ¶¶ 1, 2, 10.

On June 27, 2016, the Court granted the parties' Stipulation Permitting Plaintiffs to File Fifth Amended Class Action Complaint (the Fifth Amended

Complaint shall be referred to hereinafter as the "Complaint"). This Complaint, however, continues to fail to provide substantive allegations directed against WFMI. Instead, Plaintiffs merely allege in a broad and conclusory manner that WFMI was liable for all of the same alleged misconduct as Defendant Millennium Products, Inc.

**B. Facts Relevant to Personal Jurisdiction**

WFMI is, and at all times relevant to this litigation was, a corporation organized and existing under the laws of the State of Texas. Declaration of Jennifer Boggs ("Boggs Decl.") ¶ 3. Its principle place of business is in Austin, Texas. Boggs Decl. ¶ 4.

WFMI is merely a holding company that owns shares of other operating companies. Boggs Decl. ¶ 5. These operating companies are the entities which own and operate individual Whole Foods Market retail stores, and not WFMI. Boggs Decl. ¶ 5. WFMI does not conduct any business nor is it qualified to do any business in any state other than Texas, including California. Boggs Decl. ¶¶ 7-9.

WFMI does not maintain any employees, office space, or telephone numbers in California. Boggs Decl. ¶ 9. WFMI has not designated an agent for service of process in California. Boggs Decl. ¶ 23. Additionally, WFMI does not have any bank accounts, or any tangible personal or real property in California. Boggs Decl. ¶ 10. WFMI does not own or operate any Whole Foods stores in any state, including California. Boggs Decl. ¶ 15. WFMI does not advertise or market any products in California. Boggs Decl. ¶ 11. WFMI does not sell or distribute any products in California. Boggs Decl. ¶ 11. In fact, WFMI does not advertise, market, sell or distribute any products in any state. Boggs Decl. ¶ 12.

Furthermore, WFMI does not make any representations or any warranties concerning products sold at any Whole Foods Market retail store. Boggs Decl. ¶ 13. WFMI is not involved in any way in the labeling of any products sold at Whole Foods Market retail stores, nor does it control or publish statements on the

Whole Foods Market website. Boggs Decl. ¶¶ 21, 22.

WFMI does not buy, transport, or sell any products. Boggs Decl. ¶ 14. WFMI does not decide what products are sold at Whole Foods Market retail stores or what suppliers, vendors, food brokers, or distributors are used. Boggs Decl. ¶¶ 19, 20. WFMI does not receive any money from customers who purchase goods at Whole Foods Market retail stores. Boggs Decl. ¶¶ 18.

## ARGUMENT

### I. PLAINTIFFS CANNOT ESTABLISH THAT THIS COURT HAS PERSONAL JURISDICTION OVER DEFENDANT WFMI

#### A. Fed. R. Civ. P. 12(b)(2) Legal Standard

##### 1. Plaintiff Has The Burden Of Proof Of Establishing, By Competent Evidence, Personal Jurisdiction

"It is the plaintiff's burden to establish the court's personal jurisdiction over a defendant." *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001) (citing *Cubbage v. Merchant*, 744 F.2d 665, 667 (9th Cir. 1984)). In considering a Rule 12(b)(2) motion to dismiss, the court is not limited to the allegations contained in the pleadings, and may "consider evidence presented in affidavits to assist in its determination . . ." *Id*. at 922 (citing *Data Disc, Inc. v. Systems Tech. Assoc., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977).

To carry their burden of establishing personal jurisdiction, a plaintiff cannot rely on the allegations set forth in the complaint where those allegations are contradicted by affidavit. *Alexander v. Circus Circus Enter.s, Inc.*, 972 F.2d 261, 262 (9th Cir. 1992) ("this circuit has held that for purposes of personal jurisdiction, 'we may not assume the truth of allegations in a pleading which are contradicted by affidavit'") (quoting *Data Disc*, 557 F.2d at 1284)). Additionally, the court is not required to "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State* Warriors,

266 F.3d 979, 988 (9th Cir. 2001). The court can disregard factual allegations if they merely present legal conclusions and those conclusions "cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

