**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Annick M. Persinger (State Bar No. 272996)
Yeremey O. Krivoshey (State Bar No. 295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail:  ltfisher@bursor.com
         apersinger@bursor.com
         ykrivoshey@bursor.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN RETTA, KIRSTEN SCHOFIELD, and JESSICA MANIRE on Behalf of Themselves and all Others Similarly Situated,<br><br>Plaintiffs,<br>v.<br><br>MILLENNIUM PRODUCTS, INC., and WHOLE FOODS MARKET, INC.,<br><br>Defendants. | Case No.  2:15-cv-01801-PSG-AJW<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO THE *PEDRO* PLAINTIFFS' EX PARTE APPLICATION**<br><br>Judge: Hon. Philip S. Gutierrez |

Plaintiffs Jonathan Retta, Kirsten Schofield, and Jessica Manire respectfully submit their opposition to the Ex Parte Application of Nina Pedro and Rosaline Lewis Requesting Order Shortening Time to Hear Motion to Intervene and Leave to Appear at Hearing on Motion for Preliminary Approval.

## I. THE COURT SHOULD DENY THE *PEDRO* PLAINTIFFS' EX PARTE APPLICATION

Two business days before the hearing on Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, Nina Pedro and Rosaline Lewis (collectively "the *Pedro* plaintiffs") filed an ex parte application asking the Court to shorten time on their motion for leave to intervene and for permission to appear at the preliminary approval hearing. The Court should deny their ex parte application.

The *Pedro* plaintiffs were informed about the settlement in this case on June 15, 2016. Exh. G to the Watson Decl. They also received copies of the motion for preliminary approval and the settlement agreement on August 16, 2016, more than a month before the September 19 hearing date for the motion for preliminary approval. Exh. L to the Watson Decl. The *Pedro* plaintiffs, however, waited until 5:00 p.m. on September 15 to file their ex parte application. Their ex parte application is clearly inconsistent with this Court's standing order and should be denied. *See* Dkt. No. 8 at 8 ("Ex parte applications are solely for *extraordinary relief and should be used with discretion.* Sanctions may be imposed for misuse of ex parte applications.") (emphasis added).

In *Mission Power Engineering Co. v. Continental Gas Co.*, 883 F.Supp. 488 (C.D. Cal. 1995), Magistrate Judge Edwards held that ex parte relief could only be granted where the evidence shows "that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures" and "that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect."

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO THE *PEDRO* PLAINTIFFS' EX PARTE APPLICATION
CASE NO. 2:15-CV-01801-PSG-AJW

1


*Id.* at 492.  Here, this "crisis" was created entirely by the *Pedro* plaintiffs.  There is no reason why they could not have filed their motion for leave to intervene earlier when they first became aware of the settlement in June or even after the preliminary approval motion was filed in August.[1]  They could even file the motion now on regular time and have it heard well before this Court considers final approval of the settlement.  There is no evidence that their "cause will be irreparably prejudiced" if their intervention motion is heard according to regular noticed motion procedures.  *Mission Power*, 883 F.Supp. at 492; *see also Hatteras Enterprises, Inc. v. Art Brands, LLC*, 2012 WL 5893480, at * 1 (C.D. Cal. November 21, 2012) ("Plaintiff's self-made crisis does not entitle it to ex parte relief.").  Accordingly, the Court should deny the *Pedro* plaintiffs' ex parte application.

Dated:  September 16, 2016         Respectfully submitted,

**BURSOR & FISHER, P.A.**

By: */s/L. Timothy Fisher*
      L. Timothy Fisher

L. Timothy Fisher (State Bar No. 191626)
Annick M. Persinger (State Bar No. 272996)
Yeremey O. Krivoshey (State Bar No. 295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
Email: ltfisher@bursor.com
           apersinger@bursor.com
           ykrivoshey@bursor.com

*Attorneys for Plaintiffs*

---

[1] Plaintiffs believe that the *Pedro* plaintiffs' proposed motion for leave to intervene is without merit under FRCP 24.  They have failed to show that they have an interest that is not adequately represented by the existing parties to this case.  *See* FRCP 24(a); *see also Cohorst v. BRE Properties, Inc.*, 2011 WL 3489781, at *5 (S.D. Cal. July 19, 2011) (noting that courts "have recognized that where there is a right to object to the settlement at the Fairness hearing or to opt out of the settlement exists, intervention is simply unnecessary to protect a putative class member's interests").