# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN RETTA, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> MILLENNIUM PRODUCTS, INC., *et al.*, <br><br> Defendants. | Case No. 2:15-CV-01801-PSG-AJW <br><br> **[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT** <br><br> Judge:  Hon. Philip S. Gutierrez <br><br> 5AC Filed:  June 27, 2016 |

1     WHEREAS, on March 11, 2015, Plaintiffs filed a proposed nationwide (or,
2 in the alternative, California and New York) class action lawsuit against
3 Millennium Products, Inc. ("Millennium") in the United States District Court for
4 the Central District of California, Case No. 15-CV-1801-PSG-AJW, which asserted
5 claims for violations of the California Consumers Legal Remedies Act (Cal. Civ.
6 Code § 1750, *et seq.*) ("CLRA"), California's Unfair Competition Law (Cal. Bus.
7 & Prof. Code § 17200, *et seq.*) (the "UCL"), California's False Advertising Law
8 (Cal. Bus. & Prof. Code § 17500, *et seq.*) (the "FAL"), New York's Deceptive and
9 Unfair Trade Practices Act, and New York General Business Law § 349
10 ("NYGBL"), that related to the advertising, labeling, and marketing of the
11 antioxidant content of the Subject Products.
12     WHEREAS, on April 28, 2015, Millennium filed a motion to dismiss or
13 strike the above-referenced complaint. In response, on May 19, 2015, Plaintiffs
14 filed a First Amended Complaint asserting additional facts regarding their claims
15 for injunctive relief, standing, and clarifying the details regarding their purchases of
16 Millennium's products.
17     WHEREAS, on June 19, 2015, Millennium filed a motion to dismiss or strike
18 Plaintiffs' First Amended Complaint, which the Court granted in part (as to claims
19 for injunctive relief) and denied in part (as to the remainder of the claims at issue).
20 In response, on October 2, 2015, Plaintiffs filed a Second Amended Complaint
21 pleading additional facts in support of their claims for injunctive relief.
22     WHEREAS, on October 8, 2015, Plaintiffs filed a Third Amended Complaint
23 adding claims regarding the purported alcohol content of Millennium products and
24 Millennium's alleged failure to provide federal alcohol warnings regarding the
25 same. Millennium answered the Third Amended Complaint on November 3, 2015.
26     WHEREAS, on February 11, 2016, Plaintiffs filed a Fourth Amended
27 Complaint adding Whole Foods Market, Inc. ("Whole Foods") as a Defendant.
28 Millennium answered the Fourth Amended Complaint on February 29, 2016, and

1    Whole Foods moved to dismiss the Fourth Amended Complaint on April 7, 2016.

2    　　　WHEREAS, on June 22, 2016, Plaintiffs filed a Fifth Amended Complaint
3    adding additional claims for damages and injunctive relief and pleading additional
4    causes of action regarding Millennium's alleged failure to correctly state the sugar
5    content of its products on the labels of the products. The Fifth Amended Complaint
6    asserted claims for violations of the CLRA, UCL, FAL, and NYGBL, and for
7    breach of express warranty, breach of the implied warranty of merchantability,
8    negligent misrepresentation, fraud, and unjust enrichment. Millennium answered
9    the Fifth Amended Complaint on July 6, 2016 and Whole Foods moved to dismiss
10   the Fifth Amended Complaint on July 11, 2016.[1]

11   　　　WHEREAS, before entering into this Agreement, the Parties exchanged, and
12   met and conferred concerning, several sets of discovery requests, including
13   interrogatories and requests for production. In response, Millennium produced
14   thousands of pages of documents to Plaintiffs, including Millennium's test results,
15   sales information, distributor information, internal communications,
16   communications with potential customers, and information regarding current and
17   former labeling of its products. Plaintiffs also produced documents to Millennium,
18   including their test results, consumer surveys, consumer research, and other
19   materials. Plaintiffs also served subpoenas pursuant to Fed. R. Civ. P. 45 on
20   American Herbal Products Association, Inc. and Kombucha Brewers International.
21   After a meet and confer process, American Herbal Products, Inc. and Kombucha
22   Brewers International produced testing results concerning Millennium's products
23   and other information. Plaintiffs reviewed all of the documents produced by
24   Millennium, American Herbal Products Association, Inc. and Kombucha Brewers

---

[1] Whole Foods Market, Inc. moved to dismiss, in part, on the grounds that as a Texas holding company with no business operations, employees or any other contact with the state of California, it is not subject to the jurisdiction of the courts in California. This case settled prior to the ruling on that motion.

