UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV15-1801 PSG AJWx<br>CV16-3780 PSG AJWx | Date | August 22, 2017 |
|---|---|---|---|
| Title | Jonathan Retta *et al.* v. Millennium Products, Inc. *et al.*<br>Nina Pedro *et al.* v. Millennium Products, Inc. *et al.* | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy Hernandez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings (In Chambers):**      **Order GRANTING the Motions for Final Approval of Class Action Settlement, Attorneys' Fees and Costs, and Class Representative Incentive Award**s

    Before the Court are Plaintiffs Jonathan Retta, Kristen Schofield, and Jessica Manire's motions for final approval of class action settlement, attorneys' fees and costs, and incentive award. *See* Dkt # 117 ("Mot."), Dkt. # 118 ("Retta Fees Mot."). Also before the Court is Plaintiffs Nina Pedro and Roseline Lewis' motion for attorneys' fees. Dkt. # 122 ("Pedro Fees Mot."). There are also objections from four class members and responses to the objections. Dkts. ## 123, 135, 135-1, Exs. 1–4, 136. The Court held a fairness hearing on August 21, 2017. Having considered the arguments in all of the submissions, as well as arguments presented at the hearing, the Court GRANTS the motions.

I.    Background

    On March 11, 2015, Plaintiffs Jonathan Retta, Kirsten Schofield, and Jessica Manire ("Plaintiffs") filed a class action lawsuit against Defendants Millennium Products, Inc. ("Millennium") and Whole Foods Market, Inc. (collectively, "Defendants") for false or misleading representations on Millennium's kombucha beverages ("Subject Products"). *See generally* Dkt. #1. Following a series of amendments to the pleadings, Plaintiffs filed a Fifth Amended Complaint, which is the operative pleading in this case. Dkt. # 68 ("FAC"). Plaintiffs allege that Millennium mislabeled the Subject Products by (1) using the term "antioxidant" when products allegedly contain none; (2) labeling the products as "non-alcoholic" when they allegedly contain alcohol in excess of the amount permitted for non-alcoholic beverages, and (3) allegedly understating the amount of sugar in the products. *FAC* ¶ 15(b).

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV15-1801 PSG AJWx<br>CV16-3780 PSG AJWx | Date | August 22, 2017 |
|---|---|---|---|
| Title | Jonathan Retta *et al.* v. Millennium Products, Inc. *et al.*<br>Nina Pedro *et al.* v. Millennium Products, Inc. *et al.* | | |

After litigating the case for over a year, the parties engaged in settlement discussions, and participated in two mediation sessions with Jill R. Sperber, Esq. of Judicate West. Dkt. #103 ("Preliminary Mot.") at 4–5. On August 11, 2016, after reaching an agreement in principle, the parties moved for an order from the Court to preliminarily approve the settlement agreement. *See* Dkt. # 77. On September 21, 2016, the Court denied the motion, expressing concern over (1) the relationship between the amount of the settlement fund and the harm suffered by the Class Members; (2) the value of the proposed voucher option as compared to the cash option, and (3) the purported benefit of the proposed product giveaway to Class Members. *See* Dkt. #95 ("September 21 Order"). Following the denial, the parties participated in a third mediation and reached a new settlement agreement addressing the Court's concerns. *See* Dkt. # 103-3, *Stipulation of Class Action Settlement* ("Settlement Agreement").

Approximately eight months after the *Retta* action was filed in this Court, Nina Pedro and Rosaline Lewis ("Pedro Plaintiffs") filed a class action complaint against Defendant on November 17, 2015 in the United States District Court for the Northern District of California, alleging that Millennium's kombucha beverages were mislabeled. *See Nina Pedro, et al v. Millennium Products, Inc.*, *et al* Case No. 3:15-cv-05253-JSC; *Pedro Fees Mot.* 2. In addition to alleging false or misleading labeling on the bottles, the Pedro Plaintiffs alleged that the continued fermentation and alcohol build-up caused the bottles to leak and potentially explode when opened. *See* 2:16-cv-03780-PSG-AJW (C.D. Cal. Aug.19, 2016), Dkt. # 82, *Second Amended Complaint* ("SAC"). On May 31, 2016, the *Pedro* action was transferred from the Northern District to the Central District and assigned to this Court on account of the *Retta* and *Pedro* cases being substantially similar. *Id.*, Dkt. # 45, 57. On November 18, 2016, the same day that Plaintiffs filed their motion for preliminary approval of the settlement, Defendants filed a joint stipulation of the parties to consolidate the *Retta* and *Pedro* cases for settlement purposes only. *See* Dkts. # 103, 105. On November 28, 2016, the Court granted the parties' joint stipulation and consolidated the two cases for the purpose of preliminary and final approval of the proposed settlement reached in the *Retta* case. *See* Dkt. # 109.

A.   <u>Proposed Settlement Agreement</u>

The Settlement Agreement provides for a maximum financial commitment of an amount up to $8.25 million. *Settlement Agreement* ¶ 44. In addition to paying claims to Class Members, this amount will be used to pay for administrative costs, attorneys' fees and expenses, and Plaintiffs' incentive awards of $2,000 each. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV15-1801 PSG AJWx<br>CV16-3780 PSG AJWx | Date | August 22, 2017 |
| --- | --- | --- | --- |
| Title | Jonathan Retta *et al.* v. Millennium Products, Inc. *et al.*<br>Nina Pedro *et al.* v. Millennium Products, Inc. *et al.* | | |

Class Member awards will be distributed in the form of either cash payments or product vouchers to all Class Members who submit a timely and valid claim form. *Id.* ¶ 45. Claimants who do not have proof of purchase may receive a $3.50 cash award for each Subject Product purchased during the Class Period, for a maximum of ten claims amounting to $35.00 in cash. *Id.* ¶ 45(a). Those who claim more than $35.00 in cash awards must submit proof of purchase during the Class Period, and may receive a cash award of up to $60.00 based on the retail value of the product as shown in the proof of purchase. *Id.* The Settlement Agreement defines "proof of purchase" as "receipts, Millennium packaging, or other documentation from a third-party commercial source reasonably establishing the purchase." *Id.* ¶ 26. Alternatively, Class Members may opt to receive a product voucher, redeemable for a free Millennium product at retail stores. *Id.* ¶ 45(b). Those without proof of purchase may receive up to $35.00 in product vouchers. Each voucher is assigned a value of $3.50 though the value may be higher or lower based on the retail price at the point of sale. *Id.* With proof of purchase, Class Members may receive up to $60.00 in product vouchers based on the retail value of the product as shown in the proof of purchase. *Id.* The vouchers have no expiration date, are freely transferable, and may be redeemed at any retailer that sells the Subject Products. *Id.* In the event that the aggregate value of cash awards and vouchers exceeds the amount available to be distributed to claimants, then the monetary value of the awards will be reduced on a pro rata basis. *Id.* ¶ 46.

In addition to monetary relief, the Settlement Agreement provides for injunctive relief whereby Millennium agrees to the following:

- Cease ordering and printing labels with the term "antioxidant;"

- Add a warning label that "the products contain naturally occurring alcohol and should not be consumed by individuals seeking to avoid alcohol due to pregnancy, allergies, sensitivities or religious beliefs;"

- Add a warning label that "Contents are under pressure. Failure to refrigerate may increase pressure, causing product to leak or gush;"

- Conduct regular sample testing using third-party laboratories to (1) ensure compliance with federal and state labeling standards and (2) ensure the accuracy of the sugar content representation on the label;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV15-1801 PSG AJWx <br> CV16-3780 PSG AJWx | Date | August 22, 2017 |
|----------|---------------------------------------------|------|-----------------|
| Title | Jonathan Retta *et al.* v. Millennium Products, Inc. *et al.* <br> Nina Pedro *et al.* v. Millennium Products, Inc. *et al.* | | |

- Promise to adopt any new industry wide methodology for testing the alcohol content of kombucha, should one be developed.

*Settlement Agreement* ¶ 47.[1]

     Regarding attorneys' fees and costs, the Settlement Agreement authorizes Plaintiffs' counsel ("Class Counsel") to make an application to the Court for an award of fees, costs, and expenses, and that no agreement exists between the parties as to any amount. *Retta Fees Mot.* 3. Additionally, Class Counsel will apply for approval of incentive payments to the Retta and Pedro Plaintiffs in the amount of $2,000 each. *Id.*

     B.     <u>Preliminary Approval and Class Certification for Settlement Purposes</u>

     The Court granted preliminary approval of the Settlement Agreement and its terms, as well as the proposed Notice of Class Action Settlement ("Class Notice"), on January 21, 2017. *See* Dkt. # 115, *Order Granting Preliminary Approval* ("Preliminary Approval Order"). In its Order granting preliminary approval, the Court certified, for settlement purposes only, a Rule 23(b)(1) class of:

> "[A]ll persons in the United States and the United States Territories who purchased at retail one or more of the Subject Products [from March 11, 2011 up to and including the Notice Date.]"

*Settlement Agreement* ¶ II.7.

     C.     <u>Notice to Putative Class Members</u>

     After the Court granted preliminary approval, the Settlement Administrator, Angeion Group, LLC ("Angeion"), mailed the Class Notice via electronic mail to 486 email addresses on February 26, 2017. Dkt. # 117, *Declaration of Steven Weisbrot, Esq.* ("Weisbrot Decl.") ¶ 5. On February 27, 2017, Angeion launched the internet banner notice. *Id.* ¶ 6. The banner ran for 8 weeks and served a total of 12,836,997 impressions.

---

[1] The provision to add a warning label concerning pressure that may cause the product to leak or gush was added to address the Pedro Plaintiffs' remaining claim. *See* Dkt. # 132 at 7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV15-1801 PSG AJWx CV16-3780 PSG AJWx | Date | August 22, 2017 |
|----------|------------------------------------------|------|-----------------|
| Title | Jonathan Retta *et al.* v. Millennium Products, Inc. *et al.* Nina Pedro *et al.* v. Millennium Products, Inc. *et al.* | | |

*Id.* The banner also contained a link to the settlement website, www.millennium-settlement.com. *Id.* In addition, Facebook was utilized to deliver a total of 2,707,658 impressions. *Id.* ¶ 7. Finally, on February 27, 2017, a half-page ad showing the Summary Notice was published in the California regional edition of USA Today. *Id.* ¶ 8. Three subsequent ads were published in the following three weeks. *Id.* Angeion estimates that the notice program "delivered an approximate 87% reach." *Id.* ¶ 9.