In this case, Plaintiffs bear the burden of establishing that this Court has personal jurisdiction over Defendant WFMI. However, Plaintiffs' Complaint is devoid of any facts, beyond mere conclusory allegations, that WFMI conducts sufficient business in California so as to be subject to this Court's jurisdiction. Plaintiff merely alleges in a conclusory fashion that WFMI "sells, distributes, and advertises Enlightened Kombucha." These allegations are thoroughly discussed and rebutted in the Declaration of Jennifer Boggs. Since WFMI challenges the facts alleged in the Complaint through a sworn affidavit, Plaintiffs may not rely on their conclusory allegations to establish jurisdiction. Rather, Plaintiff must set forth reliable and admissible evidence establishing jurisdiction over WFMI.

**2. Governing Statutory And Constitutional Principles Of Personal Jurisdiction**

In order for this Court to exercise personal jurisdiction over a nonresident defendant such as WFMI, it must "first determine that a rule or statute potentially confers jurisdiction over the defendant, and then conclude that asserting jurisdiction does not offend the principles of Fifth Amendment due process." *Doe.*, 248 F.3d at 922 (quoting *Go-Video, Inc. v. Akai Electric Co., Ltd.*, 885 F.2d 1406, 1413 (9th Cir. 1989). Where, as is the case here, there is no federal statute or rule on which an action is premised, the court starts by analyzing the forum state's long-arm statute. *Id*. at 923.

A finding of personal jurisdiction in this case is therefore dependent upon: (1) whether California's long-arm statute confers a basis for personal jurisdiction, and, if so, (2) whether the assertion of jurisdiction over WFMI is consistent with the constitutional principles of due process. *Sher v. Johnson*, 911 F.2d 1357, 1360

(9th Cir. 1990). California's long-arm statute provides, "A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States." Cal. Civ. Proc. Code § 410.10. "Because California's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800-01 (9th Cir. 2004) (citing *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998)).

**3. Due Process Limitations**

Constitutional due process requirements limit the power of a court to assert personal jurisdiction over a nonresident defendant. *See Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 413-14 (1984) (citing *Pennoyer v. Neff*, 95 U.S. 714 (1878)); *see also World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980). Due process protects a defendant's interest "in not being subject to the binding judgments of a forum with which [it] has established no meaningful 'contacts, ties, or relations.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)).

In *International Shoe*, the Supreme Court held that "in order to subject a defendant to a judgment *in personam*, if he be not present within the territory of the forum, he [must] have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe*, 326 U.S. at 316 (internal quotations and citation omitted). This remains the legally controlling inquiry today. *See e.g. Schwarzenegger*, 374 F.3d at 801; *Sher*, 911 F.2d at 1361. The due process requirements of personal jurisdiction over a nonresident defendant will only be met where "the defendant's conduct and connection with the forum State are such that [it] should reasonably anticipate being hauled into court there." *World-Wide Volkswagen*, 444 U.S. at 297.

The question here is whether WFMI has such "minimum contacts" with California that subjecting it to a lawsuit in this forum would not offend "traditional notions of fair play and substantial justice." *Doe*, 248 F.3d at 923.

**4. General And Specific Jurisdiction**

A finding of personal jurisdiction over a defendant may satisfy due process by either "general jurisdiction" or "specific jurisdiction." *See id.; see also Schwarzenegger*, 374 F.3d at 801-802.

"For general jurisdiction to exist over a nonresident defendant . . . the defendant must engage in 'continuous and systematic general business contacts that approximate physical presence in the forum state.'" *Schwarzenegger*, 374 F.3d at 801 (internal citations removed). "The standard for establishing general jurisdiction is fairly high, and requires that the defendant's contacts be of the sort that approximate physical presence." *Bancroft & Masters, Inc. v. Augusta Nat. Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000), *overruled in part on other grounds by Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199 (9th Cir. 2006) (en banc) (internal citation and quotations omitted). The 9th Circuit has identified the factors that should be considered by the district courts in determining whether general jurisdiction exists: "whether the defendant makes sales, solicits or engages business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there." *Id*. at 1086. "This is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." *Schwarzenegger*, 374 F.3d at 801.