2 　　　　　　　　　　　　　　　　　　　　　[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT

International as well as documents and information obtained through their own research and investigation.

WHEREAS, before entering into this Agreement, the Parties, by and through their respective counsel, conducted a thorough examination, investigation, and evaluation of the relevant law, facts, and allegations to assess the merits of the claims and potential claims to determine the strength of liability, potential remedies, and all defenses thereto, including an extensive investigation into the facts and law relating to (i) label design and product formulation; (ii) the marketing and advertising of the products; (iii) sales, pricing, and financial data; and (iv) the sufficiency of the claims and appropriateness of class certification.

WHEREAS, the Parties' Agreement was reached as a result of extensive arm's-length negotiations between the Parties and their counsel.  The Parties have engaged in extensive settlement discussions to determine if the Parties could reach a resolution short of protracted litigation.  This included a full day of mediation before Jill R. Sperber, Esq. of Judicate West on March 25, 2016, several weeks of follow-on settlement discussions among counsel, and a further half day of mediation with Ms. Sperber via telephone on May 20, 2016 before a settlement in principle was reached.

WHEREAS, on August 11, 2016, Plaintiffs filed a Motion for Preliminary Approval of Class Action Settlement.  On September 21, 2016, the Court denied the motion for preliminary approval.

WHEREAS, after the Court's order, the Parties renewed their settlement negotiations to address the Court's concerns stated in the September 21, 2016 Order.  On October 7, 2016, Plaintiffs and Millennium participated in another mediation with Jill R. Sperber, Esq. of Judicate West, where the Plaintiffs and Millennium were able to reach another settlement agreement in principle.

WHEREAS, after the Parties reached another settlement in principle as to all claims for monetary relief set forth in Section IV(A) of the Settlement, and all

injunctive relief concerning Plaintiffs' antioxidant, alcohol, and sugar labeling claims set forth in Section IV(B)(a), (b), (c), (d), and (e) of the Settlement, the Parties met and conferred with opposing counsel in *Pedro et al. v. Millennium Products, Inc.*, Case No. 16-cv-03780-PSG-AJW (C.D. Cal 2016).  During these negotiations, the Parties stated their position that the claims asserted in *Pedro* are subsumed within the *Retta* matter, and the *Pedro* plaintiffs stated their position that the *Retta* action, although addressing the bulk of their claims, did not address a remaining claim for injunctive relief with respect to their allegations that the bottles of Millennium's products leak, fizz, or spill due to potential pressure buildup.  As a result of these negotiations, the Parties agreed that additional injunctive relief set out in Section IV(B)(f) of the Settlement would be provided by the *Retta* settlement to address the *Pedro* plaintiffs' remaining claim.

WHEREAS, before and during these settlement negotiations, the Parties had an arm's-length exchange of sufficient information to permit Plaintiffs and their counsel to evaluate the claims and potential defenses and to meaningfully conduct informed settlement discussions.

WHEREAS, the Court has carefully reviewed the Agreement, including the exhibits attached thereto and all file, records and prior proceedings to date in this matter, and good cause appearing based on the record,

IT IS hereby **ORDERED, ADJUDGED, AND DECREED** as follows:

1.  <u>Defined Terms</u>.  For purposes of this Order, except as otherwise indicated herein, the Court adopts and incorporates the definitions contained in the Stipulation of Settlement.

2.  <u>Stay of the Action</u>.  All proceedings in the Action, other than proceedings necessary to carry out or enforce the terms and conditions of the Agreement and this Order, are hereby stayed.

3.  <u>Preliminary Class Certification for Settlement Purposes Only</u>.  The Action is preliminarily certified as a class action, for settlement purposes only,

pursuant to Fed. R. Civ. P. 23(a), (b)(2), and (b)(3). The Court preliminarily finds for settlement purposes that: (a) the Class certified herein numbers at least in the tens of thousands of persons, and joinder of all such persons would be impracticable; (b) there are questions of law and fact that are common to the Class, and those questions of law and fact common to the Class predominate over any questions affecting any individual Class Member; (c) the claims of the Plaintiffs are typical of the claims of the Class they seek to represent for purposes of settlement; (d) a class action on behalf of the Class is superior to other available means of adjudicating this dispute; and (e) as set forth below, Plaintiffs and Plaintiffs' Counsel are adequate representatives of the Class. Defendants retain all rights to assert that the Action may not be certified as a class action, other than for settlement purposes. The Court also concludes that, because the Action is being settled rather than litigated, the Court need not consider manageability issues that might be presented by the trial of a nationwide class action involving the issues in this case. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