  D.  <u>Putative Class Members' Responses</u>

  Class Members had until May 30, 2017 to submit a claim form. *Id.* ¶ 14. As of June 15, 2017, Angeion estimates that it has received roughly 173,000 timely and valid Claim Form submissions. *Id.* Angeion projects that "Class Members will receive a 10 percent pro rata diminishment of their submitted claims to account for the high amount of claims and expenses, such that the entire $8.25 million fund will be exhausted." *Id.* ¶ 16. Plaintiffs contend that while the settlement is "technically a 'claims-made' deal, the Settlement is now more analogous to a true 'common fund,' as not one dollar of the $8.25 million will revert to Defendants." *Retta Fees Mot.* 1.

  Plaintiffs now seek final approval of the Settlement Agreement, as well as attorneys' fees, costs and case contribution awards. *See generally Mot.; Retta Fees Mot.*

II.  <u>Discussion</u>

  A.  <u>Final Approval</u>

    i.  *Legal Standard*

  A court may finally approve a class action settlement "only after a hearing and on finding that the settlement . . . is fair, reasonable and adequate." Fed. R. Civ. P. 23(e)(2). In determining whether a settlement is fair, reasonable, and adequate, the district court must "balance a number of factors: the strength of the plaintiffs' case; the risk, expense, complexity and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of proceedings; the experience and views of counsel; the presence of a government participant; and the reaction of the class members to the proposed settlement." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998); *see also Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV15-1801 PSG AJWx<br>CV16-3780 PSG AJWx | Date | August 22, 2017 |
|----------|------------------------------------------|------|-----------------|
| Title | Jonathan Retta *et al.* v. Millennium Products, Inc. *et al.*<br>Nina Pedro *et al.* v. Millennium Products, Inc. *et al.* | | |

2003); *Officers for Justice v. Civil Serv. Comm'n of S.F.*, 688 F.2d 615, 625 (9th Cir. 1982) (noting that the list of factors is "by no means an exhaustive list").

The district court must approve or reject the settlement as a whole. *See Hanlon*, 150 F.3d at 1026 ("It is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness."). *Id.* The district court may not delete, modify, or rewrite particular provisions of the settlement. *Id.* The district court is cognizant that the settlement "is the offspring of compromise; the question . . . is not whether the final product could be prettier smarter or snazzier, but whether it is fair, adequate and free from collusion." *Id.* The Ninth Circuit had noted that "there is a strong judicial policy that favors settlements, particularly where complex class action litigation is concerned." *In re Synocor ERISA Litig.*, 516 F.3d 1095, 1011 (9th Cir. 2008).

      ii.    *Discussion*

          a.    *Strength of Plaintiffs' Case*

"An important consideration in judging the reasonableness of a settlement is the strength of plaintiffs' case on the merits balanced against the amount offered in the settlement." *See Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 488 (C.D. Cal. 2010) (internal quotation marks omitted). This factor is generally satisfied when plaintiffs must overcome barriers to make their case. *Chun–Hoon v. McKee Foods Corp.*, 716 F. Supp. 2d 848, 851 (N.D. Cal. 2010).

Plaintiffs believe the settlement is an "outstanding result considering the issues" faced by plaintiffs in false or misleading advertising cases. *Mot.* 11. In such cases concerning beverages or foods, plaintiffs are typically foreclosed from full-refund theories of damages at class certification. *Mot.* 11. *See, e.g. In re POM Wonderful LLC*, No. ML 10-02199-DDP (RZx), 2014 WL 1225184, at *2-3 (C.D. Cal. Mar. 25, 2014) (explaining that a full refund damages model is unavailable where the beverage at issue provided class members with benefits in the form of calories, hydration, vitamins, and minerals). Here, due to the presence of multiple vitamins, enzymes, and probiotics in the Subject Products that provide hydration and calories to consumers, Plaintiffs acknowledge that Defendants have strong arguments to oppose a full damage model for relief. *Id.* Although Plaintiffs believe that proving price premium damages would be possible, there is no guarantee that the ultimate price premium achieved would justify the risk of further litigation. *Id.* As to the alcohol and sugar claims, Plaintiffs acknowledge that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV15-1801 PSG AJWx <br> CV16-3780 PSG AJWx | Date | August 22, 2017 |
|---|---|---|---|
| Title | Jonathan Retta *et al.* v. Millennium Products, Inc. *et al.* <br> Nina Pedro *et al.* v. Millennium Products, Inc. *et al.* | | |

the Subject Products contain varying levels of alcohol and sugar due to the natural fermentation of the products. *Id.* at 12. This means that some class members potentially received non-alcoholic beverages below and above the 0.5% alcohol by volume threshold. *Id.* As to the alleged high amounts of sugar, Plaintiffs acknowledge they "would have to present a viable damages theory in the face of likely evidence that some Class Members were not injured at all, while others may have been depending on the time the Subject Products remained on the shelves." *Id.* at 12. These inconsistencies would present issues as to commonality and predominance at class certification. *Id.* As to Plaintiffs' claims concerning antioxidants, Plaintiffs acknowledge they face "a strong hurdle at . . . summary judgment to establish damages considering that some antioxidants (*e.g.*, catechins) are actually present in the Subject Products, just not the antioxidant 'nutrients' mandated by federal and state law." *Id.*; *See, e.g., Khasin v. R.C. Bigelow*, 2016 WL 4504500, at *3–*6 (N.D. Cal. Aug. 29, 2016) (granting summary judgment in favor of a defendant in antioxidant labeling case where it was undisputed that the tea beverage contained some antioxidants). Additionally, Defendants vigorously deny Plaintiffs' allegations and assert that neither Plaintiffs nor the Class Members suffered any injury. *Id.* at 13.

Given the above considerations, the Court agrees with Plaintiffs that this factor weighs in favor of approving the Settlement Agreement.

> b.    *Risk, Expense, Complexity, and Duration of Further Litigation*

In light of the "strong judicial policy that favor[s] settlements, particularly where complex class action litigation is concerned," *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1238 (9th Cir. 1998), the Court finds that this factor weighs in favor of approval of the Settlement. The parties have already engaged in two years of contentious litigation, and Plaintiffs assert that proceeding in the absence of settlement poses risks such as failure to certify a class, having summary judgment granted against Plaintiffs, or losing a trial. *Mot.* 16. Moreover, even if Plaintiffs prevailed at trial, the different damages theories and conflicting expert testimony could result in a substantially smaller recovery than achieved in this settlement. *Id.* Therefore, the risks, expense, and duration of continued litigation supports final approval of this settlement. *See Dyer v. Wells Fargo Bank, N.A.*, No. 13-cv-02858-JST, 2014 WL 5369395, at *3 (N.D. Cal. Oct. 22, 2014) ("This factor supports final approval of this settlement because, without a settlement, Plaintiffs would risk recovering nothing after a lengthy and costly litigation.").

> c.    *Risk of Maintaining Class Action Status Through Trial*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV15-1801 PSG AJWx CV16-3780 PSG AJWx | Date | August 22, 2017 |
|----------|---------------------------------------|------|-----------------|
| Title | Jonathan Retta *et al.* v. Millennium Products, Inc. *et al.* Nina Pedro *et al.* v. Millennium Products, Inc. *et al.* | | |

Although the Court has preliminarily certified the class, the certification was for settlement purposes only. *Preliminary Approval Order* 6. Under Federal Rule of Civil Procedure 23(c)(1)(C), an "order that grants or denies class certification may be altered or amended before the final judgment." Fed. R. Civ. P. 23(c)(1)(C). Because Defendants may vigorously contest class certification should this case proceed to trial, this factor favors final approval of the Settlement Agreement.

### d.    *Amount Offered in Settlement*

"[T]he very essence of a settlement is compromise, 'a yielding of absolutes and an abandoning of highest hopes.'" *Officers for Justice*, 688 F.2d at 624. The Ninth Circuit has explained that "it is the very uncertainty of outcome in litigation and avoidance of wasteful and expensive litigation that induce consensual settlements. The proposed settlement is not to be judged against a hypothetical or speculative measure of what might have been achieved by the negotiators." *Id*. at 625 (citations omitted). Rather, any analysis of a fair settlement amount must account for the risks of further litigation and trial, as well as expenses and delays associated with continued litigation.

The Court is satisfied that the ultimate settlement amount of $8.25 million is reasonable considering the circumstances of this case. The Court considered the parties' respective opinions regarding the value and merits of this case during the preliminary approval stage and continues to find that this amount is reasonable in light of the challenges described above. *See Preliminary Approval Order* 10–12; *Aarons v. BMW of N. Amer., LLC*, No. CV 11-7667 PSG (CWx), 2014 WL 4090564, at *11 (C.D. Cal. 2014) (noting that while settlements will not make most class members completely whole, class members will "discount their claims to obtain a certain and timely recovery, rather than bear the significant risk and delay associated with further litigation"). As noted in the preliminary approval order, Class Counsel estimates that the maximum recovery at trial could amount to $38 million. *See Preliminary approval Order* 11. The settlement amount therefore represents approximately 21 percent of the estimated potential recovery, which falls well within the range of possible approval. *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 456, 458 (9th Cir. 2000) (comparing a nearly $2 million gross settlement payment to a potential recovery figure of $12 million and finding that recovering "roughly one-sixth of the potential recovery" was fair and adequate under the circumstances of the case); *Glass v. UBS Fin. Servs.*, No. C-06- 4068 MMC, 2007 WL 221862, at *4 (N.D. Cal. Jan. 26, 2007) (approving a settlement amount that constituted approximately 25 percent of the amount plaintiffs might have proved at trial).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV15-1801 PSG AJWx<br>CV16-3780 PSG AJWx | Date | August 22, 2017 |
| --- | --- | --- | --- |
| Title | Jonathan Retta *et al.* v. Millennium Products, Inc. *et al.*<br>Nina Pedro *et al.* v. Millennium Products, Inc. *et al.* | | |

Therefore, in light the results achieved and the uncertainties associated with litigating this case through trial, the Court finds that this factor too counsels in favor of approving the settlement.