Where general jurisdiction is inappropriate, a court may still exercise specific jurisdiction if the plaintiff can show that the alleged causes of action arise from the defendant's activities in that forum. *Sher*, 911 F.2d at 1361. In the 9th Circuit, district courts apply a three-prong test to determine whether the court may exercise specific jurisdiction over a defendant:

(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802. "The plaintiff bears the burden of satisfying the first two prongs of this test." *Id*. "If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state." *Id*.

### 5. Personal Jurisdiction Does Not Exist Over A Parent Corporate Entity Simply Because Its Subsidiary May Be Subject To Personal Jurisdiction

It is well established that "the existence of a relationship between a parent company and its subsidiaries is not sufficient to establish personal jurisdiction over the parent on the basis of the subsidiaries' minimum contacts with the forum." *Doe*, 248 F.3d at 925 (citing *Transure, Inc. v. Marsh and McLennan, Inc.*, 766 F.2d 1297, 1299 (9th Cir. 1985)); *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 459 (9th Cir. 2007) ("It is well established that, as a general rule, where a parent and a subsidiary are separate and distinct corporate entities, the presence of one [] in a forum state may not be attributed to the other").

"[T]he Supreme Court articulated a generally applicable principle that a parent corporation may be directly involved in the activities of its subsidiaries without incurring liability, so long as that involvement is 'consistent with the parent's investor status.'" *Doe*, 248 F.3d at 926 (quoting *United States v. Bestfoods*, 524 U.S. 51, 69 (1998)). "Appropriate parental involvement includes:

'monitoring of the subsidiary's performance, supervision of the subsidiary's finance and capital budget decisions, and articulation of general policies and procedures.'" *Id*.

There exists in this Circuit "a general presumption in favor of respecting the corporate entity," and only, "on rare occasion, [have courts] shown a willingness to 'pierce the corporate veil' and attribute a subsidiary's presence within the forum state to its parent company for jurisdictional purposes." *Calvert v. Huckins*, 875 F. Supp. 674, 678 (E.D. Cal. 1995).

**B. WFMI Is Not Subject To General Jurisdiction In California**

Here, there do not exist any grounds to support a finding of general jurisdiction over WFMI. WFMI is a not a California corporation, and is both incorporated in and has its principal place of business in Texas.

Furthermore, WFMI does not have any places of business in California, nor does it conduct any business in California. It is not qualified to do business in California. It does not have any employees or office space in California. It does not have a telephone number in California. It does not have a bank account in California. WFMI does not advertise, market, sell or distribute any products in California. Simply put, WFMI does not have *any* relevant contacts with California that support a finding of general jurisdiction over it, and certainly falls far below the "continuous and systematic general business contacts that approximate physical presence in California." *Schwarzenegger*, 374 F.3d at 801 (internal quotations and citations omitted).

**C. WFMI Is Not Subject To Specific Jurisdiction In California**

Additionally, WFMI is not subject to specific jurisdiction in California. It does not purposefully direct its activities to California or its residents. It also does not purposefully avail itself of the privilege of conducting activities in California or invoke the benefits and protections of its laws.

As previously discussed, WFMI is not qualified to conduct business in

California and it in fact does not conduct business here. It does not own any stores or offices in California and does not have any employees in California. WFMI does not engage in any commercial activity in California, including, as alleged by Plaintiffs, selling, distributing, or advertising products. In fact, WFMI does not make any representations regarding any products sold at Whole Foods Market retail stores. Moreover, WFMI does not control or publish statements on the Whole Foods Market website that may be viewed in California.

By its very nature, WFMI is a passive holding company for other operating companies. It quite simply does not purposefully direct its activities towards California or avail itself of the privilege of conducting activities in California. *See e.g., In re Papst Licensing GMBH & Co. KG Litig.*, 602 F. Supp. 2d 10, 12-13, 15 (D.D.C. 2009) (dismissing defendant for lack of personal jurisdiction where plaintiff did not meet burden of showing minimum contacts of defendant holding company as holding company conducted no business in the forum state; company did not sell, manufacture, or import products into forum state; and did not maintain offices, bank accounts, or other property in the state); *Negron-Torres v. Verizon Communications, Inc.*, 478 F.3d 19, 22-23, 25 (1st Cir. 2007) (specific personal jurisdiction was lacking over holding company's majority owner where majority owner had no territorial business in forum other than majority ownership; majority owner had no offices or employee in forum; it was not qualified to conduct business in forum; it did not maintain a telephone number or agent for service of process in forum; nor did it provide services or market or advertise in forum); *Epps v. Stewart Information Services Corp.*, 327 F.3d 642, 650 (8th Cir. 2003) (nonresident holding company, which owned stock in various companies, was not subject to specific personal jurisdiction where holding company was neither present, nor doing business in forum, had no place of business, mailing address, bank accounts, or personal property in forum).