  4. <u>Class Definition</u>. The Class shall consist of all persons in the United States and United States Territories who purchased at retail one or more of the Subject Products during the Class Period. Specifically excluded from the Class are: (a) Defendants and their employees, principals, officers, directors, agents, affiliated entities, legal representatives, successors and assigns; (b) the judges to whom the Action has been or is assigned and any members of their immediate families; (c) those who purchased the Subject Products for the purpose of resale; and (d) all persons who have filed a timely Request for Exclusion from the Class. The "Subject Products" are all products sold by Defendants during the Class Period under Millennium's Enlightened Kombucha, Enlightened Synergy, Classic Kombucha, and Classic Synergy product lines: Classic Kombucha Original, Classic Kombucha Citrus, Classic Kombucha Gingerade, Classic Kombucha Multi-Green, Classic Kombucha Third Eye Chai, Classic Synergy Cosmic Cranberry, Classic

Synergy Maqui Berry Mint, Classic Synergy Divine Grape, Classic Synergy Gingerberry, Classic Synergy Raspberry Rush, Classic Synergy Strawberry Serenity, Classic Synergy Superfruits, Classic Synergy Trilogy, Enlightened Kombucha Botanic No. 3, Enlightened Kombucha Botanic No. 7, Enlightened Kombucha Botanic No. 9, Enlightened Kombucha Citrus, Enlightened Kombucha Gingerade, Enlightened Kombucha Multi-Green, Enlightened Kombucha Original, Enlightened Synergy Black Chia, Enlightened Synergy Cosmic Cranberry, Enlightened Synergy Cherry Chia, Enlightened Synergy Gingerberry, Enlightened Synergy Grape Chia, Enlightened Synergy Green Chia, Enlightened Synergy Guava Goddess, Enlightened Synergy Mystic Mango, Enlightened Synergy Passionberry Bliss, Enlightened Synergy Raspberry Chia, Enlightened Synergy Strawberry Serenity, and Enlightened Synergy Trilogy.

  5. <u>Class Representative and Plaintiffs' Counsel</u>. Plaintiffs Jonathan Retta, Kirsten Schofield, and Jessica Manire are designated as representatives of the conditionally certified Class. The Court preliminarily finds that these individuals are similarly situated to absent Class Members and therefore typical of the Class, and that they will be adequate class representative. Further, Bursor & Fisher, P.A., whom the Court finds are experienced and adequate counsel for purposes of these Settlement approval proceedings, are hereby designated as Plaintiffs' Counsel.

  6. <u>Preliminary Settlement Approval</u>. Upon preliminary review, the Court finds that the Agreement, and the Settlement it incorporates, appears fair, reasonable, and adequate. *See generally* Fed. R. Civ. P. 23; *Manual for Complex Litigation* (Fourth) § 21.632 (2004). Accordingly, the Agreement is preliminarily approved and is sufficient to warrant sending notice to the Class.

  7. <u>Jurisdiction</u>. The Court has subject matter jurisdiction over the Action pursuant to 28 U.S.C. §§ 1332 and 1367, and personal jurisdiction over the Parties before it. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391.

8.      <u>Fairness Hearing</u>.  A Fairness Hearing shall be held before this Court on _____ at the United States District Court for the Central District of California, Edward R. Roybal Federal Building and United States Courthouse, 255 East Temple Street, Courtroom 880, Los Angeles, CA 90012-3332, to determine, among other things, (a) whether the Action should be finally certified as a class action for settlement purposes pursuant to Fed. R. Civ. P. 23(a), (b)(2), and (b)(3); (b) whether the settlement of the Action pursuant to the terms and conditions of the Agreement should be approved as fair, reasonable and adequate, and finally approved pursuant to Fed. R. Civ. P. 23(e); (c) whether the Action should be dismissed with prejudice pursuant to the terms of the Agreement; (d) whether Class Members who do not timely request exclusion should be bound by the Release set forth in the Agreement; (e) whether Class Members and related persons should be subject to a permanent injunction; and (f) whether to grant Plaintiffs' Counsel's application for an award of Attorneys' Fees and Expenses and Incentive Awards for Plaintiffs and Related Plaintiffs (the "Fee Application"). Papers in support of final approval of the Agreement and the Fee Application shall be filed with the Court according to the schedule set forth in Paragraph 14 below. Objections to the Agreement or the Fee Application shall be filed with the Court on or before the Objection Deadline set forth in Paragraph 14 below, and papers in response to such objections must be filed on or before_____. The Fairness Hearing may be postponed, adjourned, or continued by order of the Court without further notice to the Class.  After the Fairness Hearing, the Court may enter a Final Order and Final Judgment in accordance with the Agreement that will fully and finally adjudicate the rights of the Class Members with respect to the proposed Released Claims.