### e. The Extent of Discovery and the Stage of the Proceedings

This factor requires the Court to gauge whether Plaintiffs have sufficient information to make an informed decision about the merits of their case. *See Dunleavy*, 213 F.3d at 459. The more discovery that has been completed, the more likely it is that the parties have "a clear view of the strengths and weaknesses of their cases." *Young v. Polo Retail, LLC*, C 02-4546 VRW, 2007 WL 951821, at *4 (N.D. Cal. Mar. 28, 2007) (internal quotation marks and citations omitted).

Here, the parties met and conferred frequently concerning various discovery requests and in response, Millennium produced thousands of pages of documents, including test results and sales information relating to the Subject Products. *Mot.* 10. Plaintiffs also provided Millennium with their own test results, consumer surveys, and other materials obtained through their own research and investigation. *Id.* Each party, through respective counsel, conducted a thorough examination and evaluation of the relevant law, facts and allegations in order to assess the merits of Plaintiffs' case, including an investigation into the facts and law concerning (1) label design and product formulation; (2) marketing and advertising of products; (3) sales, pricing, and financial data, and (4) the sufficiency of the claims and suitability for class certification. *Id.*

Given these considerations, the Court is persuaded that Class Counsel did not negotiate the Settlement Agreement in a vacuum, but were able to fully consider the strengths and weaknesses of Plaintiffs' claims. Accordingly, this factor weighs in favor of granting final approval.

### f. The Experience and Views of Class Counsel

The recommendations of Plaintiffs' counsel are given a presumption of reasonableness. *See, e.g.*, *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008) (citation omitted). "Parties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in litigation." *In re Pac. Enter. Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995).

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV15-1801 PSG AJWx <br> CV16-3780 PSG AJWx | Date | August 22, 2017 |
|---|---|---|---|
| Title | Jonathan Retta *et al.* v. Millennium Products, Inc. *et al.* <br> Nina Pedro *et al.* v. Millennium Products, Inc. *et al.* | | |

Here, Class Counsel submits that they find the settlement "provides exceptional results for the class while sparing the class from the uncertainties of continued and protracted litigation." *Mot.* 18. Plaintiffs' counsel has extensive experience in consumer class action litigation, and after reviewing the declarations submitted in support of this motion, the Court sees no reason to rebut the presumption that Class Counsel's recommendation should be regarded as reasonable. *See* Dkt. # 118-2, *Declaration of L. Timothy Fisher* ("Fisher Decl."), Ex. 1. This factor thus weighs in favor of final approval.

> g.     *The Presence of a Government Participant*

This factor is neutral because there is no government entity participating in the case.

> h.     *Reaction of the Class Members to the Proposed Settlement*

In evaluating the fairness, adequacy, and reasonableness of settlement, courts also consider the reaction of the class to the settlement. *Molski v. Gleich*, 318 F.3d 937, 953 (9th Cir. 2003). "It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class action settlement are favorable to the class members." *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 528–29 (C.D. Cal. 2004); *see also Arnold v. Fitflop USA, LLC*, CV 11-0973 W (KSCx), 2014 WL 1670133, at *8 (S.D. Cal. Apr. 28, 2014) (concluding that the reaction to the settlement "presents the most compelling argument favoring settlement").

Here, 173,000 Class Members have submitted valid and timely claim forms, and only three individuals opted out. *Mot.* 1; *Weisbrot Decl.* ¶ 14. This positive response is an indicator that the vast majority of the Class Members find the settlement to be fair, reasonable, and adequate. *See Hanlon*, 150 F.3d at 1027 ("[T]he fact that the overwhelming majority of the class willingly approved the offer and stayed in the class presents at least some objective positive commentary as to its fairness."). However, four purported class members have filed objections to the settlement agreement: Patrick Sweeney, Justin Ference, Nathanial Oseep, and Sarah Samet. *See* Dkt. # 135-1 *Declaration of Yeremey Krivoshey* ("Krivoshey Decl."), Exs. 1 ("Sweeney Obj."), 2 ("Ference Obj."), 3 ("Oseep Obj."), and 4 ("Samet Obj."); Dkt. # 123, *Objection to Proposed Class Action Settlement* ("Ference Opp."). Plaintiffs and Defendant have filed responses to the objections. *See* Dkt. # 135, *Plaintiffs' Response to Objections to Settlement* ("Plaintiffs Resp."); *see also* Dkt. # 136, *Millennium Products, Inc.'s Responses to Objections to Stipulation of Class Action Settlement* ("Millennium Resp.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV15-1801 PSG AJWx | Date | August 22, 2017 |
|---|---|---|---|
| | CV16-3780 PSG AJWx | | |

| Title | Jonathan Retta *et al.* v. Millennium Products, Inc. *et al.* |
|---|---|
| | Nina Pedro *et al.* v. Millennium Products, Inc. *et al.* |

Two preliminary observations are important.  First, the objectors are few in number.  *See Hanlon*, 150 F.3d at 1027.  Against the nation-wide distribution of the notice, the settlement prompted only four objections.  That is a miniscule percentage of the participating class. *Churchill Vill., LLC v. Gen Elec.*, 361 F.3d 566, 577 (9th Cir. 2004) (affirming district court's approval of settlement agreement where, out of 90,000 notified class members, there were 500 opt-outs and 45 objectors).  Second, the parties have shown that at least two of the objectors, Sweeney and Ference, are serial objectors.  *See Krivoshem Decl.*, Exs. 5–17.  Sweeney has objected in at least nine other class actions and filed identical objections as those raised here. *See id.*, Exs. 5–14: *see Chambers v. Whirlpool Corp.*, 214. F. Supp. 3d 877, 890 (C.D. Cal. 2016) (noting that Sweeney is a "serial" objector "well-known for routinely filing meritless objections to class action settlements for the improper purpose of extracting a fee rather than to benefit the Class.").  Ference appears to be part of a family of professional objectors. *See id.* Exs. 15 (objections of Brittany Ference in *Hendricks v. Starkist Co.*), 17 (objections of David Jay Ference in *Volz v. Coca-Cola Co.*); *Millennium Resp.* 1; *see also Bezdek v. Vibram USA, Inc.*, 79 F. Supp. 3d 324, 335 (D. Mass. 2015) (overruling objections of Justin Ference in case involving Five Fingers Footwear).  Courts in the Ninth Circuit have routinely discounted objections from such "professional" objectors.  *See In re NVIDIA GPU Litig.*, 539 F. App'x 822 (9th Cir. 2013); *Howertown v. Cargill, Inc.*, 13-446 LEK (BMKx), 2014 WL 6976041, at *3 (D. Haw. Dec. 8, 2014).

With these observations in mind, the Court turns to the content of the objections.

*i.      Sweeney*

Sweeney takes issue with Class Counsel's attorneys' fees request, arguing that the requested award is excessive or undeserved.  *See Sweeny Obj.*  The Court overrules this objection.  Having reviewed Class Counsel's request for attorneys' fees and expenses, the Court finds Class Counsel's request for 25 percent of the gross settlement amount reasonable in light of the duration, complexity, and results achieved in this case, as discussed in further detail below.  Moreover, courts in the Ninth Circuit routinely approve attorneys' fees awards in excess of the 25 percent of the common fund.  *See, e.g.*, *Weeks v. Kellogg Co.*, CV 09-8102 MMM (RZx), 2013 WL 6531177, at *30 (C.D. Cal. Nov. 23, 2013) (awarding attorneys' fees of 30% in class action that resulted in recovery of $2.5 million settlement); *Singer v. Becton Dickinson and Co.*, CV 08-821 IEG (BLM), 2010 WL 2196104, *8 (S.D.Cal. June 1, 2010) (approving an attorneys' fees award of 33.33% of a common fund, and noting "the request for attorneys' fees in the amount of 33.33% of the common fund falls within the typical range of 20% to 50% awarded

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV15-1801 PSG AJWx<br>CV16-3780 PSG AJWx | Date | August 22, 2017 |
|----------|-------------------------------------------|------|-----------------|
| Title | Jonathan Retta *et al.* v. Millennium Products, Inc. *et al.*<br>Nina Pedro *et al.* v. Millennium Products, Inc. *et al.* | | |

in similar cases."). Therefore, this objection does not render the settlement unfair or unreasonable.

Sweeney also objects that the Settlement Agreement fails to provide for future oversight, accountability and reporting over the distribution process. *See Sweeny Obj.* This objection is without merit because the Court, by virtue of this Order, retains jurisdiction over the settlement and all matters relating to the litigation. This process ensures that the Court will have adequate oversight of the distribution process. Sweeney's objections are overruled.

### ii. Ference

Ference argues that a guardian ad litem must be appointed for the minor class members in this case. *See Ference Obj.* This argument also lacks merit. Although consumer class actions involving foods and beverages often involve products consumed by children, such cases are routinely settled in the Ninth Circuit without the appointment of a guardian ad litem. *See. e.g.*, *Pappas v. Naked Juice of Glendora, Inc.*, 2014 WL 12382279, at *1 (C.D. Cal. Jan. 2, 2014) (granting final approval of class action settlement involving alleged artificial ingredients in juice); *Larsen v. Trader Joe's Co.*, 2014 WL 3404531, at *1 (N.D. Cal. Jul. 11, 2014) (same as to class action involving alleged artificial ingredients in cookies, candy, and baked goods). In *Robidoux v. Rosengren*, the Ninth Circuit noted that although a district court had a duty to safeguard the interests of minors, that duty required only that a court determine whether the net amount distributed to each minor in the proposed settlement is fair and reasonable. 638 F.3d 1177, 1179 (9th Cir. 2011). Here, all class members, including minors, stand to receive their fair share of the settlement and the injunctive relief will adequately ensure that consumers are informed about the alcohol content in the Subject Products. *See Millennium Resp.* 2.