As a final matter, even if WFMI had some incidental contacts to California

(which Plaintiffs have not alleged), this case does not arise from any such contacts. The instant action arises from the alleged purchase of Enlightened Kombucha products at Whole Foods Market retail stores, and which Plaintiffs allege bore misleading or unlawful statements on their labels. As previously discussed, and as established by the declaration of Jennifer Boggs, WFMI does not manufacture, advertise, market, distribute, or sell any products. WFMI does not operate any of the Whole Foods Market retail stores in California. It does not buy products or decided which products will be sold at Whole Foods Market retail stores. It does not decide which suppliers or distributors will be used by Whole Foods Market retail stores. Additionally, WFMI does not receive any money from sales of products at Whole Foods Market retail stores—including the kombucha products in question. Accordingly, there is no connection between WFMI and the sale of the kombucha products at issue in this litigation.

As WFMI does not purposely directly any of its activities to California or its residents, and Plaintiffs' suit does not arise from any negligible contacts WFMI may have with California, there are no facts which support a finding of personal jurisdiction over WFMI. Therefore, Defendant respectfully requests that this Court dismiss it from the instant action.

## II. THE CLAIMS AGAINST WFMI SHOULD ALTERNATIVELY BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

### A. Fed. R. Civ. P. 12(b)(6) Legal Standard

A motion to dismiss under Rule 12(b)(6) should be granted when a plaintiff fails to plead sufficient facts which, when taken as true, raise more than a speculative right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court assumes that the facts alleged in the complaint are true, except if contradicted by matters properly subject to judicial notice or by exhibit. *Sprewell*, 266 F.3d at 988. "Nor is the court required to accept as true allegations that are

merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Id*. Dismissal "is proper if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable theory.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011).

**B. Plaintiffs' Allegations Do Not Sufficiently Plead A False Advertising Claim Against A Retailer**

As an initial matter, to state a valid claim under the UCL, FAL, and CLRA, the advertisements alleged to be false must be "likely" to deceive a "reasonable consumer." *See Freeman v Time, Inc*. 68 F.3d 285, 289 (9th Cir. 1995). The term "likely" means "probable," not just "possible." *Id*. "If the alleged misrepresentation would not mislead a reasonable consumer, then the allegation may be dismissed on a motion to dismiss." *Id*.; *see McKinnis v. Sunny Delight Beverages Co*., No. CV 07-02034-RGK, 2007 WL 4766525, at *3 (C.D. Cal. Sept. 4, 2007) (dismissing with prejudice false advertising claims under UCL, FAL, CLRA and breach of warranty, where challenged statements would not mislead a reasonable consumer as a matter of law). When determining whether a statement is misleading, the primary evidence to consider is the advertising itself. *See Freeman*, 68 F.3d at 289. Where a court can conclude as a matter of law that members of the public are not likely to be deceived, dismissal on the pleadings is appropriate. *See, e.g., id.* at 289-90; *Werberl v. Pepsico, Inc*., No. C 09-04456 SBA, 2010 WL 2673860, at *3 (N.D. Cal. Jul. 2, 2010).

A similar standard applies under New York General Business Law § 349. *See Maurizio v. Goldsmith*, 530 F.3d 510, 521 (2d Cir. 2000).