9.      <u>Administration</u>.  In consultation with and with the approval of Defendants, Plaintiffs' Counsel is hereby authorized to establish the means

7         [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT

necessary to administer the proposed Settlement and implement the claims process, in accordance with the terms of the Agreement.

10. <u>Class Notice</u>. The form and content of the proposed Long Form Notice and Summary Notice, attached as Exhibits E and F, respectively, to the Agreement, and the notice methodology described in the Agreement and the Declaration of the Settlement Administrator (attached as Exhibit G to the Agreement), are hereby approved. Pursuant to the Agreement, the Court appoints Angeion Group as the Settlement Administrator to help implement the terms of the Agreement.

(a) <u>Notice Date</u>. No later than _____, the Settlement Administrator shall provide notice to the Class pursuant to the terms of the Agreement and the deadlines set forth in Paragraph 14 below, in accordance with the notice program set forth in the Declaration of the Settlement Administrator (attached as Exhibit G to the Agreement). The Parties shall coordinate with the Settlement Administrator to provide notice to the Class pursuant to terms therein.

(b) <u>Findings Concerning Notice</u>. The Court finds that the Settlement is fair and reasonable such that the Long Form Notice and Summary Notice should be provided pursuant to the Agreement and this Order.

(c) The Court finds that the form, content, and method of disseminating notice to the Class as described in Paragraphs 10 and 14 of this Order: (i) comply with Rule 23(c)(2) of the Federal Rules of Civil Procedure as they are the best practicable notice under the circumstances, and are reasonably calculated, under all the circumstances, to apprise the members of the Class of the pendency of the Action, the terms of the Settlement, and their right to object to the Settlement or exclude themselves from the Settlement Class; (ii) comply with Rule 23(e) as they are reasonably calculated, under the circumstances, to apprise the Class Members of the pendency of the Action, the terms of the proposed Settlement, and their rights under the proposed settlement, including, but not

limited to, their right to object to or exclude themselves from the proposed Settlement and other rights under the terms of the Settlement Agreement; (iii) constitute due, adequate, and sufficient notice to all Class Members and other persons entitled to receive notice; and (iv) meet all applicable requirements of law, including, but not limited to, 28 U.S.C. § 1715, Fed. R. Civ. P. 23(c) and (e), and the Due Process Clause(s) of the United States Constitution.  The Court further finds that all of the notices are written in simple terminology, are readily understandable by Class Members, and comply with the Federal Judicial Center's illustrative class action notices.

        11.    <u>Exclusion from Class</u>.  Any Class Member who wishes to be excluded from the Class must send to the Settlement Administrator by U.S. Mail a personally signed letter, including their (a) full name, (b) current address, (c) a clear statement communicating that they elect to be excluded from the Class, do not wish to be a Class Member, and elect to be excluded from any judgment entered pursuant to the Settlement, (d) their signature, and (e) the case name and case number of the Action.  A Class Member can exclude only himself or herself from the Class, and shall not be allowed to request that another individual or a group be excluded. "Mass" or "class" opt-outs are not permitted.  Any such Request for Exclusion must be postmarked and sent to the Settlement Administrator no later than _____ (the "Opt-Out Date").  The Settlement Administrator shall forward copies of any written requests for exclusion to Plaintiffs' Counsel and Defense Counsel.  The Settlement Administrator shall file a list reflecting all timely requests for exclusion with the Court no later than seven (7) days before the Fairness Hearing.

    If the proposed Settlement is finally approved, any potential Class Member who has not submitted a timely written Request for Exclusion on or before the Opt-Out Date shall be bound by all terms of the Agreement and the Final Order and Final Judgment, regardless of whether they have requested exclusion from the

Settlement, even if the potential Class Member previously initiated or subsequently initiates any litigation against any or all of the Released Parties relating to Released Claims. All persons or entities who properly exclude themselves from the Class shall not be Class Members and shall relinquish their rights or benefits under the Agreement, should it be approved, and may not file an objection to the Settlement or be entitled to any settlement benefits.