Ference also objects to the scope of the release, asserting it is overbroad for including third-party retailers from which Class Members purchased the Subject Products. *Ference Obj.* 5–7. Again, this argument is meritless because the purpose of the settlement is to prevent duplicative litigation of identical claims. *Bezdek*, 79 F. Supp. 3d at 348-49 ("[I]n order to achieve a comprehensive settlement that would prevent re-litigation of settled questions at the core of a class action, a court may permit the release of a claim based on the identical factual predicate as that underlying the claims in the settled class action even though the claim was not presented and might not have been presentable in the class action."). Millennium is a manufacturer that sells its products through various retailers, so any claims Ference purports to have against third-party retailers of the Subject Products are going to be based on the same false

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV15-1801 PSG AJWx | Date | August 22, 2017 |
|---|---|---|---|
|  | CV16-3780 PSG AJWx |  |  |

| Title | Jonathan Retta *et al.* v. Millennium Products, Inc. *et al.* |
|---|---|
|  | Nina Pedro *et al.* v. Millennium Products, Inc. *et al.* |

or misleading labeling allegations asserted here. *See Millennium Resp*. 3–4. This objection is overruled. Likewise, Ference's objection that the Settlement Agreement waives claims brought by or on behalf of state or federal agencies is both incorrect and indicative of Ference's boilerplate attack. *See Ference Obj*. 7. The Settlement Agreement expressly excludes such a waiver. *See Settlement Agreement* ¶ 13.

### iii.    Oseep

Oseep objects to the fairness of the settlement amount because in New York, "a claim for deceptive acts and practices provides for $50 per claim or actual damages whichever is greater or $1,000 per claim if the acts are intentional." *See Oseep Obj*. Arguing that Class Members could have done better elsewhere is not a valid basis for finding a settlement unfair. This is the nature of settlement. Here, Defendants deny any liability, but will nonetheless pay millions of dollars to Class Members. In turn, the Class Members will discount their claims to obtain a certain and timely recovery, rather than bear the significant risk and delay associated with further litigation.

Oseep also objects to the "failure to involve the New York Attorney General." *See id*. This, however, is also incorrect as Angeion sent notice of the settlement on November 28, 2016, to the attorneys general of all states and territories, pursuant to 28 U.S.C. § 1715(b). *See* Dkt. # 117-2 ¶ 4. Oseep's objections are thus overruled.

### iv.    Samet

Finally, objector Samet is a plaintiff in a separate state court action, *Samet v. Millennium Products, Inc*., Case No. 1-15-CV-286908, filed on October 15, 2015, where she alleges false and misleading advertising with respect to the sugar content in Millennium's Subject Products. *See Samet Obj*. 2. Samet's principle objection is that the Settlement Agreement has an overbroad release of claims that would affect her rights and the rights of her putative class. Specifically, Samet alleges that the gravamen of her complaint is that Defendant fails to list "sugar" as an added ingredient on its products' labels, even though sugar is added. *See id*.; Dkt. # 135-1, *Samet's First Amended Complaint* ("Samet FAC"). Because this allegation is not contemplated by the Retta Plaintiffs' and not addressed in the settlement, a release of claims that encompasses all mislabeling of the Subject Products is unfair. *See Samet Obj*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV15-1801 PSG AJWx | Date | August 22, 2017 |
|---|---|---|---|
| | CV16-3780 PSG AJWx | | |

| Title | Jonathan Retta *et al.* v. Millennium Products, Inc. *et al.* |
|---|---|
| | Nina Pedro *et al.* v. Millennium Products, Inc. *et al.* |

Samet's FAC, filed on January 22, 2016, contains the exact allegation as the *Retta* complaint, namely, that the labels understated the amount of sugar in the Subject Products. *Compare FAC* ¶ 3 ("Millennium greatly understates the sugar content of GT's Kombucha Beverages on the products' labels.") *with Samet FAC* ¶ 1 ("Millennium significantly and systematically understates the amount of sugars in its Kombuchas."). Samet also alleges that "Millennium fails to list any type of sugar on the ingredient lists of its Kombuchas, thereby falsely suggesting that the products contain no added sugar." *Samet FAC* ¶ 1. Accordingly, Samet alleges that Defendant mislabels its products because, "[u]pon information and belief, kombucha cannot be made without some type of sugar, meaning sugar is necessarily an ingredient in Defendant's products." *Id.* ¶ 19. Samet contends that the settlement will allow Millennium to continue to omit sugar as an added ingredient and thus continue a "mislabeling practice" for which she seeks redress in her own case. *Samet Obj.*

Defendants point out that this objection is moot because, since Samet filed her complaint, Millennium no longer uses even a small amount of sugar during the fermentation process and has changed its labeling practices. *Millennium Resp.* 9, 11–12; Dkt. # 136-1, *Declaration of GT Dave* ¶ 5–6. Furthermore, Plaintiffs note that the merits of the "added" sugar claims were considered by the *Retta* parties during settlement negotiations. *Plaintiffs' Resp.* 12; *Krivoshey Decl.* ¶ 13. Samet was also aware of this, and stipulated to stay her case in light of the first proposed settlement in *Retta. See Krivoshey Decl.*, Ex. 19. Now, however, after choosing to stay in the class, rather than opt out to pursue her own claims, Samet asserts that the Settlement Agreement will release her "added sugar" claim "with no consideration." *Samet Obj.* 3. This is belied by the Settlement Agreement itself. First, the Notice to the Class Members expressly states that Plaintiffs brought this lawsuit against Defendant for, *inter alia*:

"(iii) understating the sugar content of the Subject Products on the labels of the Subject Products or *failing to include added sugar as a listed ingredient despite the fact that the Subject Products allegedly contain sugar as an added ingredient*."

Dkt. 77-2, Ex. E 9, *Long Form Notice*, p.4 (emphasis added). Second, Class Members, including Samet and her putative class, will all benefit from the $8.25 million settlement and extensive injunctive relief. That Plaintiffs' complaint does not directly allege claims of "added sugar," as Samet vehemently points out, is irrelevant. *See Samet Obj.* 3. "The Ninth Circuit has explained that class settlements that include a broad release of claims are permissible, and that the scope of released claims may exceed those actually brought in the underlying action, and may even exceed the scope of claims that could have been brought in a lawsuit." *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 2011 WL 13152270, at *6 (N.D. Cal. Aug. 24, 2011) (citing *Hesse v.*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV15-1801 PSG AJWx | Date | August 22, 2017 |
|---|---|---|---|
| | CV16-3780 PSG AJWx | | |
| Title | Jonathan Retta *et al.* v. Millennium Products, Inc. *et al.* | | |
| | Nina Pedro *et al.* v. Millennium Products, Inc. *et al.* | | |

*Sprint Corp.*, 598 F.3d 581 (9th Cir. 2010)). Accordingly, the Court is not persuaded by Samet's objections.

In conclusion, after considering all of the objections and the provisions of the settlement, the Court is persuaded that this factor weighs in favor of approval of the settlement. The objections to the settlement are overruled.

#### i.    Conclusion

Having reviewed the relevant factors and found that none counsel against approval of final settlement, the Court GRANTS Plaintiffs' motion for final approval of the class action settlement.

#### B.    Class Counsel's Motion for Attorneys' Fees, Costs and Case Contribution Awards

Plaintiffs request that the following be disbursed from the GSA: (1) $2,062,500 in attorneys' fees, which constitutes 25 percent of the settlement fund, (2) reimbursement for litigation costs and expenses in the amount of $18,121.16, and (3) a $2,000 incentive award for each of the class representatives ($6,000 total). *See Retta Fees Mot.* 21.

#### i.    Legal Standard

Awards of attorneys' fees in class action cases are governed by Federal Rule of Civil Procedure 23(h), which provides that after a class has been certified, the Court may award reasonable attorneys' fees and nontaxable costs. The Court "must carefully assess" the reasonableness of the fee award. *See Staton*, 327 F.3d at 963; *see also Browne v. Am. Honda Motor Co., Inc.*, No. CV 09-06750 MMM (DTBx), 2010 WL 9499073, at *3–5 (C.D. Cal. Oct. 5, 2010) (explaining that in a class action case, the court must scrutinize a request for fees when the defendant has agreed to not oppose a certain fee request as part of a settlement).

Where litigation leads to the creation of a common fund, courts can determine the reasonableness of a request for attorneys' fees using either the common fund method or the lodestar method. *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 944–45 (9th Cir. 2011) (finding that when a settlement establishes a common fund for the benefit of a class, courts may use either method to gauge the reasonableness of a fee request, but encouraging

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV15-1801 PSG AJWx<br>CV16-3780 PSG AJWx | Date | August 22, 2017 |
|---|---|---|---|
| Title | Jonathan Retta *et al.* v. Millennium Products, Inc. *et al.*<br>Nina Pedro *et al.* v. Millennium Products, Inc. *et al.* | | |

courts to employ a second method as a cross-check after choosing a primary method).  The Court will analyze Class Counsel's fee request under both theories.

     ii.    *Discussion*

     a.    *Percentage of the Common Fund*

Under the percentage-of-recovery method, courts typically calculate 25 percent of the fund as a "benchmark" for a reasonable fee award.  *See In re Bluetooth*, 654 F.3d at 942.  The percentage can range, however, and courts have awarded more than 25 percent of the fund as attorneys' fees when the court has found a higher award to be reasonable.  *See Singer v. Becton Dickinson & Co.*, CV 08-0821 IEG (BLMx), 2010 WL 2196104, at *8 (S.D. Cal. 2010) (finding an award of 33.3 percent of the common fund reasonable because class counsel took the case on a contingent basis and litigated for two years, courts routinely award between 20 to 50 percent of the total settlement amount, and no class member objected to the award); *Gardner v. GC Services, LP*, CV 10-997 IEG (CABx), 2012 WL 1119534, at *7 (S.D. Cal 2012) (finding that a departure from the 25 percent benchmark was reasonable where the results achieved were favorable, the risks of litigation were substantial, and the case was complex).