Merely establishing that a label is misleading, however, is not enough to trigger liability against a retailer. It is well established that the "concept of vicarious liability has no application to actions brought under the unfair business practices act." *Emery v. VISA Int'l Serv. Ass'n*, 95 Cal. App. 4th 952, 960 (2002). Rather, "[a] defendant's liability [under the UCL] must be based on [its] personal

'participation in the unlawful practices' and 'unbridled control' over the practices." *Id.*; *see also In re Jamster Mktg. Litig.*, No. 05cv0819 JM, 2009 WL 1456632, at *8 (S.D. Cal. May 22, 2009) (same); *In re Firearm Cases*, 126 Cal. App. 4th 959, 985 (2005) (rejecting UCL claim where defendants "did not control the wrongful acts [in question] or encourage others to engage in questionable acts," even though defendants did "have a relationship with the wrongdoers"). Similarly, under the CLRA and FAL, a defendant's liability must be based upon "participation or control in the alleged unlawful advertising scheme." *In re Jamster Mktg. Litig.*, 2009 WL 1456632, at *9. Also, under New York law, merely selling a product that contains allegedly misleading labeling is insufficient to support a finding of liability against a retailer. *Cohn v. Kind, LLC*, No. 13 CV. 8365 (AKH), 2015 WL 9703527, at *3 (S.D.N.Y. Jan. 14, 2015).

In *Dorfman v. Nutramax Laboratories, Inc.*, No. 13cv0873 WQH, 2013 WL 5353043 (S.D. Cal. Sept. 23, 2013), the Southern District of California held a pleading sufficient to allege that sellers like Whole Foods Market retail stores may be liable when they (1) market and sell the products and participate in "the dissemination of the representations concerning the efficacy of the [] products and adopted the representations as their own," (2) "entered into marketing and sales agreements with [supplier] to further promote and repeat the false and deceptive statements at issue," (3) "provide pictures of the false and deceptive packaging and labeling for the [] products," and (4) "make[ ] ... statements on [their] website[s] that repeat and reinforce the false and misleading joint health statements made on the packaging and labeling." *Id*. at *14.

In *Kind, LLC*, a case applying New York General Business Law § 349, the plaintiff alleged that two retailers were liable for a manufacturer's allegedly false advertising because they authorized the sale of the allegedly mislabeled KIND bars. *Kind, supra,* 2015 WL 9703527, at *3. However, the court held that this was insufficient to support a finding of liability against the retailers. *Id*. "Simply

'authorizing the sale' of KIND bars is not enough to establish vicarious liability for [retailers]." *Id* (citing *Wright v. Shapiro*, 791 N.Y.S.2d 799, 800-01 (Dep't 4, 2005) (requiring "control" or "authority" over advertising to support a claim of false and misleading advertising against a particular party); *Avola v. Louisiana-Pacific Corp.*, 991 F. Supp. 2d 381, 396-97 (E.D.N.Y. Jan 14, 2014) (finding that no jury could reasonably find that the plaintiff relied on the retailer's advertising where the retailer only "passively recited" the manufacturer's advertising). The court dismissed the retailer defendants, holding that the plaintiff had not state any claims against them. *Id*.

Here, Plaintiffs' Complaint fails to allege that WFMI participated in or controlled the marketing and sale of Enlightened Kombucha products so as to support a finding of liability against WFMI. As previously discussed, Plaintiffs' Complaint contains little in the way of substantive allegations against WFMI. Instead, Plaintiffs merely make the vague and conclusory allegations that WFMI "sells, distributes, and advertises Enlightened Kombucha." Complaint, ¶ 10. Absent from the Complaint are any allegations that WFMI entered into any marketing and sales agreements with the manufacturer, provided pictures of the allegedly deceptive labeling for the products, or advertised Enlightened Kombucha on their website (which, as previously discussed, is not actually maintained or controlled by WFMI). Moreover, the only vague and conclusory allegation included in the Complaint regarding WFMI's involvement misunderstands and misrepresents the nature of WFMI's business and has been corrected by the declaration of Jennifer Boggs.

As Plaintiffs have failed to state a claim against WFMI, all causes of action against WFMI should be dismissed.

///

///

///

## CONCLUSION

For the foregoing reasons, Whole Foods Market, Inc. respectfully requests that the Court grant this Motion and dismiss Plaintiffs' Complaint with prejudice as it concerns Whole Foods Market, Inc.

Dated: July 11, 2016

LTL ATTORNEYS LLP

By: */s/ James M. Lee*

James M. Lee
David A. Crane
Attorneys for Defendant Whole Foods Market, Inc.