12. <u>Objections and Appearances</u>.  Any Class Member who intends to object to the fairness, reasonableness, and/or adequacy of the Settlement must, in addition to filing the written objection with the Court through the Court's CM/ECF system (or any other method in which the Court will accept filings, if any) no later than the Objection Deadline, provide a copy of the written objection by U.S. mail or e-mail to the Settlement Administrator with a copy by U.S. Mail or e-mail to Plaintiffs' Counsel and Defense Counsel (at the addresses set forth below) postmarked no later than the Objection Deadline. Class Members who object must set forth: (a) their full name; (b) current address; (c) a written statement of their objection(s) and the reasons for each objection; (d) a statement of whether they intend to appear at the Fairness Hearing (with or without counsel); (e) their signature; (f) a statement, sworn to under penalty of perjury pursuant to 28 U.S.C. § 1746, attesting to the fact that he or she purchased one or more of the Subject Products during the Class Period; (g) details of their purchase of the Subject Products, including the Subject Products purchased, and the date and location of purchase; and (h) the case name and case number of the Action. Objections must be served on Plaintiffs' Counsel and Defense Counsel as follows:

> *Upon Plaintiffs' Counsel at:*
>
> L. Timothy Fisher
> Yeremey Krivoshey
> **BURSOR & FISHER, P.A.**
> 1990 North California Blvd., Suite 940
> Walnut Creek, California 94596
> ltfisher@bursor.com
> ykrivoshey@bursor.com

*Upon Defense Counsel at:*

Scott M. Voelz
Daniel J. Faria
**O'MELVENY & MYERS LLP**
400 South Hope Street
Los Angeles, California 90071-2899
svoelz@omm.com
dfaria@omm.com

James M. Lee
David Crane
**LTL ATTORNEYS LLP**
601 South Figueroa Street, Suite 3900
Los Angeles, California 90017
james.lee@ltlattorneys.com
david.crane@ltlattorneys.com

Class Members or their attorneys who intend to make an appearance at the Fairness Hearing must deliver a notice of intention to appear to Plaintiffs' Counsel identified and to Defense Counsel, and file said notice with the Court, no later than the date scheduled in paragraph 14 below, or as the Court may otherwise direct. Objections that are mailed to the Court (and not filed pursuant to the Court's CM/ECF system, or any other method in which the Court will accept filings, if any), or objections that are served on the Parties but not filed with the Court, shall not be received or considered by the Court at the Fairness Hearing. And any Class Member who fails to comply with the provisions in this Paragraph shall waive and forfeit any and all rights he or she may have to appear separately and/or to object, and shall be bound by all the terms of the Agreement, this Order, and by all proceedings, orders, and judgments, including, but not limited to, the release in the Agreement. The Settlement Administrator, Defense Counsel, and Class Counsel shall promptly furnish each other copies of any and all objections that might come into their possession.

13.  <u>Preliminary Injunction</u>.  All Class Members and/or their representatives who do not timely and properly exclude themselves from the Class are barred and enjoined from directly, indirectly, derivatively, in a representative capacity, or in any other capacity filing, commencing, prosecuting, maintaining,

intervening in, participating in, conducting, or continuing any action in any forum (state or federal) as individual actions, class members, putative class members, or otherwise against the Released Parties (as that term is defined in the Agreement) in any court or tribunal asserting any of the Released Claims (as that term is defined in the Agreement), and/or from receiving any benefits from any lawsuit, administrative or regulatory proceeding, or order in any jurisdiction, based on or relating to the Released Claims. In addition, all such persons are hereby barred and enjoined from filing, commencing, or prosecuting a lawsuit against Defendants (or against any of their related parties, parents, subsidiaries, or affiliates) as a class action, a separate class, or group for purposes of pursuing a putative class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) on behalf of Class Members who do not timely exclude themselves from the Class, arising out of, based on or relating to the Released Claims. Pursuant to 28 U.S.C. §§ 1651(a) and 2283, the Court finds that issuance of this preliminary injunction is necessary and appropriate in aid of the Court's continuing jurisdiction and authority over the Action.

14. <u>Summary of Deadlines</u>. In summary, the deadlines set by this Order are as follows. If any deadline set forth in this Order falls on a Saturday, Sunday, or federal holiday, then such deadline shall extend to the next Court day. These deadlines may be extended by order of the Court, for good cause shown, without further notice to the Class. Class Members must check the Settlement Website regularly for updates and further details regarding this settlement:

(a) The Long Form Notice shall be published on the Settlement Website and sent via mail or email to class members for whom Defendants have contact information no later than _____ (the "Notice Date");

   (b) The Internet advertising portion of the Class Notice program shall commence no later than _____.