Here, Plaintiffs request that the Court approve an attorneys' fee award of $2,062,500, which amounts to 25 percent of the gross settlement amount.  *Retta Fees Mot.* 1.  In light of the risks and challenges involved in this litigation, the contingent nature of the fee, and the favorable results achieved for the class, Class Counsel's request for attorneys' fees in the amount of 25 percent of the common fund is reasonable.  *See, e.g.*, *Weeks v. Kellogg Co.*, CV 09-8102 MMM (RZx), 2013 WL 6531177, at *30 (C.D. Cal. Nov. 23, 2013) (awarding attorneys' fees of 30% in class action that resulted in recovery of $2.5 million settlement); *Singer v. Becton Dickinson and Co.*, CV 08-821 IEG (BLM), 2010 WL 2196104, *8 (S.D. Cal. June 1, 2010) (approving an attorneys' fees award of 33.33% of a common fund, and noting "the request for attorneys' fees in the amount of 33.33% of the common fund falls within the typical range of 20% to 50% awarded in similar cases").

     b.    *Lodestar Cross-Check*

To determine attorneys' fees under the lodestar method, a court must multiply the reasonable hours expended by a reasonable hourly rate.  *In re Washington Public Power Supply System Securities Litig.*, 19 F.3d 1291, 1294 n.2 (9th Cir. 1994).  The Court may then enhance

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV15-1801 PSG AJWx | Date | August 22, 2017 |
| | CV16-3780 PSG AJWx | | |

| Title | Jonathan Retta *et al.* v. Millennium Products, Inc. *et al.* |
| | Nina Pedro *et al.* v. Millennium Products, Inc. *et al.* |

the lodestar with a "multiplier," if necessary, to arrive at a reasonable fee. *Id.*; *see also Ketchum v. Moses,* 24 Cal. 4th 1122, 1132 (2001).

       *1.*      *Reasonable Rate*

      The reasonable hourly rate is the rate prevailing in the community for similar work. *See Gonzalez v. City of Maywood*, 729 F.3d 1196, 1200 (9th Cir. 2013) ("[T]he court must compute the fee award using an hourly rate that is based on the prevailing market rates in the relevant community.") (citations omitted); *Viveros v. Donahue*, CV 10-08593 MMM (Ex), 2013 WL 1224848, at *2 (C.D. Cal. 2013) ("The court determines a reasonable hourly rate by looking to the prevailing market rate in the community for comparable services."). The relevant community is the community in which the court sits. *See Schwarz v. Sec. of Health & Human Servs.*, 73 F.3d 895, 906 (9th Cir. 1995). If an applicant fails to meet its burden, the court may exercise its discretion to determine reasonable hourly rates based on its experience and knowledge of prevailing rates in the community. *See, e.g.*, *Viveros*, 2013 WL 1224848, at *2; *Ashendorf & Assocs. v. SMI-Hyundai Corp.*, CV 11-02398 ODW (PLAx), 2011 WL 3021533, at *3 (C.D. Cal. 2011); *Bademyan v. Receivable Mgmt. Servs. Corp.*, CV 08-00519 MMM (RZx), 2009 WL 605789, at *5 (C.D. Cal. 2009).

      Here, Plaintiffs are represented by counsel at two law firms: Bursor & Fisher P.A. ("Bursor & Fisher") and Lehrman Beverage Law, PLLC ("Lehrman PLLC"). Through the declaration of counsel, Bursor & Fisher asserts that the attorneys and legal staff who worked on this case had hourly rates ranging from $190 to $875. *See Fisher Decl., Ex. 2.* Lehrman PLLC, a boutique firm specializing in alcohol testing, compliance, and regulation, asserts that its attorneys and staff are entitled to an hourly rate between $190 and $395. Dkt. # 118-3, *Declaration of Robert C. Lehrman* ("lehrman Decl.") ¶ 13.

      The Court turns to the *2016 Real Rate Report: Lawyer Rates, Trends, and Analysis* ("Real Rate Report") as a useful guidepost to assess the reasonableness of these hourly rates in the Central District. *See Eksouzian v. Albanese*, CV 13-728 PSG (AJWx), at *4–5 (C.D. Cal. Oct. 23, 2015); *Carbajal v. Wells Fargo Bank, N.A.*, CV 14-7851 PSG (PLAx), at *5 (C.D. Cal. July 29, 2015). The Real Rate Report identifies attorney rates by location, experience, firm size, areas of expertise and industry, as well as specific practice areas and is based on actual legal billing, matter information, and paid and processed invoices from more than 80 companies. *See Hicks v. Toys 'R' Us-Delaware, Inc.*, No. CV 13-1302 DSF (JCGx), 2014 WL 4670896, at *1 (C.D. Cal. Sept. 2, 2014). Courts have found that the Real Rate Report is "a much better

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV15-1801 PSG AJWx<br>CV16-3780 PSG AJWx | Date | August 22, 2017 |
|----------|------------------------------------------|------|-----------------|
| Title | Jonathan Retta *et al.* v. Millennium Products, Inc. *et al.*<br>Nina Pedro *et al.* v. Millennium Products, Inc. *et al.* | | |

reflection of true market rates than self-reported rates in all practice areas." *Id.* at *1; *see also Tallman v. CPS Sec. (USA), Inc.*, 23 F. Supp. 3d 1249, 1258 (D. Nev. 2014) (considering the Real Rate Report); *G.B. ex rel. N.B. v. Tuxedo Union Free Sch. Dist.*, 894 F.Supp.2d 415, 433 (S.D.N.Y. 2012) (same).

The 2016 Real Rate Report offers a number of relevant data points for fees in the Central District. According to the report, lawyers engaged in consumer protection litigation are classified as "General Liability" attorneys. *Real Rate Report* at 236. The report states that the median rate for partners practicing general liability litigation law in Los Angeles is $332.50, while the median rate for similarly situated associates is $220.00. *Id.* at 130. The third quartile rate in this category is $573.00 for partners and $300.00 for associates. *Id.* The report further states that the median rate for partners generally in Los Angeles with 21 or more years of experience is $645, the median rate for partners with fewer than 21 years of experience is $540, and the median rate for associates with more than 7 years of experience is $423. *Id.* at 70, 75. All paralegals in Los Angeles earn a mean real rate of $227. *See id.* 196.

As to Lehrman PLLC, the Court finds that their requested hourly rates ranging from $190 and $395 fall within the acceptable range suggested by the Real Rate Report. As to Bursor & Fisher, the Court finds that their rates exceed the range suggested by the Real Rate Report. However, given the type of work performed and the experience of counsel in this case, the Court determines that these attorneys performed in the upper quartile of similarly situated attorneys, and so are entitled to fees closer to the top range of that suggested by the Real Rate Report. The Court therefore adjusts the attorneys' hourly rates as follows:

| Name | Experience Level | Requested Hourly Rate | Accepted Hourly Rate (2016 Real Rate Report) |
|------|-----------------|-----------------------|----------------------------------------------|
| **Bursor & Fisher** | | | |
| Scott A. Bursor, Esq. | Partner, 20 years | $875 | $650 |
| L. Timothy Fisher, Esq. | Partner, 20 years | $700 | $650 |
| Joseph I. Marchese, Esq. | Partner, 15 years | $700 | $600 |
| Joel D. Smith, Esq. | Partner, 11 years | $625 | $550 |
| Annick M. Persinger, Esq. | Associate, 7 years | $425 | $425 |
| Neal J. Deckant, Esq. | Associate, 6 years | $425 | $400 |
| Yeremey O. Krivoskey, Esq. | Associate, 4 years | $375 | $375 |
| Thomas A. Reyda, Esq. | Associate, 1 year | $250 | $250 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV15-1801 PSG AJWx<br>CV16-3780 PSG AJWx | Date | August 22, 2017 |
|---|---|---|---|
| Title | Jonathan Retta *et al.* v. Millennium Products, Inc. *et al.*<br>Nina Pedro *et al.* v. Millennium Products, Inc. *et al.* | | |

| Debbie L. Schroeder, Marsella C. Gilbert, Christine R. Patruno, Jared L. Hazlett | Litigation Support Specialists | $190 | $190 |
|---|---|---|---|
| **Lehrman PLLC** | | | |
| Robert Lehrman, Esq. | Partner, 20 years | $395 | $395 |
| Frank Knizner, Esq. | Associate | $195 | $195 |
| Jaycee J. Kim | Legal Assistant | $190 | $190 |

*See Fisher Decl.* Ex. 2; *Lehrman Decl.* ¶ 13; Dkt. # 140.

### 2.    *Reasonable Hours Expanded*

With regard to the hours expended, an attorney award should include compensation for all hours reasonably related to prosecuting the matter, but "hours that are excessive, redundant or otherwise unnecessary" should be excluded. *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012).

Here, the record demonstrates that Class Counsel spent 1,483.1 hours litigating this case.[1] *Fisher Decl.* ¶ 40, Ex. 2; *Lehrman Decl.* ¶ 13. These hours were spent developing the litigation strategy, editing briefs on dispositive motions, making court appearances, attending mediations, negotiating the settlement, and preparing the motions for preliminary approval. *Fisher Decl.* ¶ 40; *Retta Fees Mot.* 14. This was a novel case involving original work, formal and informal discovery, over a year of hard-fought litigation, several amended pleadings and motions to dismiss. *Retta Fees Mot.* 13–14. After reviewing the records submitted by Plaintiffs, the Court finds that 1,483.1 hours is reasonable. Based on the Court's adjustment of Class Counsel's hourly rates, the reasonable lodestar amount is $590,300.00. The Court adjusts the attorneys' fees request as follows:

| Attorney Name | Accepted Hourly Rate | Number of Hours Worked | Total Request |
|---|---|---|---|
| Scott A. Bursor | $650 | 1.4 | $910.00 |
| L. Timothy Fisher | $650 | 190.2 | $123,630.00 |
| Joseph I. Marchese | $600 | 0.2 | $120.00 |