   (c) Beginning no later than the Notice Date, the Summary Notice shall be published in the California edition of USA Today once a week for four successive weeks.

   (d) The Settlement Website and Toll-Free Telephone Number shall be established and become operational no later than _____.

   (e) All completed Claim Forms must be postmarked and mailed to the Settlement Administrator or uploaded to the Settlement Website no later than _____ ("the Claim Deadline").

   (f) All written objections to the Agreement and written notices of an objector's intention to appear at the Fairness Hearing shall be filed with the Court and served on Plaintiffs' Counsel and Defense Counsel no later than _____ ("the Objection Deadline").

   (g) All Requests for Exclusion shall be postmarked and sent to the Settlement Administrator no later than _____ ("the Opt-Out Date").

   (h) A Fairness Hearing shall be scheduled for _____.

   (i) Not later than seven (7) calendar days before the date of the Fairness Hearing, the Settlement Administrator shall file with the Court: (a) a list of those persons who have opted out or excluded themselves from the Settlement; and (b) the details regarding the number of valid Claim Forms received and processed by the Settlement Administrator.

   (j) Plaintiffs' motion in support of final approval of the Settlement and Plaintiffs' Counsel's Fee Application shall be filed no later than _____ and posted to the Settlement Website as soon as practicable thereafter, and may be supplemented no later than seven (7) days prior to the Fairness Hearing.

  15. <u>Termination of Settlement</u>.  In the event the Court does not grant final approval to the Settlement, or for any reason the parties fail to obtain a Final Order

and Final Judgment as contemplated in the Agreement, or the Agreement is terminated pursuant to its terms for any reason or the Effective Date does not occur for any reason, then the following shall apply:

 (a) All orders and findings entered in connection with the Agreement shall become null and void and have no force and effect whatsoever, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in this or any other proceeding;

 (b) The conditional certification of the Class pursuant to this Order shall be vacated automatically, and the Action shall proceed as though the Class had never been certified pursuant to this Agreement and such findings had never been made;

 (c) Nothing contained in this Order is, or may be construed as, a presumption, concession, or admission by or against Defendants or Plaintiffs of any default, liability, or wrongdoing as to any facts or claims alleged or asserted in the Action, or in any actions or proceedings, whether civil, criminal, or administrative, including, but not limited to, factual or legal matters relating to any effort to certify the Action as a class action;

 (d) Nothing in this Order or pertaining to the Agreement, including any of the documents or statements generated or received pursuant to the claims administration process, shall be used as evidence in any further proceeding in this case, including, but not limited to, motions or proceedings seeking treatment of the Action as a class action;

 (e) Nothing in this Order or pertaining to the Agreement is, or may be construed as, a presumption, concession, or admission by or against Defendants that the Action meets the requisites for certification as a class action under federal or California law; and

 (f) All of the Court's prior Orders having nothing whatsoever to do with the Settlement shall, subject to this Order, remain in full force and effect.

16. <u>Use of Order</u>.  This Order shall be of no force or effect if the Settlement does not become final and shall not be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, or liability, or that any of the claims asserted in the Action meet the requisites for certification as a class action under federal or California law. Nor shall this Order be construed or used as an admission, concession, or declaration by or against Plaintiffs or the other Class Members that their claims lack merit or that the relief requested is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or claims he, she or it may have in the Action or in any other lawsuit.

17. <u>Alteration of Exhibits</u>.  Plaintiffs' Counsel and Defense Counsel are hereby authorized to use all reasonable procedures to further the administration of the Settlement that are not materially inconsistent with this Order or the Agreement, including making, without further approval of the Court, minor changes to the form or content of the Long Form Notice, Summary Notice, and other exhibits that they jointly agree are reasonable or necessary.

18. <u>Retaining Jurisdiction</u>.  This Court shall maintain continuing jurisdiction over these settlement proceedings to ensure the effectuation thereof for the benefit of the Class, and for any other necessary purpose.

19. <u>Extension of Deadlines</u>.  Upon application of the Parties and good cause shown, the deadlines set forth in this Order may be extended by order of the Court, without further notice to the Class.  Class Members must check the Settlement website regularly for updates and further details regarding settlement deadlines.

DATED: _____        _____
                                                                            The Honorable Philip S. Gutierrez
                                                                            UNITED STATES DISTRICT JUDGE