---

[1] Bursor & Fisher expended 1112.1 hours in this case. *Fisher Decl.* ¶ 26. Lehrman Beverage Law, PLLC expanded 371 hours in this case. *Lehrman Decl.* ¶ 13. The total hours expanded on this case is therefore 1,483.1 hours. (1112.1+371).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV15-1801 PSG AJWx<br>CV16-3780 PSG AJWx | Date | August 22, 2017 |
|---|---|---|---|
| Title | Jonathan Retta *et al.* v. Millennium Products, Inc. *et al.*<br>Nina Pedro *et al.* v. Millennium Products, Inc. *et al.* | | |

| | | | |
|---|---|---|---|
| Joel D. Smith, Esq. | $550 | 4.6 | $2,530.00 |
| Annick M. Persinger | $425 | 13.8 | $5,865.00 |
| Neal J. Deckant | $400 | 1.2 | $480.00 |
| Yeremey O. Krivoskey | $375 | 772 | $289,500.00 |
| Thomas A. Reyda | $250 | 56.7 | $14,175.00 |
| Debbie L. Schroeder | $190 | 59.6 | $11,324.00 |
| Marsella C. Gilbert | $190 | 5.3 | $1,007.00 |
| Christine R. Patruno | $190 | 1.0 | $190.00 |
| Jared L. Hazlett | $190 | 6.1 | $1,159.00 |
| Robert Lehrman | $395 | 335.4 | $132,483.00 |
| Frank Knizner | $195 | 32.6 | $6,357.00 |
| Jaycee J. Kim | $190 | 3 | $570.00 |
| | | ***Revised Lodestar Amount*** | **$590,300.00** |

> ### 3. Multiplier

The lodestar amount in this case is $590,300.00. Class Counsel requests $2,062,500.00 in attorneys' fees. *See Fees Mot.* 1. The Court would therefore need to apply roughly a 3.5 multiplier to approve Class Counsel's requested fee award of $2,062,500.00, or 25 percent of the common fund. The Court finds that such a multiplier is appropriate here, where Class Counsel took this case on a contingent basis, faced vigorous opposition, engaged in more than a year of discovery and motion practice, and achieved results that represent a significant recovery for the Class. Moreover, the requested fee amount falls within the range of approval. *See Vizcaino*, 290 F.3d at 1043 (finding that multipliers tend to range from 1 to 3 and approving a 3.65 multiplier because litigation was protracted and counsel risked nonpayment); *Steiner v. Am. Broad. Co.*, 248 Fed. Appx. 780, 783 (9th Cir.2007) (affirming award with multiplier of 6.85); *Buccellato v. AT & T Operations, Inc*., No. CV 10-00463 LHK, 2011 WL 3348055, at *2 (N.D. Cal. June 30, 2011) (finding a 4.3 multiplier "reasonable in light of the time and labor required, the difficulty of the issues involved, the requisite legal skill and experience necessary, the excellent and quick results obtained for the Class, the contingent nature of the fee and risk of no payment, and the range of fees that are customary."); *Wershba v. Apple Computer, Inc.*, 91Cal. App. 4th 244, 255 (2001) ("Multipliers can range from 2 to 4 or even higher.").

Having assessed the reasonableness of the hourly rates, the hours worked, and the multiplier, the Court finds that the requested fee amount is reasonable under both the common fund and lodestar theories and therefore GRANTS Plaintiffs' motion for attorneys' fees.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV15-1801 PSG AJWx | Date | August 22, 2017 |
|---|---|---|---|
| | CV16-3780 PSG AJWx | | |

| Title | Jonathan Retta *et al.* v. Millennium Products, Inc. *et al.* |
|---|---|
| | Nina Pedro *et al.* v. Millennium Products, Inc. *et al.* |

c.      *Litigation Costs*

In addition to attorneys' fees, Class Counsel requests reimbursement of expenses incurred throughout litigation in the amount of $18,121.16. *Retta Fees Mot.* 18; *Fisher Decl.* ¶ 31. Attorneys are typically permitted "to recover their reasonable expenses that would typically be billed to paying clients in non-contingency matters." *In re Omnivision Tech.*, 559 F. Supp. at 1048. Here, Plaintiffs have provided the Court with a record of all costs incurred to date in this litigation. *Fisher Decl.*, Ex. 3. The Court is satisfied that these costs are reasonable, and therefore, the Court grants Plaintiffs' motion for costs in the amount of $18,121.16.

d.      *Incentive Award*

Finally, Plaintiffs request an incentive award of $2,000 to each class representative in the *Retta* action, for a total of $6,000. *Retta Fees Mot.* 19; *see Fisher Decl.* ¶ 43. "Incentive awards are fairly typical in class action cases." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958 (9th Cir. 2009) (citations omitted); *see In re Toys R Us-Delaware, Inc. Fair and Accurate Credit Transactions Act (FACTA) Litig.*, 295 F.R.D. 438, 470 (C.D. Cal. 2014). When considering requests for incentive awards, courts consider five principal factors:

> (1) the risk to the class representative in commencing suit, both financial and otherwise; (2) the notoriety and personal difficulties encountered by the class representative; (3) the amount of time and effort spent by the class representative; (4) the duration of the litigation; (5) the personal benefit (or lack thereof) enjoyed by the class representative as a result of the litigation.

*Van Vraken v. Atl. Richfield Co.*, 901 F.Supp. 294, 299 (N.D. Cal. 1995).

In its Order preliminarily approving the class action settlement, the Court raised concerns about the individual $2,000 amount of the service award given the estimated maximum award of $60.00 per class member. *See Preliminary Approval Order* 13. Ninth Circuit precedent has struck down excessively high awards that appear to over-compensate plaintiffs. *See Online DVD-Rental*, 779 F.3d at 947–48; *Preliminary Approval Order* 11. However, at the time of the preliminary approval, the Court did not have before it Plaintiffs' declarations in support of the incentive award. Dkt. # 118-4, *Declaration of Jonathan Retta* ("Retta Decl.") ¶¶ 3–10; Dkt. # 118-5, *Declaration of Kristen Schofield* ("Schofield Decl.") ¶¶ 3–10; Dkt. # 118-6, *Declaration of Jessica Manire* ("Manire Decl.") ¶¶ 3–10. Having reviewed all three declarations and the

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV15-1801 PSG AJWx<br>CV16-3780 PSG AJWx | Date | August 22, 2017 |
|---|---|---|---|
| Title | Jonathan Retta *et al.* v. Millennium Products, Inc. *et al.*<br>Nina Pedro *et al.* v. Millennium Products, Inc. *et al.* | | |

facts set out in the motion, the Court is no longer concerned that the requested incentive awards
are unreasonable.

First, without Plaintiffs' active role in bringing the issues to counsel's attention, this case
may not have existed at all.  Second, as noted in their declarations, Plaintiffs were active
throughout Class Counsel's prosecution of this case.  *See Retta Decl.* ¶¶ 5–8; *Schofield Decl.* ¶¶
5–8; *Manire Decl.* ¶¶ 5–8.  Within this capacity, Plaintiffs reviewed all six complaints filed in
this action, had regular meetings with Class Counsel to receive updates on the progress of the
case and discuss strategy, coordinated with Class Counsel to form responses to all discovery
requests, including responding to 38 requests for production and 24 interrogatories.  *Id.*; *Retta
Fees Mot.* 20.  Moreover, as a result of Plaintiffs initiating the case and their efforts throughout,
Class Members will receive financial benefits they otherwise would never have received.

Accordingly, the Court grants Plaintiffs' request for an incentive award.

C.     Pedro Counsel Motion for Attorneys' Fees, Costs and Case Contribution Awards

Counsel for the Pedro Plaintiffs ("Pedro Counsel") ask the Court to award them
attorneys' fees in the amount of $184,755 and costs in the amount of 32,611.90.  *See Pedro
Fees. Mot.* ii; Dkt. # 134 ("Fees Rep.") at 10.  The requested fee amount represents 2.7 percent
of the total $8.25 million settlement fund.  *See Fees Rep.* 10.

Class Counsel vehemently opposes Pedro Counsel's fee application, arguing that they
have provided no ascertainable benefit to the class that would entitle them to a recovery of fees
under the Settlement Agreement.  *See* Dkt. # 132 ("Fees Opp.").  Although the Court will engage
in a close examination of the hours expended by Pedro Counsel in pursuit of this case, the Court
does not agree that Pedro's Counsel should be definitively excluded from any fee recovery.
First, these cases were consolidated for purposes of settlement, pursuant to stipulation of the
parties.  The Settlement Agreement incorporates the Pedro Plaintiffs' claims and expressly
incorporates additional injunctive relief to address the full scope of the Pedro action.  The
Settlement Agreement provides in pertinent part:

After the Parties reached another settlement in principle as to all claims for monetary
relief set forth in Section IV(A) of this agreement, and all injunctive relief concerning
Plaintiffs' antioxidant, alcohol, and sugar labeling claims set forth in Section
IV(B)(a), (b), (c), (d), and (e) of this agreement, the Parties met and conferred with

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV15-1801 PSG AJWx<br>CV16-3780 PSG AJWx | | Date | August 22, 2017 |
|----------|------------------------------------------|---|------|------------------|
| Title | Jonathan Retta *et al.* v. Millennium Products, Inc. *et al.*<br>Nina Pedro *et al.* v. Millennium Products, Inc. *et al.* | | | |

opposing counsel in Pedro et al. v. Millennium Products, Inc., Case No. 16-cv-03780-PSG-AJW (C.D. Cal 2016). During these negotiations, the Parties stated their position that the claims asserted in Pedro are subsumed within the Retta matter, and Pedro plaintiffs stated their position that the Retta action, although addressing the bulk of their claims, did not address a remaining claim for injunctive relief with respect to their allegations that the bottles of Millennium's products leak, fizz, or spill due to potential pressure buildup. As a result of these negotiations, the Parties agreed that additional injunctive relief set out in Section IV(B)(f) of this agreement would be provided by the Retta settlement to address the Pedro plaintiffs' remaining claim. Before and during these settlement negotiations, the Parties had an arm's-length exchange of sufficient information to permit Plaintiffs and their counsel to evaluate the claims and potential defenses and to meaningfully conduct informed settlement discussions.

*Settlement Agreement* ¶ L.  The settlement also provides for incentive awards to the Pedro Plaintiffs in the amount of $2,000 each and contemplates a release of all claims that have or could have been asserted in the *Pedro* action.  *See* Dkt. # 103-3, Ex. E.  Although Pedro Counsel did not litigate, negotiate or mediate the Settlement Agreement, they pursued their clients' interests from filing their action in November of 2015 until consolidation one year later, at which point their claims got incorporated into the *Retta* settlement.  Moreover, on the same day that the Court granted the parties' joint stipulation to consolidate the cases, the parties submitted a Related Agreement pursuant to Fed. R. Civ. P.23(e)(3) which memorializes Defendants' agreement to include additional injunctive relief in the proposed settlement to address the concerns raised in the *Pedro* action.  Dkt. # 108-1 ¶¶ 4, 6.  Notably, the Related Agreement addresses in great detail the anticipated fee petition by Pedro Counsel and specifically provides that Pedro Counsel may make:

> "As a separate request, filed in the Retta action as part of the Retta settlement process, for an award of attorneys' fees and costs to be deducted from Millennium's maximum financial commitment of $8,250,000 under the terms of the Retta settlement."

*Id*. at ¶ 4(B).  Class Counsel's assertion that the Settlement Agreement does not contemplate a fee award to Pedro Counsel is therefore disingenuous in light of the provisions of the parties' Related Agreement.  *See e.g.*, *Fee Opp*. 15.  Furthermore, Pedro Counsel's request does not contemplate diminishing Class Counsel's own request for a fee award, it constitutes only 2.7

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV15-1801 PSG AJWx<br>CV16-3780 PSG AJWx | Date | August 22, 2017 |
|---|---|---|---|
| Title | Jonathan Retta *et al.* v. Millennium Products, Inc. *et al.*<br>Nina Pedro *et al.* v. Millennium Products, Inc. *et al.* | | |

percent of the total settlement fund, and Defendants do not oppose the application. *See* Dkt. # 131. Class Counsel's reliance on Judge Breyer's denial of non-class counsel's motions for attorneys' fees in *In re Volkswagen* is misplaced. *See In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*, MDL 2672 CRB (JSC), 2017 WL 1474312, at *1 (N.D. Cal. Apr. 24, 2017). There, the Court found that because Volkswagen "did not agree to pay the fees and costs at issue as part of the Settlement, and because Non-Class Counsel have not offered evidence that their services benefited the class as a whole," the Court denied non-class counsel's requests for fees and costs. *Id.* at *5. Unlike *Volkswagen*, the parties here, including Defendants, expressly provided for Pedro Counsel's attorneys' fee application and Pedro Counsel at the very least provided the class as whole with additional injunctive relief. *See Fees Opp.* 6–7.

The Court will therefore consider the motion, analyzing the requested fee award under the lodestar method.

> ### a.  *Lodestar Analysis*
>
> #### 1.  *Reasonable Rate*

In their Motion for Attorneys' Fees, Costs and Service Awards, Pedro Counsel is requesting a combined $184,755 in attorneys' fees. *Pedro Fees Mot.* 1.; *Fees Rep.* 10. The Arnold Law Firm is requesting $81,051 in attorneys' fees. Dkt. # 122-1, *Declaration of Joshua H. Watson* ("Watson Decl.") ¶ 6. Morgan & Morgan is requesting $84,240 in attorneys' fees. Dkt. # 122-9, *Declaration of John Yanchunis* ("Yanchunis Decl.") ¶ 16. Boucher, LLP is requesting $19,464 in attorneys' fees. Dkt. # 122-4, *Declaration of Shehnaz Bhujwala* ("Bhujwala Decl.") ¶ 7.

Pedro Counsel request the following rates for the Arnold Law Firm: $750 for Clayeo C. Arnold (42 years of experience), $450 for Joshua H. Watson (12 years of experience), and $350 for Gina A. Bowden (10 years of experience). *Watson Decl.* ¶ 9; Dkt. # 122-12 *Declaration of James P. Shratz* ("Shratz Decl.") ¶¶ 28–29. Counsel requests the following rates for Morgan & Morgan: $950 for John A. Yanchunis (37 years of experience), $750 for Marcio Valladares (24 years of experience), $450 for Patrick Barthle, and $150 for Emily Lockwood (paralegal). *Yanchunis Decl.* ¶¶ 16, 18–19; *Shratz Decl.* ¶ 32. Lastly, Counsel requests the following rates for the Boucher, LLP: $750 for Shehnaz M. Bhujwala (partner), $185 each for Christine Cramer (paralegal) and Sandra Haro (paralegal). *Bhujwala Decl.* ¶ 7.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV15-1801 PSG AJWx <br> CV16-3780 PSG AJWx | Date | August 22, 2017 |
|---|---|---|---|
| Title | Jonathan Retta *et al.* v. Millennium Products, Inc. *et al.* <br> Nina Pedro *et al.* v. Millennium Products, Inc. *et al.* | | |

Based on the 2016 Real Rate Report discussed above, the years of experience, skills and the type of work performed by Pedro's Counsel in this matter, the Court adjusts the attorneys' hourly rates as follows:

| Name | Experience Level | Requested Hourly Rate | Accepted Hourly Rate (2016 Real Rate Report) |
|---|---|---|---|
| **Arnold Law Firm** | | | |
| Clayeo C. Arnold, Esq. | 42 years | $750 | $750 |
| Joshua H. Watson, Esq. | 12 years | $450 | $450 |
| Gina A. Bowden, Esq. | 10 years | $350 | $350 |
| **Morgan & Morgan** | | | |
| John A. Yanchunis, Esq. | 37 years | $950 | $750 |
| Marcio Valladares, Esq. | 24 years | $750 | $700 |
| Patrick Barthle, Esq. | 5 years | $450 | $400 |
| Emily Lockwood | Paralegal | $150 | $150 |
| **Boucher, LLP** | | | |
| Shehnaz M. Bhujwala, Esq. | Partner | $750 | $650 |
| Christine Cramer | Paralegal | $185 | $185 |
| Sandra Haro | Paralegal | $185 | $185 |

*See Watson Decl.* ¶ 9; *Shratz Decl.* ¶¶ 28–29; *Yanchunis Decl.* ¶¶ 16; *Bhujwala Decl.* ¶ 7.

### 2. *Reasonable Hours Expended*

With regard to the hours expended, the record demonstrates that Pedro Counsel spent the following hours litigating this case: the Arnold Law Firm spent 187.2 hours, *Watson Decl.* ¶ 6, Morgan & Morgan spent 117.6 hours, *Yanchunis Decl.* ¶ 16, and Boucher, LLP spent 36.8 hours, *Bhujwala Decl.* ¶ 6, Ex. 3. According to the motion and accompanying declarations by counsel, these hours were spent investigating the Pedro Plaintiffs' claims, conducting research, developing litigation strategy, and filing critical motions. *Pedro Fees Mot.* 12; *see also* Dkts. ## 122-2, 122-7, 122-10.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV15-1801 PSG AJWx<br>CV16-3780 PSG AJWx | Date | August 22, 2017 |
|----------|------------------------------------------|------|-----------------|

| Title | Jonathan Retta *et al.* v. Millennium Products, Inc. *et al.*<br>Nina Pedro *et al.* v. Millennium Products, Inc. *et al.* |
|-------|---|

Class Counsel challenge these hours in their opposition, arguing, *inter alia*, that the time billed by Pedro Counsel includes work performed in a separate, individual personal-injury action and represents duplication of work and overstaffing.  *See Fees Opp*. 20–21.  In reply, Pedro Counsel explains that the Arnold Law Firm began investigating a class matter involving Millennium's Subject Product, exploring both the alcohol and carbonation issues several months before filing the *Pedro* action.  *Fees Rep*. 9; *see also Pedro Fees Mot*. 1–2.  Because reported hours can include a plaintiff's counsel's work in a previous case against the same defendant that benefit plaintiffs in an instant case, *see Perkins v. Am. Nat. Ins. Co*., No. CV 05-0100 (CDL), 2009 WL 111631 (M.D. Ga. Jan. 14, 2009), the Court does not take issue with this matter.

As to duplication of work and overstaffing, the Court is concerned that unnecessary expenses were incurred by Pedro Counsel in pursuing their litigation.  For example, Class Counsel aptly notes that three high-billing partners attended the Court's preliminary approval hearing on January 30, 2017 (two of whom traveled from Florida) merely to make an appearance on the record.  *Fees Opp*. 21; Dkt. # 132-1, *Declaration of Yeremey Krivoshey* ("Krivoshey Decl.") ¶ 16.  Class Counsel also attests that Pedro Counsel insisted on as many as four partners being present on meet and confer calls that were handled on Class Counsel's side by one associate.  *Krivoshey Decl*. ¶ 16.  This is confirmed, for example, by Pedro Counsel's records concerning a call with Class Counsel on September 8, 2016.  *See* Dkts. # 122-2; 122-10.  The Court is sufficiently persuaded by the few examples presented by Class Counsel that a reduction in the hours billed by Pedro's Counsel is warranted.  Accordingly, the Court reduces the combined total 341.6 hours reported by 20 percent to account for any potentially duplicative or unnecessary work.  Therefore, a total of 273.28 hours is a reasonable number in this case.

Based on the adjustment of Pedro Counsel's hourly rates and hours expended, the lodestar amount is $140,080.00.  The Court adjusts the attorneys' fees request as follows:

| Name | Accepted Hourly Rate | Number of Hours Worked Less 20% | Total Request |
|------|----------------------|----------------------------------|---------------|
| **Arnold Law Firm** | | 187.2 – 20% = **149.76** | $64,840.80 |
| Clayeo C. Arnold, Esq. | $750 | N/A | |
| Joshua H. Watson, Esq. | $450 | N/A | |
| Gina A. Bowden, Esq. | $350 | N/A | |
| **Morgan & Morgan** | | 117.6 – 20 % = **94.08** | |
| John A. Yanchunis, Esq. | $750 | 10.8 – 20% = 8.64 | $6,480.00 |
| Marcio Valladares, Esq. | $700 | 88.10 – 20% =70.48 | $49,336.00 |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV15-1801 PSG AJWx<br>CV16-3780 PSG AJWx | | Date | August 22, 2017 |
|---|---|---|---|---|
| Title | Jonathan Retta *et al.* v. Millennium Products, Inc. *et al.*<br>Nina Pedro *et al.* v. Millennium Products, Inc. *et al.* | | | |

| | | | |
|---|---|---|---|
| Patrick Barthle, Esq. | $400 | 17 – 20% =13.6 | $5,440.00 |
| Emily Lockwood | $150 | 1.7 – 20% =1.36 | $204.00 |
| **Boucher, LLP** | | 36.8 – 20 % = **29.44** | |
| Shehnaz M. Bhujwala, Esq. | $650 | 22.4 – 20% = 17.92 | $11,648.00 |
| Christine Cramer | $185 | 10.2 – 20% = 8.16 | $1,509.60 |
| Sandra Haro | $185 | 4.2 – 20 % = 3.36 | $621.60 |
| | | **Total: 273.28 hours** | **$140,080.00** |

> 3.      *Multiplier*

As noted above, the Court has discretion to apply a multiplier to the lodestar figure after considering certain factors specific to the case. *Ketchum*, 24 Cal. 4th at 1132, 1134 (considering "(1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award.").

Based on considerations of Pedro Counsel's involvement in this case, hours expended and contribution to the Settlement Agreement, the Court finds that a multiplier is not warranted. *See e.g.*, *Parkinson v. Hyundai Motor Am.*, 796 F. Supp. 2d 1160, 1176 (C.D. Cal. 2010); *Christie v. Lester*, No. CV 14-08993 RGK FFM, 2015 WL 13439821, at *3 (C.D. Cal. June 15, 2015).

Therefore, having assessed the reasonableness of the hourly rates and the hours worked, the Court GRANTS in part Pedro Counsel's motion for attorneys' fees and awards fees in the amount of $140,080.00.

> b.      *Litigation Costs*

In addition to attorneys' fees, Pedro Counsel request reimbursement of expenses incurred throughout litigation in the amount of $32,611.90. *Pedro Fees Mot*. ii; *Fees Rep*. 10. As noted above, attorneys are typically permitted "to recover their reasonable expenses that would typically be billed to paying clients in non-contingency matters." *In re Omnivision Tech*., 559 F. Supp. at 1048. Here, Pedro Counsel has provided the Court with a record of all costs incurred to date in the *Pedro* action. *See generally* Dkt. # 122. The Arnold Law Firm incurred a total of 18,951.36 in costs, Morgan & Morgan incurred $12,228.39 in costs, and Boucher, LLP incurred $1,432.15 in costs. *See Pedro Fees Mot*. ii.; *Fees Rep*. 10.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV15-1801 PSG AJWx<br>CV16-3780 PSG AJWx | Date | August 22, 2017 |
|---|---|---|---|
| Title | Jonathan Retta *et al.* v. Millennium Products, Inc. *et al.*<br>Nina Pedro *et al.* v. Millennium Products, Inc. *et al.* | | |

At the outset, the Court notes that the costs incurred by Pedro Counsel appear disproportionately high when compared to the costs incurred by Class Counsel, whose work and time spent on this case greatly exceed that of Pedro Counsel. However, a close examination of the declarations and exhibits submitted in support of Pedro Counsel's fee request reveals faulty calculations and frequent excessive and unexplained costs that account for the markedly high costs request.

First, there appears to be an error in the Arnold Law Firm's calculation of costs. *See* Dkt. # 122-3. The exhibit submitted in support of the fee request contains an itemized list of costs incurred, with a calculated total for each category of costs (*i.e.*, copies, court costs, research, etc.). *See id.* The final sum, however, is reached by adding each itemized cost in addition to the already calculated total for each category, resulting in double-counting the amount of costs incurred. *Id.* Based on the submitted exhibit, the total amount of costs incurred by the Arnold Law Firm is $9,475.68, and not $18,951.36, as follows:

| Category of Costs | Amount |
|---|---|
| Copies | $4.80 |
| Court & Client Outside Services | $904.40 |
| Court Costs | $400.00 |
| Expert Services | $3,959.95 |
| Expert Services – Plaintiff Expert | $250.00 |
| Investigation Services | $1,294.15 |
| Other Client Services | $518 |
| Postage | $812.76 |
| Research | $542.92 |
| Service of Process | $136.90 |
| Travel & Mileage | $651.80 |
| **TOTAL:** | **$9,475.68** |

*See id.*

Further, the Court notes that a significant portion of the costs was incurred by obtaining expert services. *Id.* In their motion, Pedro Plaintiffs explain that they engaged a bottling and failure analysis expert to test their claims on the issues of "excessive carbonation and pressure related safety," and therefore, "[s]ubstantial attorney time and costs were incurred" to that end. *See Pedro Fees. Mot.* 3. Because these issues were unique to the *Pedro* action, the Court is satisfied that these particular expert costs incurred by the Arnold Law Firm are reasonable. The

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV15-1801 PSG AJWx | Date | August 22, 2017 |
|---|---|---|---|
| | CV16-3780 PSG AJWx | | |
| Title | Jonathan Retta *et al.* v. Millennium Products, Inc. *et al.* | | |
| | Nina Pedro *et al.* v. Millennium Products, Inc. *et al.* | | |

Court is concerned however by additional itemized costs that not only appear excessive but are without explanation in the accompanying declaration.  *See* Dkt. # 122-3.  For example, the Arnold Law Firm provides no explanation for costs in the amount of $1,294.15 incurred for "investigation services," $518 incurred for "other client costs," or $812.76 incurred for "postage."  *See* Dkt. # 122-3.  Because the Court is not persuaded that these costs are reasonable, the Arnold Law Firm's award of costs is reduced by these amounts.  Therefore, the Court approves a final sum for costs incurred by the Arnold Law Firm in the amount of $6,850.77.[1]

As to Morgan & Morgan's request for costs in the amount of $12,228.39, the Court notes that $9,861.27 of that amount accounts for travel expenses.  *See* Dkt. # 122-11.  In light of the already mentioned concerns of redundant billing and staffing in this matter, the Court is not persuaded that such high travel costs are reasonable.  Accordingly, the Court will approve only 50 percent of the costs incurred for travel.  The final sum of costs approved for Morgan & Morgan is therefore $7,297.75.[2]

Lastly, the Court finds reasonable Boucher, LLP's costs in the amount of $1,432.15, which consist primarily of attorney service and filing fees.  *See* Dkt. # 122-6.

Based on the foregoing, the Court grants Pedro Plaintiffs' motion for costs in part, for the total amount of $15,580.67.

### c.    Incentive Awards

Finally, as above, Pedro Counsel request an incentive award of $2,000 each to Nina Pedro and Roseline Lewis, the class representatives in the *Pedro* action.  *Retta Fees Mot.* 19; *see Watson Decl.* ¶ 13.  Pedro Counsel attests that they both "put a significant amount of time and effort into this litigation," and that no relief would have been obtained but for their "willingness to serve" as representatives.  *Id.* ¶ 15.  Counsel further attests that Pedro Plaintiffs "have been diligent and acted as expected of a class representative throughout all stages of the litigation, up to and including this request for final approval of the class action settlement."  *Bhujwala Decl.* ¶ 22.  In their own declaration, Pedro Plaintiffs attest that they assisted counsel in the investigation of the case, and provided counsel with the information necessary to respond to discovery requests.  *See* Dkt. # 119-12.  Pedro Plaintiffs also understood the consequences of consolidating

---

[1] 9,475.68 – 1,294.15 – 518 – 812.76 = 6,850.77.
[2] 12,228.39 – (9,861.27/2) = 7,297.75.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV15-1801 PSG AJWx<br>CV16-3780 PSG AJWx | Date | August 22, 2017 |
|---|---|---|---|
| Title | Jonathan Retta *et al.* v. Millennium Products, Inc. *et al.*<br>Nina Pedro *et al.* v. Millennium Products, Inc. *et al.* | | |

their case with *Retta* and consented to resolve the matter for the injunctive relief provided in the settlement. *Id*.

While the Pedro Plaintiffs' involvement is not as extensive as that of the *Retta* representatives, the Court notes that they are the only two representatives in the *Pedro* action and without their role in bringing the issues to counsel's attention, their case may not have existed at all. An award compensating the Pedro Plaintiffs is therefore appropriate in this case; accordingly, the Court approves their request for an incentive award.

III.   Conclusion

For the reasons stated above, Plaintiffs' motions for final approval of class settlement, and for approval of attorneys' fees, expenses, and case contribution awards are GRANTED. Pedro Counsel's motion for attorneys' fees, costs and incentive awards is GRANTED. Accordingly, it is HEREBY ORDERED AS FOLLOWS:

1.   The Court approves settlement of the action between Plaintiffs and Defendants, as set forth in the Settlement Agreement as fair, reasonable, and adequate. The Parties are directed to perform their settlement in accordance with the terms set forth in the Settlement Agreement;

2.   Class Counsel is awarded $2,062,500 in attorneys' fees and $18,121.16 in costs. Additionally, Plaintiffs Jonathan Retta, Kristen Schofield, and Jessica Manire are awarded $2,000 each, for a total of $6,000. The Court finds that these amounts are warranted and reasonable for the reasons set forth in the moving papers before the Court and the reasons stated in this Order;

3.   Pedro Counsel is awarded $140,080 in attorneys' fees and $15,580.67 in costs. Plaintiffs Nina Pedro and Roseline Lewis are awarded $2,000 each, for a total of $4,000. The Court finds that these amounts are warranted and reasonable for the reasons set forth in the moving papers before the Court and the reasons stated in this Order;

4.   Angeion is authorized to disburse funds pursuant to the terms of the Settlement Agreement and this Order;

5.   Without affecting the finality of this judgment in any way, this Court hereby retains exclusive jurisdiction over Defendants and the Settlement Class Members for all matters relating

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV15-1801 PSG AJWx<br>CV16-3780 PSG AJWx | Date | August 22, 2017 |
|----------|------------------------------------------|------|-----------------|
| Title | Jonathan Retta *et al.* v. Millennium Products, Inc. *et al.*<br>Nina Pedro *et al.* v. Millennium Products, Inc. *et al.* | | |

to this litigation, including the administration, interpretation, effectuation, or enforcement of the
Settlement Agreement and this Order.

**IT IS SO ORDERED**.